IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Kelly Dawsey, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Bayerische Motoren Werke ) <br> Aktiengesellschaft and ) <br> BMW Manufacturing Co., LLC, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 7:22-cv-3738-TMC-KFM <br><br> **O R D E R** |

       This matter is before the court on the plaintiff's motion to compel responses and to strike objections (doc. 73). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

       The plaintiff filed an amended complaint on February 9, 2023, alleging claims against Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") and BMW Manufacturing Co., LLC ("BMW MC") for national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), race discrimination in violation of Title VII, race discrimination in violation of 42 U.S.C. § 1981, and sex discrimination in violation of Title VII (doc. 20). BMW AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with its principal place of business and corporate headquarters in Munich, Germany (doc. 42-3, Köpnick decl. ¶ 5). BMW MC is an indirect subsidiary of BMW AG that assembles certain models of BMW vehicles (doc. 42-2, McCraw decl. ¶¶ 5-6). The plaintiff, a white, United States citizen, was an employee at BMW MC from 1995 until she resigned in 2022 (doc. 20, am. compl. ¶¶ 39, 63). The plaintiff last served in a position known as TX-60, which is a department manager for HR planning (*id.*

¶¶ 39-40). However, in late 2021, the plaintiff was removed from the TX-60 position, and Eva Burgmeier ("Ms. Burgmeier"), a German, filled that role (*id.* ¶¶ 50-51).

The plaintiff served her first set of discovery on BMW AG on January 10, 2023, and her second set of discovery on May 22, 2023 (docs. 73-1; 73-2). BMW AG moved to stay discovery on February 19, 2023 (doc. 19), which this court denied on April 27, 2023 (doc. 54). On March 6, 2023, BMW AG filed a motion to dismiss based on a lack of personal jurisdiction (doc. 42). The plaintiff filed a motion to compel against BMW AG on May 16, 2023 (doc. 57). On June 21, 2023, the undersigned issued a report and recommendation recommending that BMW AG's motion to dismiss be denied, which is currently pending before the district court (doc. 65). Also, on June 26, 2023, the undersigned directed the plaintiff and BMW AG to confer in good faith in an effort to resolve the issues in the plaintiff's motion to compel in light of the undersigned's report and recommendation recommending that BMW AG not be dismissed from the case and to file a joint status report by July 12, 2023 (doc. 66). The parties filed a joint status report on July 12, 2023, and the plaintiff withdrew her motion to compel (doc. 70). However, the plaintiff filed another motion to compel responses and to strike objections, along with a request to expedite, against BMW AG on August 2, 2023 (doc. 73). The plaintiff noted that Christina Petrasch ("Ms. Petrasch"), who works in Germany, was scheduled to appear for her deposition on August 16, 2023 (doc. 73 at 3). Moreover, the plaintiff asserted that if the issues presented in her motion were not resolved before that time, there would likely be another dispute about reconvening her deposition (*id.*). The undersigned directed counsel for BMW AG to file its response to the plaintiff's motion to compel and provide its document production and supplemental responses by August 11, 2023. BMW AG filed a response to the motion to compel on August 11, 2023 (doc. 75). The plaintiff filed a reply on August 14, 2023, and submitted BMW AG's responses to her first and second requests for production and supplemental responses to her first interrogatories for in camera review based on BMW AG's confidentiality designations (doc. 76). Accordingly, this matter is now ripe for review.

**General Objections**

The plaintiff argues that BMW AG's general objections should be stricken and considered waived (docs. 73 at 3-7; 76 at 2-5). In BMW AG's supplemental responses to the plaintiff's first interrogatories and responses to the plaintiff's first and second requests for production, BMW AG asserts the following general objections:

> 1. BMW AG objects to the Interrogatories as improperly served for Plaintiff's failure to comply with the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.
>
> 2. BMW AG objects to the Interrogatories to the extent they fail to comport with the requirements for discovery upon a foreign party articulated by the Supreme Court in *Société Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522 (1987), including avoiding "unnecessary, or unduly burdensome, discovery" and abiding by principles of international comity, including identical interrogatories propounded on and answered by BMW Manufacturing Co., LLC ("BMW MC"). *See also Catalano v. BMW of N. Am., LLC*, No. 15-4889, 2016 WL 3406125, at *8 (S.D.N.Y. Jun. 16, 2016) ("Where the information sought is easily obtainable elsewhere, there is little reason to require a party to violate foreign law . . . [I]t appears that the sought discovery is more readily obtainable from BMW NA, which is a domestic defendant and is alleged to be responsible for those activities.").
>
> 3. BMW AG objects to the Interrogatories to the extent they seek communications (written or oral) that do not involve, or were not communicated to, BMW MC and thus are not relevant to the personnel decisions made at BMW MC at issue in this litigation.
>
> 4. BMW AG objects to the Interrogatories to the extent that they request the transfer of data to the United States that would violate Article 4(26) of Regulation (EU) 2016/679, EU General Data Protection Regulation, restricting the transfer of personal data from European Union countries.

The undersigned notes that courts within this district generally disfavor general objections. *See, e.g., Burton v. Chrysler Grp., LLC*, C/A No. 8:10-cv-00209-MGL, 2012 WL 13118731, at *1 (D.S.C. Sept. 13, 2012). Moreover, the Federal Rules of Civil Procedure mandate that all objections be stated with specificity. *See* Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2)(B), (C). While many of BMW AG's general objections lack specificity, BMW AG proceeds to respond to the plaintiff's discovery requests and raises some of these

3

objections in response to particular requests. Accordingly, under the circumstances presented here, the undersigned declines to find that BMW AG's assertion of general objections constitutes a wholesale waiver.

**Interrogatory Nos. 1 and 4**

In addition to challenging BMW AG's general objections, the plaintiff argues that BMW AG's responses to Interrogatory Nos. 1 and 4 are deficient. In Interrogatory No. 1, the plaintiff requests as follows:

> Identify all documents, including notes, calendar entries, and communications, including electronic communications that reference or discuss the "decision to reorganize the Human Resource Department effective February 2022" as stated in the Position Statement including, but not limited to, and including all communications that reference Plaintiff and Eva Bergmeier [sic] as well as all related communications involving Christine Petrasch, Dr. Milan Nedeljkovic, Ilka Horstmeier, and Robert Englehorn [sic].

BMW AG responds, in relevant part, that after conducting a reasonable search, it "has not located any notes or calendar entries concerning communications between BMW AG and BMW MC personnel" regarding this request. Moreover, in Interrogatory No. 4, the plaintiff requests identification of "all documents, including notes, calendar entries, and communications, including electronic communications that reference or discuss the decision to appoint Eva Burgmeier to the TX-60 position at BMW MC . . . ." BMW AG again responds, in relevant part, that after conducting a reasonable search, it "has not located any notes or calendar entries" regarding this request. The plaintiff asserts that BMW AG's responses to Interrogatory Nos. 1 and 4 are deficient because she did not merely request identification of calendar entries or notes but rather "all documents" on these issues. To the extent that BMW AG can identify documents within the parameters of Interrogatory Nos. 1 and 4 in addition to the notes or calendar entries, the undersigned directs BMW AG to identify them as requested.

The plaintiff also notes that BMW AG limits its responses to Interrogatory Nos. 1 and 4 to communications that involved or were communicated to BMW MC. In this case,

4

the plaintiff has alleged that BMW AG was involved in the decision to remove her from the TX-60 position and fill that position with Ms. Burgmeier, a German, based on a BMW Group policy. Accordingly, the undersigned finds that any internal communications that BMW AG had, even if that communication did not involve BMW MC, are relevant and discoverable. Therefore, the undersigned directs BMW AG to, within the limitations of Interrogatory Nos. 1 and 4, produce its internal documents that did not involve or were not communicated with BMW MC.

**Interrogatory Nos. 2 and 3**

In Interrogatory Nos. 2 and 3, the plaintiff requests identification of oral communications related to the reorganization of the human resources department. BMW AG again has only provided information about communications between BMW AG personnel and BMW MC personnel. For the reasons discussed above, the undersigned compels BMW AG to identify any oral communications, within the parameters of Interrogatory Nos. 2 and 3, regardless of whether they involved BMW MC.

**Request to Produce No. 3**

In Request to Produce No. 3, the plaintiff seeks the following:

> Identify all documents showing payments made by BMW AG or other BMW affiliates (other than BMW MC) to Eva Bereier [sic] or benefits provided to her by BMW AG or other BMW affiliates (other than BMW MC) since February 1, 2022.

BMW AG objects to this request, in part because it "does not seek information relevant to the claims or defenses in this case or the proportional needs of this case." The undersigned agrees. Considering the plaintiff's allegations and claims, as well as BMW AG's defenses, the undersigned finds that documents reflecting payments made and benefits provided to Ms. Burgmeier are not relevant. Accordingly, the plaintiff's motion to compel is denied regarding her Request to Produce No. 3.

**Request to Produce No. 5**

In Request to Produce No. 5, the plaintiff requests as follows:

5

> Personnel files (redact social security numbers, medical information, and salary information) and any other documents showing the entity employing each of the following individuals, the dates of assignment to the various positions they held, and any changes thereto:
>     a. Christina Petrasch
>     b. Johannes Trauth
>     c. Robert Englehorn [sic]

The Federal Rules of Civil Procedure provide that parties may obtain relevant, nonprivileged discovery that is "proportional to the needs of the case, considering the importance of the issues of the stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, the undersigned finds that the plaintiff's request is not proportional to the needs of the case, as the burden of producing these personnel files significantly outweighs any limited importance or benefit.

**Request to Produce Nos. 6 and 9**

In Request to Produce No. 6, the plaintiff seeks "[w]ritten communications regarding any candidate suggested or discussed for the position TX-60 at BMW MC in 2021 other than Eva Burgemeier [sic]." BMW AG responds that it did not locate any responsive documents in its possession that involved communications between BMW AG personnel and BMW MC personnel and that BMW MC stated in its discovery responses that there were no other candidates considered for the TX-60 position at BMW MC. Moreover, in Request to Produce No. 9, the plaintiff requests "[a]ll written communications related to the development of any succession plans for TX-60 at BMW MC in effect from January 1, 2019 to the present." BMW AG objects to this request to the extent that is seeks BMW AG communications that did not involve BMW MC personnel. As discussed herein, to the extent that any BMW AG internal communications exist within the limits of Request to Produce Nos. 6 and 9 that did not involve BMW MC, the undersigned directs BMW AG to provide them.

**Request to Produce No. 7**

In Request to Produce No. 7, the plaintiff requests "[s]uccession plans in effect from January 1, 2019 to the present" for the TX-6, TX-60, TX-61, TX-62, TX-63, and TX-64 positions. In response, BMW AG provides documents concerning succession plans from 2019 to 2022 for the TX-6 position but objects to the remaining positions. BMW AG argues that the plaintiff's request is not relevant to her claims or proportional to the needs of the case. BMW AG also argues that these documents would be more appropriately obtained from BMW MC.

The plaintiff explains that the TX-64 succession plan is relevant because the defendants claim that they offered the TX-64 position to the plaintiff (doc. 76 at 12). Moreover, the plaintiff explains that the TX-61, TX-62, and TX-63 succession plans relate to her race and sex discrimination claims because they involve the promotion of a black male and the transfer of a white male despite the plaintiff being demoted (*id.*). Additionally, as set out above, the plaintiff was in the TX-60 position prior to being replaced by Ms. Burgmeier. The plaintiff has also set forth allegations that BMW AG was involved in succession planning at BMW MC through its "P Circle" (*see* docs. 20; 45-1). Based on the foregoing, the undersigned finds that the plaintiff's request is relevant and proportional to the needs of the case. Moreover, the fact that BMW MC may have some of the same documents does not exempt BMW AG from production, particularly when BMW AG may have its own internal documentation separate from BMW MC. Accordingly, the undersigned directs BMW AG to fully respond to the plaintiff's Request to Produce No. 7.

**Request to Produce Nos. 8, 10, and 11**

In Request to Produce No. 8, the plaintiff seeks the "[s]uccession plans in effect from January 1, 2019 to the present for the BMW MC chief financial officer position." The plaintiff asserts that the filling of the CFO position at BMW MC is relevant because it demonstrates BMW AG's practice of choosing BMW MC's management (doc. 76 at 13). The plaintiff also notes that at issue is whether a German that BMW AG required Robert Engelhorn ("Dr. Engelhorn") to interview was on the succession plan (*id.*). Additionally, in

7

Request to Produce No. 10, the plaintiff requests "[a]ll written communications regarding the extension of Christine Petrasch's contract or assignment to remain at BMW MC to the extent such communications occurred on or after January 1, 2019."  Further, in Request to Produce No. 11, the plaintiff requests "[t]he portions of the portfolio for each person who has served as a Level II manager at BMW MC from January 1, 2020 to the present that shows his or her work history, assignments, and locations worked at BMW AG, BMW MC or any BMW affiliate."

BMW AG objects in part to these requests because it contends that they seek information that is not proportional to the needs of the case.  The undersigned agrees.  Considering the claims and defenses at issue in this case, the undersigned finds that Request to Produce Nos. 8, 10, and 11 are not proportional to the needs of the case, as any limited benefit of this information in resolving the issues is outweighed by the burden of requiring BMW AG to produce it.  The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) ("[T]he discovery rules are given 'a broad and liberal treatment[.]' ") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  "That said, discovery is not limitless and the court has the discretion to protect a party from oppression or undue burden or expense." *United States ex rel. Adams v. Remain at Home Senior Care, LLC*, C/A No. 1:17-cv-01493-JMC, 2022 WL 130942, at *2 (D.S.C. Jan. 14, 2022).  As a result, the plaintiff's motion to compel is denied as to Request to Produce Nos. 8, 10, and 11.

**Request to Produce No. 13**

In Request to Produce No. 13, the plaintiff requests as follows:

Any written communications to or from (including copied and blind copies) Ilka Horstmeir [sic], Barbara Burghardt, Heike Schneeweiss, or Milan Nedlijkovic that show regarding the decision to appoint Sherry McCraw to TX-6, to move Plaintiff out of TX-60, the decision to appoint Eva Burgemeier [sic] to

8

        the TX-60 position, or the decision to move Scott Medley out of TX-64.

BMW AG objects to this request because it asserts that the information it seeks is not relevant or proportional to the needs of the case and because the request seeks communications that did not involve BMW MC. However, the undersigned finds that this request seeks relevant information and is proportional to the needs of the case. These communications deal directly with individuals at BMW AG discussing the position changes that form the basis of the plaintiff's claims. Moreover, this request is limited in scope in terms of who made the communications and about what was discussed. In addition, as discussed herein, BMW AG is directed to provide its internal communications that did not involve BMW MC within the parameters of this request to produce.

        Wherefore, based upon the foregoing, the plaintiff's motion to compel responses and to strike objections is granted in part and denied in part, as set forth herein.

        IT IS SO ORDERED.

        s/Kevin F. McDonald
        United States Magistrate Judge

August 15, 2023
Greenville, South Carolina