IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Kelly Dawsey,<br><br>               Plaintiff,<br><br>vs.<br><br>Bayerische Motoren Werke<br>Aktiengesellschaft and<br>BMW Manufacturing Co., LLC,<br><br>               Defendants. | Civil Action No. 7:22-cv-3738-TMC-KFM<br><br>**O R D E R** |

        This matter is before the court on the plaintiff's motion for protective order and request to expedite (doc. 81). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

        Relevant to the plaintiff's instant motion, Local Civil Rule 30.04(H) (D.S.C.) provides as follows:

> (H) Deposing counsel shall provide to opposing counsel a copy of all documents to be shown to the witness during the deposition, either before the deposition begins or contemporaneously with the showing of each document to the witness. If the documents are provided (or otherwise identified) at least seven (7) days before the deposition, then the witness and the witness's counsel do not have the right to discuss the documents privately during the deposition. If the documents have not been so provided or identified, then counsel and the witness may have a reasonable amount of time to discuss the documents before the witness answers questions concerning the document.

Local Civ. Rule 30.04(H) (D.S.C.). The plaintiff's counsel contends that he took the deposition of Christine Petrasch ("Ms. Petrasch") on August 16, 2023 (doc. 81 at 1). When the plaintiff's counsel presented an exhibit during Ms. Petrasch's deposition, the defendants' counsel took the position that they could privately confer with Ms. Petrasch

under Local Civil Rule 30.04(H) (D.S.C.) because the exhibit had not been specifically identified for the deposition at least seven days in advance (doc. 81-1 at 3-6). The plaintiff's counsel disagreed with that reading of the rule, noting that the exhibit had been previously exchanged in discovery (*id.*). Nevertheless, the plaintiff's counsel agreed to allow the defendants' counsel to privately consult with Ms. Petrasch, so long as the defendants' counsel reciprocated by either specifically identifying the documents they intended to use in the plaintiff's deposition at least seven days in advance or by permitting the plaintiff's counsel to have private consultations (*id.*). The defendants' counsel agreed (*id.*).

    The plaintiff's deposition is set for August 30, 2023 (doc. 81 at 1). The plaintiff's counsel asserts that on August 22, 2023, the defendants' counsel identified 97 exhibits for the plaintiff's deposition, which totals 575 pages (*id.* at 2). The plaintiff's counsel notes that one of the exhibits is twice as long as all of the exhibits used in Ms. Petrasch's deposition (*id.*). The plaintiff's counsel contends that this is an "inappropriate document dump" and that defendants' counsel has not identified a number of documents that could possibly be discussed in a seven hour deposition (*id.* at 2-3). The plaintiff's counsel seeks for the court to order the defendants' counsel to specifically identify which exhibits it will use and suggests that the court either assess a penalty on the defendants' counsel for each exhibit not used in the deposition or consider their designation a nullity and allow the plaintiff's counsel to freely consult with the plaintiff during his deposition (*id.* at 3).

    Based on the plaintiff's motion, it is clear that the parties' counsel made an agreement pursuant to a reading of Local Civil Rule 30.04(H) (D.S.C.) that they must permit private consultations regarding exhibits that were not specifically identified for the deposition at least seven days in advance. Moreover, the defendants' counsel has abided by that agreement by specifically identifying documents in advance of the plaintiff's deposition in a timely fashion. The plaintiff simply takes issue with the number of documents that defendants' counsel has identified. While the exhibits may be numerous, the defendants' counsel identifying the exhibits that it might possibly use during the plaintiff's deposition is

not in violation of the parties' agreement or the local rules.  As a result, the undersigned declines to grant the plaintiff's motion for protective order.

Wherefore, based upon the foregoing, the plaintiff's motion for protective order is denied.

IT IS SO ORDERED.

s/Kevin F. McDonald<br>United States Magistrate Judge

August 25, 2023
Greenville, South Carolina