**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| KELLY DAWSEY,<br><br>      Plaintiff,<br>v.<br><br>BAYERISCHE MOTOREN WERKE<br>AKTIENGESELLSCHAFT and BMW<br>MANUFACTURING CO., LLC,<br><br>      Defendants. | ) <br> ) <br> ) <br> ) **CA 7:22-cv-3738-TMC-KFM** <br> ) <br> ) <br> ) **(Jury Trial Demanded)** <br> ) <br> ) <br> ) <br> ) |

**BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT'S**
**ANSWER AND SPECIFIC DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Bayerische Motoren Werke Aktiengesellschaft ("AG") files this Answer and Specific Defenses to Plaintiff's Amended Complaint (ECF No. 20). To the extent any allegations in the Amended Complaint are not expressly admitted, they are denied. Any averment by AG that it lacks knowledge or information sufficient to form a belief about the truth of an allegation shall have the effect of a denial.[1]

1. Upon information and belief, AG admits the allegations in paragraph 1 to the extent they allege that Plaintiff is a resident of Greenville County, South Carolina. AG admits the allegations in paragraph 1 to the extent they allege that Plaintiff was employed by Defendant BMW Manufacturing Co., LLC ("BMW MC") in Spartanburg County, South Carolina. AG denies the remaining allegations in paragraph 1.

2. Upon information and belief, AG admits the allegations in paragraph 2.

---

[1] The Complaint contains various headings that purport to characterize the allegations in the Amended Complaint that AG will not repeat here. To the extent that any response is required, AG denies the allegations in the headings.

3. AG admits that it is a corporation organized and existing under the laws of Federal Republic of Germany, and that its principal place of business and corporate headquarters is in Munich, Germany.

4. AG admits the allegations in paragraph 4.

5. AG states that the referenced website speaks for itself, and AG denies any allegations in paragraph 5 to the extent they do not fully and accurately characterize the content of that website. AG denies the remaining allegations in paragraph 5.

6. AG admits that it indirectly owns Defendant BMW Manufacturing Co., LLC ("BMW MC"), and denies the remaining allegations in paragraph 6.

7. AG denies the allegations in paragraph 7.

8. AG states that the referenced website speaks for itself, and AG denies any allegations in paragraph 8 to the extent they do not fully and accurately characterize the content of that website. AG denies the remaining allegations in paragraph 8.

9. AG states that the referenced website speaks for itself, and AG denies any allegations in paragraph 9 to the extent they do not fully and accurately characterize the content of that website.

10. AG admits that, from time to time, AG personnel transfer to work for BMW MC. AG lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 10; therefore, to the extent a response is required, AG denies the remaining allegations in paragraph 10.

11. AG denies the allegations in paragraph 11.

12. AG denies the allegations in paragraph 12.

13. AG denies the allegations in paragraph 13.

14. AG denies the allegations in paragraph 14.

15. AG states that the referenced website speaks for itself, and AG denies any allegations in paragraph 15 to the extent they do not fully and accurately characterize the content of that website. AG denies the remaining allegations in paragraph 15.

16. AG denies the allegations in paragraph 16.

17. AG admits the allegations in paragraph 17.

18. AG denies the allegations in paragraph 18.

19. AG states that the referenced document speaks for itself, and AG denies any allegations in paragraph 19 to the extent they do not fully and accurately characterize the content of that document. AG denies the remaining allegations in paragraph 19.

20. AG states that the referenced document speaks for itself, and AG denies any allegations in paragraph 20 to the extent they do not fully and accurately characterize the content of that document. AG denies the remaining allegations in paragraph 20.

21. AG states that the referenced video speaks for itself, and AG denies any allegations in paragraph 21 to the extent they do not fully and accurately characterize the content of that video. AG denies the remaining allegations in paragraph 21.

22. AG denies the allegations in paragraph 22.

23. AG denies the allegations in paragraph 23.

24. AG denies the allegations in paragraph 24.

25. AG denies the allegations in paragraph 25.

26. AG denies the allegations in paragraph 26.

27. AG denies the allegations in paragraph 27.

28. AG denies the allegations in paragraph 28.

29. AG denies the allegations in paragraph 29.

30. AG denies the allegations in paragraph 30.

31. AG admits the allegations of paragraph 31 to the extent they allege that there have been six vice presidents of human resources at BMW MC, and that during the tenure of the four most recent vice presidents of human resources, there has been a German citizen in a Level II or Level III position in human resources at BMW MC. AG denies the remaining allegations in paragraph 31.

32. AG lacks sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 32; therefore, to the extent a response is required, AG denies the allegations in the first sentence of paragraph 32. AG denies the second sentence of paragraph 32.

33. AG states that the reference document speaks for itself, and AG denies any allegations in paragraph 33 to the extent they do not fully and accurately characterize the content of that document. AG denies the remaining allegations in paragraph 33.

34. AG denies the allegations in paragraph 34.

35. AG admits that there is one Level I position at BMW MC and that position is currently held by Robert Engelhorn. AG denies the remaining allegations in paragraph 35.

36. AG admits the allegations in paragraph 36.

37. AG denies the allegations in paragraph 37.

38. AG lacks sufficient knowledge or information to admit or deny the allegations in paragraph 38; therefore, to the extent a response is required, AG denies the allegations in paragraph 38.

39. AG denies the allegations in paragraph 39 to the extent they allege that Plaintiff was employed by AG. AG lacks sufficient knowledge or information to admit or deny the

remaining allegations in paragraph 39; therefore, to the extent a response is required, AG denies the remaining allegations in paragraph 39.

40. AG lacks sufficient knowledge or information to admit or deny the allegations in paragraph 40; therefore, to the extent a response is required, AG denies the allegations in paragraph 40.

41. AG admits the allegations of paragraph 41 only to the extent that they allege Plaintiff performed her duties and was employed by BMW MC solely within the United States. AG denies the remaining allegations in paragraph 41.

42. AG denies the allegations in paragraph 42.

43. AG denies the allegations in paragraph 43.

44. AG denies the allegations in paragraph 44.

45. AG denies the allegations in paragraph 45.

46. AG denies the allegations in paragraph 46.

47. AG denies the allegations in paragraph 47.

48. AG denies the allegations in paragraph 48.

49. AG denies the allegations in paragraph 49.

50. Upon information and belief, AG admits the allegations in paragraph 50 only to the extent they allege that Robert Engelhorn, Christine Petrasch, and Sherry McCraw met with the HR management team at BMW MC on November 11, 2021. AG denies the remaining allegations in paragraph 50.

51. AG admits that Eva Burgmeier currently holds the position of TX-60 at BMW MC. AG denies the remaining allegations in paragraph 51.

52. AG denies the allegations in paragraph 52.

53. AG denies the allegations in paragraph 53.

54. AG denies the allegations in paragraph 54.

55. AG admits the allegations in paragraph 55 only to the extent they allege that AG made an announcement that Eva Burgmeier was transferring to BMW MC. AG denies the remaining allegations in paragraph 55.

56. AG denies the allegations in paragraph 56.

57. AG denies the allegations in paragraph 57.

58. AG denies the allegations in paragraph 58.

59. AG denies the allegations in paragraph 59.

60. AG denies the allegations in paragraph 60 to the extent they allege that Corey Epps was employed by AG. AG lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 60; therefore, to the extent a response is required, AG denies the remaining allegations in paragraph 60.

61. AG lacks sufficient knowledge or information to admit or deny the allegations in paragraph 61; therefore, to the extent a response is required, AG denies the allegations in paragraph 61.

62. AG denies the allegations in paragraph 62.

63. AG denies the allegations in paragraph 63.

64. AG denies the allegations in paragraph 64.

65. Upon information and belief, AG admits the allegations in paragraph 65 only to the extent they allege that prior to commencing this action, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), that the EEOC issued a Notice of Right to Sue to Plaintiff with regard to the Charge of Discrimination against BMW MC, and

that Plaintiff filed this action within 90 days of the issuance of such Notice with respect to BMW MC by the EEOC. AG denies that any Charge of Discrimination or Notice of Right to Sue was ever served on AG, and denies the remaining allegations in Paragraph 65.

## Count I

66.     AG repeats and realleges its responses to paragraph 1 to 65 of the Amended Complaint.

67.     AG denies the allegations in paragraph 67.

68.     AG denies the allegations in paragraph 68.

69.     AG denies the allegations in paragraph 69.

70.     AG denies the allegations in paragraph 70.

71.     AG denies the allegations in paragraph 71.

72.     AG denies the allegations in paragraph 72.  AG denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph immediately following paragraph 72.

## Count II

73.     AG repeats and realleges its responses to paragraph 1 to 72 of the Amended Complaint.

74.     AG denies the allegations in paragraph 74.

75.     AG denies the allegations in paragraph 75.

76.     AG denies the allegations in paragraph 76. AG denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph immediately following paragraph 76.

## Count III

77. AG repeats and realleges its responses to paragraph 1 to 76 of the Amended Complaint.

78. AG denies the allegations in paragraph 78. AG denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph immediately following paragraph 78.

## Count IV

79. AG repeats and realleges its responses to paragraph 1 to 78 of the Amended Complaint.

80. AG denies the allegations in paragraph 80.

81. Upon information and belief, AG admits the allegations in paragraph 81 only to the extent they allege that Christine Petrasch told Plaintiff BMW MC planned to move Plaintiff to the TX-64 position. AG denies the remaining allegations in paragraph 81.

82. AG denies the allegations in paragraph 82. AG denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph immediately following paragraph 82.

## SPECIFIC DEFENSES

1. Plaintiff's claims against AG cannot be maintained because the Court lacks personal jurisdiction over AG.

2. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff's claims must be denied to the extent Plaintiff's alleged damages are the result of Plaintiff's own conduct, or another party's actions, omissions, and/or course of conduct.

4. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate her alleged damages, if any.

5. Some or all of the relief sought by Plaintiff may be barred by the doctrines of waiver, unclean hands, and/or estoppel.

6. Some or all of the claims and/or relief sought by Plaintiff in the Amended Complaint are barred to the extent that Plaintiff failed to exhaust administrative remedies and procedural prerequisites for bringing a private action under Title VII of the Civil Rights Act of 1964.

7. Plaintiff's claims are barred on the basis that all actions taken by AG were based on legitimate, non-discriminatory business reasons.

8. Notwithstanding the general denials and previous defenses set forth herein, to the extent that Plaintiff establishes that any prohibited criteria was a motivating factor for any action taken by AG, AG would have taken the same action in the absence of such an impermissible motivating factor.

9. Any award of damages to Plaintiff should be limited or precluded pursuant to the after-acquired evidence doctrine, as may be applicable.

10. Any award or damages should be barred or limited to the extent that the relief demanded by Plaintiff is improper, inappropriate, exceeds the scope of permissible damages and remedies, and/or otherwise is not available under the laws upon which his claims rest. Alternatively, in the event that the Plaintiff is granted relief under his claims, such relief should be limited by the applicable provisions of Title VII and/or any other state or federal law.

11. In the event that a violation of Title VII, Section 1981, or any other applicable employment laws is found, such violation was in good faith, and based on the reasonable belief that any actions did not violate Title VII, Section 1981, or any other applicable employment law.

12. Plaintiff's claim for punitive damages is barred because any award of punitive damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States.

13. Plaintiff's claim for damages should be limited by the applicable provisions of South Carolina statutory and common law, specifically including, but not limited to, S.C. Code Ann. § 15-32-530.

14. As alleged, Plaintiff's claims are barred, in whole or in part, by treaty, international law, and principles of comity.

15. AG reserves the right to amend its Answer or add further defenses that may become known after the filing of this pleading.

WHEREFORE, AG prays that the Court enter judgment in AG's favor; Plaintiff's Amended Complaint be dismissed with prejudice, and that AG be awarded its costs, attorney's fees, and such relief as the Court deems just and proper.

Dated: February 21, 2024                    Respectfully submitted,

*/s/ Kurt M. Rozelsky*
Kurt M. Rozelsky, Bar No. 6299
SPENCER FANE LLP
27 Cleveland St., Suite 201
P.O. Box 294 (29602-0294)
Greenville, SC 29601
Phone: 864. .695.5202
Fax: 864.695.5201
Email: krozelsky@spencerfane.com

Daniel S. Savrin (admitted *pro hac vice*)
Nathaniel P. Bruhn (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Phone:  1.617.951.8674
            1.617.951.8651
Fax: 1.617.428.6310
Email: daniel.savrin@morganlewis.com
           nathaniel.bruhn@morganlewis.com

*Counsel for Defendant*
*Bayerische Motoren Werke Aktiengesellschaft*

11