**In the United States District Court**
**District of South Carolina**
**Greenville Division**

| | |
|---|---|
| **Kelly Dawsey,** | 7:22-03738-TMC-KFM |
| **Plaintiff,** | |
| v. | **Plaintiff's Supplement in Opposition to Defendant BMW MC's Motion for Summary Judgment** |
| **Bayerische Motoren Werke Aktiengesellschaft and BMW Manufacturing Co., LLC collectively d/b/a "BMW Group,"** | |
| **Defendants.** | |

Dawsey submits this supplemental argument in response to the leave granted by this Court on April 24. [DE 108].

## I. Summary

The parties disagree on how BMW's actions should be viewed. BMW MC argues that its actions constitute a "lateral transfer."[1] Dawsey, however, contends that there are two adverse employment actions. First, BMW decided to remove Dawsey from her FL III

---

[1] DE 92-1 at 1 (referring to a "plan[] to reassign [Dawsey] laterally to a new Department Manager position"); *id.* at 2 (referring to "plans to move her laterally to a different Department Manager position"); *id.* at 7 ("Plaintiff would be moved laterally to a different Department Manager role"); *id.* at 10 ("Plaintiff's lateral move to the TX-64 Department Manager position"); *id.* at 12 ("Plaintiff's lateral move to the TX-64 Department Manager position"); *id.* at 15 ("BMW MC's plan to laterally move her to the TX-64 Department Manager position"); *id.* at 16 (referring to "BMW MC's plan to transfer her laterally to another Department Manager position").

1

position. Second, BMW later announced that it would demote Dawsey to an FL IV position that requires no HR experience. [See DE 97 at 21-23].[2]

The parties' disagreement is now academic. *Muldrow* eliminated BMW's argument.

## II. Discussion

BMW MC cited cases, such as *Boone v. Goldin*,[3] for the proposition that a lateral transfer is not an adverse employment action.[4] [DE 92-1 at 14 (citing *Boone*); DE 100 at 3 (same)]. *Muldrow* overruled *Boone*.

In *Muldrow*, a police department transferred a plain-clothes officer to a uniformed position. [DE 107-1 at 4-5]. Although the plaintiff's "rank and pay remained the same," the department changed both her duties and schedule. [*Id.* at 5]. The plaintiff perceived her new position to be "less prestigious." She also testified that her new schedule was less preferable, and she lost the use of a department vehicle. [*Id.* at 6]. The lower courts dismissed her claims because such adverse actions were not "significant." [DE 107-1 at 6-7].

The Supreme Court reversed, rejecting the requirement in some circuits, like ours, that harm must be "significant." It also rejected the notion that harm must be tangible:

> Muldrow's suit . . . alleges that she was transferred to a lesser position because she is a woman. That transfer, as both parties agree, implicated "terms" and "conditions" of Muldrow's employment, changing nothing less than the what, where, and when of her police work. . . . .So the statutory

---

[2] No transfer or demotion occurred because BMW never offered Dawsey any position as of the time she left the company. [DE 97-1 at ¶¶ 35, 37, 38, 40].

[3] 178 F.3d 253 (4th Cir. 1999).

[4] In its Motion for Summary Judgment [DE 102], BMW AG made no argument on the issue of adverse employment action.

2

> language applicable to this case prohibits "discriminat[ing] against" an individual "with respect to" the "terms [or] conditions" of employment because of that individual's sex.
>
> That language requires Muldrow to show that the transfer brought about some "disadvantageous" change in an employment term or condition. *Oncale v. Sundowner Offshore Services, Inc.*, 523 U. S. 75, 80 (1998). . . . . **And in the typical transfer case, that "worse" treatment must pertain to—must be "with respect to"—employment "terms [or] conditions." §2000e–2(a)(1). The "terms [or] conditions" phrase, we have made clear, is not used "in the narrow contractual sense"; it covers more than the "economic or tangible."** *Oncale*, 523 U. S., at 78; *Meritor Savings Bank, FSB v. Vinson*, 477 U. S. 57, 64 (1986). Still, the phrase circumscribes the injuries that can give rise to a suit like this one. **To make out a Title VII discrimination claim, a transferee must show some harm respecting an identifiable term or condition of employment.**

[*Id.* at 8-9 (emphasis added)].[5]

*Muldrow* cites Fourth Circuit cases, including *Boone*, to illustrate how courts set the bar too high. [DE 107-1 at 10 (citing *Boone*); *see also id.* at n.2 (citing and rejecting *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004))]. As a result, this and other courts have recognized that *Muldrow* overrules Fourth Circuit precedent. *Carter v. Ascend Performance Materials Holdings, Inc.*, Order on Motion to Reconsider [DE 162] (D.S.C. April 26, 2024); *Gelin v. N-Able Techs., Inc.*, No. 5:22-CV-345-FL, 2024 U.S. Dist. LEXIS 74010, at *27 (E.D.N.C. Apr. 23, 2024); *Robertson v. Va. State Univ.*, No. 3:23cv777 (DJN), 2024 U.S. Dist. LEXIS 75360, at *45 n. 6 (E.D. Va. Apr. 24, 2024).

Both firms representing BMW agree. Each firm publicly issued an analysis that *any* negative change suffices as an adverse employment action:

---

[5] Justice Kavanaugh departed from this reasoning as he would find that there is no harm required under the statute. [*Id.* at 20-22]. As he notes, however, there is likely no daylight between "no harm" and the "some harm" standards. [*Id.* at 22 ("I expect that the Court's approach and my preferred approach will land in the same place and lead to the same result in 99 out of 100 discriminatory- transfer cases, if not in all 100.")].

3

> An employee challenging a job transfer under Title VII of the Civil Rights Act must show the transfer brought about **some harm** with respect to an identifiable term or condition of employment, but that harm need not be significant . . . .
>
> While the case was about transfers, it will have broad applicability in discrimination cases.

Jackson, Lewis, *U.S. Supreme Court: Alleging Discriminatory Transfer Is Sufficient Harm to Bring Title VII Claim*, at 1 (Exh. 1) (emphasis added).

> [T]he Court held that a plaintiff may make out a Title VII discrimination claim by showing **any disadvantageous change** in the terms or conditions of employment. Justice Kagan wrote that the decision "changes the legal standard in any circuit that has previously required 'significant,' 'material,' or 'serious' injury" and "lowers the bar Title VII plaintiffs must meet.

Morgan, Lewis & Bockius, *U.S. Supreme Court Expands the Scope of Employment Decisions That Can Support Title VII Claims*, at 1-2 (Exh. 2) (emphasis added).

This case never presented a question as close as *Muldrow*. The factors relied on by the lower courts in *Muldrow* were never an issue here. In *Muldrow*, there was no reduction in rank. Here, the announced transfer would have reduced Dawsey's "rank" from FL III to FL IV. [DE 97 at 11]. Dawsey would have gone from a high-level strategy position to a non-departmental manager position[6] that does not require any experience in HR. [DE 97 at 10].

Another key issue is compensation. In *Muldrow*, the plaintiff did not experience any financial loss. Here, the planned move subjected Dawsey to a lowered salary, and it would have reduced her bonus. [*Id.* at 12-13].

---

[6]     In its summary judgment memorandum, BMW MC mischaracterized TX-64 as a department manager position. FL IV managers are not department managers and do not manage other managers. [*Id.* at 11].

4

Even under the old standard, changes to one's level of responsibility, compensation, and promotional opportunities were adverse employment actions. [DE 97 at 22-23 (citing and discussing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007)]. But Muldrow goes even further to include intangible qualities of employment. A demotion to FL IV would have affected Dawsey's promotional opportunities, including her efforts to obtain FL II and OFK status. [*Id.*] Dawsey has also explained how the FL IV demotion was less prestigious and desirable – a key factor in the *Muldrow* Court's analysis.

Given BMW's insistence that this is a lateral transfer situation, it's hard to imagine how it will try to escape the reach of *Muldrow*. BMW MC earlier argued that *Muldrow* would not apply because Dawsey resigned before the demotion took effect. [DE 100 at 9 n. 3]. But that is a separate issue controlled by *Ricks* and its Fourth Circuit progeny. [DE 97 at 19-20]. Thus, the issue is beyond the scope of the leave granted by this Court for supplemental briefing. [DE 108].

### III. Conclusion

Even if the Court viewed the adverse actions as a single "lateral transfer," it should reject BMW MC's argument that there was no adverse employment action.

Respectfully submitted this 8th day of May 2024.

      _s/ Brian P. Murphy_____
      Brian P. Murphy
      Attorney for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400