4/24/24, 8:55 PM
US Supreme Court Expands the Scope of Employment Decisions That Can Support Title VII Claims
7:22-cv-03738-TMC-KFM    Date Filed 05/07/24    Entry Number 102    Page 1 of 3

# Morgan Lewis

### LAWFLASH

# US SUPREME COURT EXPANDS THE SCOPE OF EMPLOYMENT DECISIONS THAT CAN SUPPORT TITLE VII CLAIMS

April 19, 2024

#### AUTHORS
Stephanie Schuster, Emily Cuneo DeSmedt, Michael S. Burkhardt, Sharon Perley Masling, W. John Lee, Gabriella A. Ravida

The US Supreme Court ruled on April 17 that *any* "disadvantageous" change in the "terms and conditions" of employment that is based on race, gender, or another protected characteristic is actionable under Title VII, even if the disadvantage is not considered significant or material. This expansion of the types of employment decisions that can support a Title VII discrimination claim will require employers to more carefully consider the impact of various employment programs and activities, from job transfers to DEI programs.

## THE *MULDROW* CASE

Muldrow, a female police officer, held a prestigious plainclothes position in the St. Louis Police Department's specialized intelligence division for nine years. This assignment gave her access to an unmarked police vehicle and did not require weekend shifts. A new commander replaced Muldrow with a male officer and transferred her to a uniformed, administrative position supervising day-to-day patrol activities. While her rank, salary, and benefits remained the same, Muldrow alleged that her new position was less prestigious, involved different responsibilities, did not give her access to an unmarked vehicle, and required her to work weekends. Muldrow sued the police department under Title VII, claiming the job transfer was discrimination on the basis of sex in the "terms and conditions of employment."

The district court granted summary judgment for the police department, and the Eighth Circuit affirmed. Applying the overwhelming majority view (held by the First, Second, Fourth, Seventh, Eighth, Tenth, and Eleventh Circuits and rejected only by the D.C. Circuit), the Eighth Circuit held that a Title VII plaintiff must show a "materially significant disadvantage" resulting from a job transfer to have an actionable claim for discrimination relating to the terms and conditions of employment. The Eighth Circuit found that the "minor changes in working conditions" Muldrow alleged she experienced were not sufficiently significant to support a claim.

The Supreme Court, in a majority opinion authored by Justice Kagan, rejected that "material significance" test. Finding no support in Title VII's text for a requirement that a disadvantage be "material" or "significant," the Court held that a plaintiff may make out a Title VII discrimination claim by showing any disadvantageous change in the terms or conditions of employment. Justice Kagan wrote that the decision "changes the legal standard in



any circuit that has previously required 'significant,' 'material,' or 'serious' injury" and "lowers the bar Title VII plaintiffs must meet."

Justices Thomas, Alito, and Kavanaugh each concurred, and no justices dissented. In his concurrence, Justice Thomas opined that the Eighth Circuit merely required that a plaintiff demonstrate "more than a trifling harm," which he argued was already consistent with the standard adopted by the Court. Justice Alito described the Court's opinion as "unhelpful" because requiring a plaintiff to show a change that constituted an "injury" or "harm," he argues, "incorporate[s] at least some degree of significance or substantiality" creating "little if any substantive difference between the terminology the Court approves and the terminology it doesn't like."

Justice Kavanaugh opined that any job transfer based on a protected trait should already be actionable under Title VII, so requiring plaintiffs to show "some harm beyond the harm of being transferred on the basis of race, color, religion, sex, or national origin" is an additional showing that Title VII does not require. Because this is a very minimal additional showing, however, Justice Kavanaugh concurred in the judgment.

## IMPLICATIONS FOR EMPLOYERS

*Other Defenses Remain*

*Muldrow* may ease a plaintiff's burden, but it does not eliminate it, as the decision concerns only one element of a Title VII discrimination plaintiff's prima facie case. The Court emphasized that lower "courts retain multiple ways to dispose of meritless Title VII claims challenging transfer decisions." Critically, the plaintiff must still show that the employer made the decision challenged under Title VII "because of" a protected trait.

*Employers Need to Be More Vigilant Than Before*

Following *Muldrow*, it is important for employers to scrutinize the bases for various employment decisions that impact some identifiable term, condition, or privilege of employment, such as job transfers or allocation of benefits. While the facts of *Muldrow* involved a job transfer, the logic of the Court's decision will be argued to apply to any Title VII case involving a decision that allegedly impacts the terms, conditions, or privileges of employment. Documenting the rationale for any such changes will be advantageous in rebutting any allegation that the change was based on a protected characteristic.



*Anticipate More Challenges to Employer-Sponsored DEI Programs*

Pre-*Muldrow*, plaintiffs had difficulty making out a prima facie case challenging certain DEI programs because an employer's offering of such opportunities to some employees did not constitute a material or significantly adverse action against other employees.

We anticipate litigation in the future regarding whether certain DEI programs constitute a "term, condition, or privilege" of employment and whether employees who could not participate in these programs suffered any harm.

*Significant Harm Is Still Required for Retaliation Claims*

The *Muldrow* decision distinguishes Title VII discrimination claims from Title VII retaliation claims. While discrimination claims require only some harm, prior Supreme Court precedent requires significant harm for

4/24/24, 8:55 PM
US Supreme Court Expands the Scope of Employment Decisions That Can Support Title VII Claims
7:22-cv-03738-TMC-KFM    Date Filed 05/07/24    Entry Number 102    Page 3 of 3

retaliation claims. The Court explained that this difference is justified by the statute's text and the very nature of retaliation claims. This is a key distinction that provides some assurance that *Muldrow* will not open all flood gates to litigation.

## CONTACTS

If you have any questions or would like more information on the issues discussed in this LawFlash, please contact any of the following:

### Authors
Stephanie Schuster
Emily Cuneo DeSmedt
Michael S. Burkhardt
Sharon Perley Masling
W. John Lee
Gabriella A. Ravida

### Chicago
Ami N. Wynne

### Washington, DC
Jocelyn R. Cuttino
Sharon Perley Masling
David B. Salmons
Stephanie Schuster
Grace E. Speights

### Houston
Stefanie Moll

### Los Angeles
Barbara A. Fitzgerald

### Philadelphia
Michael S. Burkhardt
W. John Lee
Larry L. Turner

### Seattle
Damon Elder



Copyright © 2024 Morgan, Lewis & Bockius LLP. All rights reserved.