IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| KELLY DAWSEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BAYERISCHE MOTOREN WERKE ) <br> AKTIENGESELLSCHAFT and BMW ) <br> MANUFACTURING CO., LLC collectively ) <br> d/b/a "BMW GROUP," ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 7:22-cv-03738-TMC-KFM |

**SUPPLEMENTAL BRIEF IN SUPPORT OF**
**DEFENDANT BMW MANUFACTURING'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to the April 24, 2024 Order of this Court (ECF No. 108), Defendant BMW Manufacturing Co., LLC ("BMW MC"), hereby submits this Supplemental Brief in support of its Motion for Summary Judgment (ECF No. 92).

## I.     INTRODUCTION

In this lawsuit, Plaintiff alleges that Defendants discriminated against her based on national origin, race, and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000, *et seq*. ("Title VII"). Plaintiff's discrimination claims center on BMW MC's plan to laterally transfer her to a new Department Manager position as part of a reorganization of the Human Resources ("HR") Department. However, prior to any such transfer occurring, Plaintiff resigned from employment to accept a Director of Human Resources position at another company.

On February 16, 2024, BMW MC filed a Motion for Summary Judgment (ECF No. 92) in which it argues that Plaintiff cannot establish that she suffered any change to her "compensation, terms, conditions, or privileges of employment" based on a prospective lateral transfer. On

1

March 8, 2024, Defendant Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") filed a Motion for Summary Judgment (ECF No. 102), in which it adopted the arguments made by BMW MC and made other arguments unique to BMW AG.  On April 17, 2024, the U.S. Supreme Court issued its Opinion in the case of *Muldrow v. City of St. Louis, Missouri, et al.*, 144 S. Ct. 967, 2024 U.S. LEXIS 1816 (2024), which involved discrimination claims arising out of the transfer of an employee.  In *Muldrow*, the Supreme Court rejected the holding of multiple Courts of Appeals (including the Fourth Circuit) that an employee alleging a discriminatory transfer under Title VII must meet a heightened threshold of harm, instead holding that the plaintiff in a Title VII transfer case must show that she suffered some harm with respect to an identifiable term or condition of employment.  2024 U.S. LEXIS 1816, at *13.

As set forth below, the *Muldrow* decision is inapplicable to this case because Plaintiff was never transferred by BMW MC.  Furthermore, even assuming that the Court's reasoning in Muldrow can be applied to a prospective transfer, Plaintiff has failed to present any evidence that such transfer would result in some harm to the terms and conditions of her employment.  Accordingly, BMW MC and BMW AG are entitled to summary judgment because Plaintiff cannot establish the existence of any adverse employment action.

## II.     LEGAL ARGUMENT

### A.     The *Muldrow* Decision Is Not Applicable to This Case Because Plaintiff Was Never Transferred.

The facts in *Muldrow* are fundamentally different than those presented in this case.  There, the plaintiff had worked for nearly ten years as an officer in the specialized Intelligence Division of the St. Louis Police Department, a position that provided her with additional benefits beyond those provided to other officers (such as FBI credentials and use of an unmarked take-home vehicle).  *Id*. at *7-8.  In 2017, the newly appointed Captain of the Intelligence Division transferred

2

Muldrow out of the special unit to a job supervising neighborhood patrol officers. *Id*. at *8. Although Muldrow's rank and pay remained the same following the transfer, she lost the additional benefits and preferred schedule that she had in the Intelligence Division position. *Id*. at *8-9. The Supreme Court held that that those alleged lost perquisites, if proved, would be sufficient to establish that she suffered some harm to the terms and conditions of her employment. *Id*. at *20. In contrast to the facts in *Muldrow*, **it is undisputed that Plaintiff in this case was never transferred**. Instead, Plaintiff admits that she resigned from BMW MC to accept another job before she was transferred from the TX-60 Department Manager position to the TX-64 Department Manager position. (Plaintiff Dep. 313:16-20.)

Based upon the holding in *Muldrow*, Plaintiff must establish that the challenged employment action resulted in "some harm" to the terms and conditions of her employment. Plaintiff concedes that on the day she resigned from employment at BMW MC, she still held the TX-60 Department Manager position. Because Plaintiff was never transferred by BMW MC, she did not suffer any harm. To meet the standard established by the Supreme Court in *Muldrow*, Plaintiff speculates about the harm that would have been caused had she transferred from the TX-60 position to the TX-64 position. Plaintiff's speculation has no support outside of her own contentions—all of the other evidence in the case establishes, without deviation, that Plaintiff would have suffered no harm. However, as the Fourth Circuit has repeatedly held, the plaintiff cannot rely on speculation to avoid summary judgment. *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc*., 53 F.3d 55, 62 (4th Cir. 1995) ("[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion."); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985) (a party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another"). Because she quit before she was ever transferred, Plaintiff cannot

identify any material fact as to which there is a genuine dispute in applying the "some harm" standard established by the Court in *Muldrow*.

**B.     There Is No Evidence That BMW MC's Proposed Transfer of Plaintiff to the TX-64 Department Manager Position Would Have Resulted in Some Harm.**

Even assuming that the *Muldrow* decision could apply to a prospective transfer, which BMW MC denies, Plaintiff still must establish that she suffered "some harm" with respect to an identifiable term or condition of her employment. 2024 U.S. LEXIS 1816, at *13. In addition to the facts in *Muldrow*, the Supreme Court described other case-specific situations in which a transferred employee would be able to meet the "some harm" standard after they were actually transferred: an engineering technician transferred to work solely in a wind tunnel (*Boone v. Goldin*, 178 F. 3d 253, 256 (4th Cir. 1999)), a shipping employee transferred to a role with only nighttime work (*Daniels v. United Parcel Serv., Inc.*, 701 F. 3d 620, 635 (10th Cir. 2012)), and a school principal transferred to a non-school-based administrative role supervising fewer employees (*Cole v. Wake Cty. Bd. of Educ.*, 834 Fed. Appx. 820, 821 (4th Cir. 2021) (per curiam)[1]). However, because BMW MC never transferred Plaintiff, there is no comparable harm in this case.

Here, BMW MC proposed to transfer Plaintiff from the TX-60 Department Manager position to the TX-64 Department Manager position. The evidence shows that at the time this reorganization was proposed, both of these jobs were Function Level III Department Manager positions that reported directly to BMW MC's Vice President of Human Resources. (Pl. Dep. 96:1-16, Ex. 7 at p. 9, Ex. 41 at BMW MC 253.) Plaintiff has presented no evidence showing that her

---

[1] The facts in *Cole* likewise involved an actual transfer. There, the effective date of the plaintiff's transfer was July 1, 2015. Cole filed her charge of discrimination two weeks later. *Cole v. Wake Cty. Bd. of Educ.*, 494 F. Supp. 3d 338, 343-44 (E.D.N.C. 2020). Plaintiff never reported to work in the new role, and the District Court declined to speculate about how she might have been harmed by the transfer. *Id.* at 346. The Supreme Court's reference to *Cole* regards the test the Fourth Circuit applied and does not indicate that a future transfer is "some harm" under Title VII.

pay, benefits, supervisory scope, location of work, or schedule would have changed in any manner as a result of moving to the TX-64 Department Manager position. In other words, the proposed move of Plaintiff to the TX-64 position involved only a change in responsibilities—not compensation, terms, conditions, or privileges of employment.

Based upon the evidence before the Court in this case, Plaintiff can do no more than speculate that her proposed transfer from the TX-60 Department Manager position to the TX-64 Department Manager position would have resulted in "some harm" to the terms or conditions of her employment with BMW MC. This Court should not proceed with a trial in which a jury must rely on Plaintiff's speculation to find in her favor. Because Plaintiff cannot identify a disputed issue of material fact regarding any change to the compensation, terms, conditions or privileges of her employment, BMW MC is entitled to summary judgment on her Title VII claims.[2]

### III.   CONCLUSION

For the reasons set forth herein and in its prior briefing, BMW MC is entitled to judgment as a matter of law on all causes of action asserted by Plaintiff.

Respectfully submitted this 8th day of May, 2024.

By: *s/ Ellison F. McCoy*
Ellison F. McCoy (Fed. I.D. No. 6389)
ellison.mccoy@jacksonlewis.com
D. Randle Moody II (Fed. I.D. No. 7169)
randy.moody@jacksonlewis.com
Mallory H. Gantt (Fed. I.D. No. 13867)
mallory.gantt@jacksonlewis.com
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000
*ATTORNEYS FOR DEFENDANT*
*BMW MANUFACTURING CO., LLC*

---

[2] Plaintiff also asserts a cause of action for race discrimination pursuant to 42 U.S.C. § 1981, but the *Muldrow* decision is not applicable to that claim.

5