**In the United States District Court**
**District of South Carolina**
**Greenville Division**

| | |
|---|---|
| **Kelly Dawsey,** | 7:22-03738-TMC |
| **Plaintiff,** | |
| v. | |
| | **Plaintiff's Motion in Limine Regarding Irrelevant Efforts to Disparage Plaintiff's Character** |
| **Bayerische Motoren Werke Aktiengesellschaft and BMW Manufacturing Co., LLC collectively d/b/a "BMW Group,"** | |
| **Defendants.** | |

### I. Introduction

BMW always recognized Dawsey's excellent performance. [See ECF 97 at 1-2]. After she sued, however, BMW brought out the long knives to attack her performance and character. Dawsey requests an order barring such testimony about disputed matters unrelated to the decisions at issue.

### II. Known testimony at issue[1]

**A.  Scott Medley**

Scott Medley is a human resource manager at BMW and a former colleague of Dawsey's. Medley testified that, after Dawsey left BMW, he began to "suspect" and "reflect" that Dawsey was dishonest about various issues. [Medley Dep. (Exh. 1) at 38:2 – 41:2; *id.* at 45:21 – 46:1; id. at 80:14-15 ("[T]hat was my reflection after she resigned");

---

[1] BMW never identified witnesses to provide the disparaging testimony at issue. Dawsey is only aware of the testimony of Medley and Burgmeier because of surprising assertions they made during their depositions. This Motion, however, is not limited to their testimony.

1

*id.* at 81:10-17 ("[W]hen she resigned, I did not have those reflections")]. He acknowledged that he did not share these post-employment opinions with any decision-maker. [*Id.* at 80:17-20 ("I haven't shared that reflection with people after she resigned"); *id.* 82:2-12 (denying that he shared his opinions with anyone at BMW)]. Medley also admitted that he does not know what Dawsey did with respect to the matters about which he later concluded she was dishonest. [*Id.* at 48:21 – 49:6; *id.* at 61:16-19; *id.* 62:12 – 63:2; *id.* 68:3-5; *id.* 71:20-24]. Nor could he identify any specific examples or evidence to support his post hoc speculation. [*Id.* at 41:3-45:4].

Medley also seeks to testify that Dawsey's resignation indicates dishonesty, even though Dawsey never misled him as to her intentions. [*Id.* 71:25 – 73:14; *id.* 74:24 – 75:13]. And he acknowledged that Dawsey gave notice when not obligated to do so. [*Id.* 75:14-23].

Medley's purported concerns did not exist at the time BMW made the decisions at issue here. Medley did not disagree with Dawsey during her employment, he did not share any concerns about her while she worked at BMW, and he told no one that he thought Dawsey is dishonest. [*Id.* 59:24 – 61:1; *id.* 64:25 – 65:2; *id.* 71:8-19; *id.* 80:6-9].

**B.     Eva Burgmeier**

Dawsey resigned after BMW stated it would demote her to make Dawsey's position (TX-60) available for Eva Burgmeier. According to Burgmeier, Dawsey failed to document processes related to wage increases and benefits, which somehow complicated Burgmeier's ability to assume the TX-60 position. [Burgmeier Dep. (Exh. 2) 74:1 – 75:17]. Burgmeier never reached out to Dawsey to get clarification, she assumes the wage rate decision was made by others after Dawsey left, and she never asked for the information from the others who were involved. [*Id.* 83:17-21; *id.* 104:8-23; *id.* 106:2-5]. Burgmeier

2

7:22-cv-03738-TMC     Date Filed 12/29/25     Entry Number 152     Page 3 of 6

could not identify any document that Dawsey was supposed to maintain but did not. [*Id.* 77:13-24].

Like Medley, Burgmeier purportedly formed her beliefs *after* Dawsey left BMW. Burgmeier shares another trait with Medley. BMW has never claimed that their opinions have anything to do with its reasons for making any decision at issue.

### III. Argument

BMW bears the burden of showing that this evidence is admissible. *Bourjaily v. United States*, 483 U.S. 171, 176 (1987). BMW cannot make such a showing as the evidence is irrelevant, highly prejudicial, and it constitutes an improper character assassination.

### C.   Relevance

"Irrelevant evidence is not admissible." Fed. R. Ev*id.* 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." *Id.* 401. "It is elementary that, for evidence to be admissible, it must be relevant to an issue being tried." *United States v. Hedgepeth*, 418 F.3d 411, 419 (4th Cir. 2005).

The issues in this case are why BMW removed Plaintiff from TX-60 and why it then told her that it would demote her to TX-64. The only decision-makers BMW has identified as to the decision to remove Plaintiff from TX-60 are Robert Engelhorn and Christina Petrasch. [ECF 79 at 1, 2]. BMW contends that Sherry McCraw is an additional decision-maker with respect to the decision to move Plaintiff to TX-64. [*Id.* at 2]. They do not claim to have relied on any opinion from Medley or Burgmeier (who was in Germany). And they never claimed that there were any performance issues that drove the change.

3

"[A]n employer cannot take action because of a factor of which it is unaware." *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998); *see also McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995) ("The employer could not have been motivated by knowledge it did not have . . . ."). Thus, allegations and assertions about matters unknown to the decision-makers is not relevant. *E.g.*, *Duggan v. Sisters of Charity Providence Hosps.*, 663 F. Supp. 2d 456, 469 (D.S.C. 2009) (information about comparators who were not caught engaging in same conduct is irrelevant where the decision-maker did not know about it).[2]

The opinions of Medley and Burgmeier are irrelevant as to why BMW removed Dawsey and then demoted her. "[I]t is the perception of the decisionmaker that is relevant . . . not the opinions of co-workers or other third parties." *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 444 (4th Cir. 1998). Thus, matters never discussed are irrelevant and should be excluded.

**D.     Rule 403**

Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

The basic issues in this case are: (1) why did BMW remove Dawsey from TX-60; and (2) why did it inform Dawsey of her demotion. Medley's testimony that Dawsey is a

---

[2]     The only relevance such post hoc testimony would have is to show pretext. *Gary v. Facebook, Inc.*, No. 18-1994, 2020 U.S. App. LEXIS 27228, at *20 (4th Cir. Aug. 26, 2020).

4

self-serving liar has nothing to do with anything. Its sole purpose would be to unfairly prejudice the jury on irrelevant matters. Likewise, Burgmeier's unfamiliarity with the TX-60 position is unrelated to either decision at issue.

Even if BMW could articulate some attenuated connection between information it never considered and Dawsey's claims, the prejudicial risk far outweighs any conceivable benefit that such testimony could have. Put simply, none of this would inform the jury as to why BMW made the challenged decisions and this Court should avoid a misleading mud-slinging contest that detracts from the real issues.

### E.     Rule 404

Character evidence is generally inadmissible under Rule 404(b). Fed. R. Evid. 404(b). In "an employment discrimination case, [the plaintiff's] character is not in issue, either as an essential element of a claim or defense." *Strom v. Holiday Cos.*, 789 F. Supp. 2d 1060, 1089 (N.D. Iowa 2011) (citing *EEOC v. HBE Corp.*, 135 F.3d 543, 553 (8th Cir. 1998)).

BMW must show that its character evidence is (1) relevant and not offered to establish general character; (2) probative of the essential claim; (3) reliable; and (4) able to pass the Rule 403 balancing test. *United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017). BMW cannot do any of these things, let alone all of them.

### IV. Conclusion

This Court should bar testimony of Dawsey's performance or character where there is no testimony that such issues motivated a decision-maker with respect to BMW's removal of Dawsey from TX-60 or the announced demotion.

Respectfully submitted this 29th day of December 2025.

                         _s/ Brian P. Murphy_____
                         Brian P. Murphy
                         Attorney for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400