IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| KELLY DAWSEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAYERISCHE MOTOREN WORKE )<br>AKTIENGESELLSCHAFT and BMW )<br>MANUFACTURING CO., LLC collectively )<br>d/b/a "BMW GROUP," )<br>)<br>Defendants. )<br>) | C.A. No. 7:22-cv-03738-TMC |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES AND TO BIFURCATE THE TRIAL INTO PHASES

Defendants Bayerische Motoren Worke Aktiengesellschaft ("BMW AG") and BMW Manufacturing Co., LLC ("BMW MC") submit this Motion in Limine to exclude Plaintiff from presenting evidence to the jury regarding Plaintiff's claims for damages. Specifically, an award of front pay and back pay damages are equitable remedies to be determined by the Court, not the jury. Additionally, Plaintiff has no evidence to support a recovery of compensatory damages or punitive damages and offering such evidence is more prejudicial than probative at the liability stage. Defendant further moves for bifurcation of the trial into phases of liability determination and damages determination to avoid confusion of the jury, promote convenience to the parties, and prevent undue prejudice. Pursuant to Local Civil Rule 7.04 because the grounds for this Motion are fully set forth below, no supporting memorandum is attached.

## I.   FACTUAL BACKGROUND

Plaintiff asserts four claims in this lawsuit: national original discrimination, sex discrimination, race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), and race discrimination under Section 1981. (ECF No. 20). Plaintiff, a former Department Manager in the Human Resources (HR) Department at BMW MC, resigned from employment in January 2022 rather than accept a lateral transfer to another Department Manager position in the HR Department.  Plaintiff alleges that BMW MC discriminated against her based on national origin by reassigning her to a new Department Manager position and by filling her former position with a German national as part of a departmental reorganization. (*Id.* ¶ 69). She further alleges that she was discriminated against based on her race and sex regarding her compensation and classification. (*Id.* ¶ 75). In her Amended Complaint, Plaintiff seeks damages in the form of front and back pay, compensatory damages, punitive damages, and attorneys' fees. (*Id.* p. 16).

## II.   RELEVANT RULES AND STANDARDS

Federal Rule of Evidence 401 provides that evidence is relevant only if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed R. Evid. 401. "Irrelevant evidence is not admissible." Fed R. Evid. 402. Even if relevant, evidence should nonetheless be excluded if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403.

Relatedly, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, a Court may bifurcate a trial into phases to promote convenience, to avoid prejudice, or to expedite and economize the issues. Fed. R. Civ. P. 42(b). "The party requesting separate trials bears the burden

of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 975 (4th Cir. 2020).

As set forth below in detail, the only damages claims to be considered by the jury are compensatory and punitive damages. However, Plaintiff cannot establish that she is entitled to either compensatory or punitive damages in this case. Therefore, in the interests of justice and to prevent confusion of the issues and unfair prejudice, Defendants respectfully request that Plaintiff be prohibited from presenting evidence of such damages to the jury. Furthermore, because there are no damage issues to be considered by the jury in this case, prevailing Fourth Circuit law dictates that the Court should bifurcate the liability and damages phases in this case.

### III.     ARGUMENT

**A.     Plaintiff's Claim for Back Pay and Front Pay are Equitable Remedies Left for the Court to Determine.**

BMW MC respectfully requests that the Court exclude from the jury any evidence relating to an award of equitable remedies, including, but not limited to, back pay and front pay. A plaintiff who wins a Title VII claim is presumptively entitled to a back pay award. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975). The purpose of back pay is to make a plaintiff whole after a finding of discrimination. *Id*. at 419. Similarly, front pay is a part of the make whole relief under Title VII as it provides compensation for the post-judgment effects of past discrimination. *See Pollard v. E.I. du Pont de Nemours & Co*., 532 U.S. 843, 850 (2001) (citations omitted).

The Fourth Circuit has repeatedly held that back pay and front pay are equitable remedies to be determined by the court, not by the jury. *Corti v. Storage Tech Corp.*, 304 F.3d 336, 343 n. 12 (4th Cir. 2002) (noting that the court, not the jury, is responsible for awarding back pay under

the statutory scheme); *Duke v. Uniroyal*, 928 F.2d 1413, 1424 (4th Cir. 1991) (stating that whether and how much front pay to award is a question "for the court sitting in equity to consider and not the jury"); *Robinson v. Lorillard Cop.*, 444 F.2d 791, 802 (4th Cir. 1971) (holding that under Title VII, "back pay is not in the nature of a claim for damages, but rather is an integral part of the statutory equitable remedy, to be determined through the exercise of the court's discretion, and not by a jury."); *Smith v. Hampton Training Sch.*, 360 F.2d 577, 581 n.8 (4th Cir. 1966) (*en banc*) (holding that back pay was an issue for the court in equity, not for a jury). Because the court will decide any issues of front pay or back pay – if and only if Plaintiff establishes liability – the jury has no need to hear any evidence related to Plaintiff's purported lost front pay or back pay. Additionally, even if any evidence of Plaintiff's alleged economic damages were relevant, any probative value of this evidence is substantially outweighed by the countervailing factors in Rule 403, including danger of unfair prejudice, confusion of the issues, misleading the jury, considerations of undue delay, waste of time, and the needless presentation of cumulative evidence. *See* Fed. R. Evid. 403.

Therefore, Defendants request that the Court forbid the presentation of any evidence, argument, or statements about front pay or back pay to the jury.

**B.    Plaintiff Has Presented No Evidence to Support a Claim for Compensatory and Punitive Damages.**

Plaintiff should further be precluded from offering evidence or arguments to support an award of compensatory or punitive damages to the jury because she has no evidence to support an award of such damages against Defendants. Any evidence or arguments by Plaintiff for compensatory and punitive damages presented to the jury would be therefore inadmissible, irrelevant, and only lead to confusion of the issues under Rule 403.

The "purpose of compensatory damages is to make the injured plaintiff whole for losses

actually suffered. . . ." *King v. McMillan*, 594 F.3d 301, 314 (4th Cir. 2010). It is Plaintiff's burden to sufficiently articulate that she suffered demonstrable emotional distress, which includes demonstrating with specificity how her emotional distress was manifested and that a causal connection existed between the emotional distress and the wrong committed by BMW MC. *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 653 (4th Cir. 2002). Though a plaintiff's testimony standing alone may support a claim of emotional distress, in such a case, "courts scrupulously analyze an award of compensatory damages." *Price v. City of Charlotte*, 93 F.3d 1241, 1251 (4th Cir. 1996). Importantly, the Fourth Circuit has instructed that "an award of substantial compensatory damages . . . must be proportional to the actual injury incurred." *Piver v. Pender County Bd. of Educ.*, 835 F.2d 1076, 1082 (4th Cir. 1987).

Here, Plaintiff should be precluded from presenting evidence or making any arguments to the jury regarding any claim for compensatory damages because Plaintiff has no evidence of any actual loss or injury. Specifically, in response to an interrogatory from BMW MC requesting the name of every medical doctor, psychologist, psychiatrist, psychoanalyst, social worker, therapist, minister, counselor, or other individual who provided treatment, counseling, or services for any alleged compensatory damages, Plaintiff identified nobody.[1] In the absence of any evidence of

---

[1]

**INTERROGATORY NO. 6:**

Set forth the name, address, and telephone number of every medical doctor, psychologist, psychiatrist, psychoanalyst, social worker, therapist, minister, counselor, or other individual who has provided treatment, counseling, or services to you or whom you have consulted for any alleged compensatory damages <u>for which you seek recovery in this case as set forth in the Amended Complaint</u>. For each individual identified in response to this Interrogatory, please state the mental, physical, psychological, or emotional condition, injury, or illness for which you sought treatment, counseling, or other services from the individual.

**RESPONSE:** None.

any mental or emotional injury, Plaintiff cannot establish that she is entitled to any compensatory damages in this case. *See Dennis*, 290 F.3d at 653 (affirming the district court's finding that plaintiff did not meet the requirements to show emotional distress because she provided no demonstrable evidence such as testimony of a physical symptom or doctor's diagnosis).

Moreover, the evidence in the record belies any claim that Plaintiff experience mental or emotional injury related to her resignation from BMW MC. Plaintiff admits that prior to learning about BMW MC's plan to move her to the TX-64 position and to fill the TX-60 role with a German, she had already started working with a headhunter to find a new opportunity outside of BMW MC. (Pl. Dep. 274:24-275:10.)[2] According to Plaintiff's testimony, she began looking for another job not because of any alleged discrimination, but instead because "communications were chaotic" and she "started really praying hard about what my positions should be, what I should do." (Pl Dep. 269:20-24.) Furthermore, after resigning from BMW MC, Plaintiff admitted telling her colleagues that "God had opened a door for [her]." (Pl. Dep. 304:25-305:2). Plaintiff also told her former BMW 7MC colleague, Kathy Keiser, that she had an opportunity that she could not pass up. (Keiser Dep. 68:15-69:5).[3]

Plaintiff therefore has no evidence that she suffered any demonstrable injury to warrant an award of compensatory damages.[4] Instead, the testimony will show that Plaintiff started searching for new employment before the announcement that she would be moved to the TX-64 position and

---

[2] The cited pages from Plaintiff's Deposition are attached hereto in Exhibit A.

[3] The cited pages from the Deposition of Kathy Keiser are attached hereto in Exhibit B.

[4] In addition to her failure to identify any provider or document supporting a claim for compensatory damages, Plaintiff in her deposition stated that she would rely on her counsel to determine any amount that she was seeking in this case. (Pl. Dep at 324:11-22.) Plaintiff also stated that she was relying on her expert Jay Gibson to calculate alleged losses. (Pl. Dep at 325:9-326:5). Notwithstanding her deferral to the attorney and purported expert, neither Plaintiff's counsel nor Mr. Gibson provided Defendants with any information in written or expert discovery tending to show any quantifiable amount of injury for compensatory damages.

that she was in fact excited about her new employment opportunities outside of BMW MC. Because Plaintiff has presented no evidence of any emotional distress related to her resignation from BMW MC or BMW MC's decision to transfer her to the TX-64 position, she should be precluded from making any arguments on compensatory damages to the jury. *See Dyer v. City of Gastonia*, 2016 U.S. Dist. LEXIS 197539, at *37 (W.D.N.C. June 17, 2016) (finding plaintiff failed to establish that she suffered demonstrable emotional distress to warrant an award of compensatory damages).

Likewise, Plaintiff should be precluded from presenting any evidence or arguments of her claim for punitive damages because she has no evidence that Defendants acted with reckless indifference towards her. "Punitive damages are allowed in a Title VII action only under limited circumstances." *United States EEOC v. Consol Energy, Inc.*, 860 F.3d 131, 151 (4th Cir. 2017). 42 U.S.C. § 1981a authorizes punitive damages for Title VII plaintiffs if they can demonstrate that an employer engaged in unlawful intentional discrimination and acted "with malice or with reckless indifference to [a plaintiff's] federally protected rights. . . ." 42 U.S.C. § 1981a(b)(1) (2003); *Ward v. AutoZoners, LLC*, 958 F.3d 254, 263 (4th Cir. 2020). This standard requires proof that the employer discriminated "in the face of a perceived risk that its actions will violate federal law." *Kolstad v. Am. Dental Assoc.*, 527 U.S. 526, 535-36, 144 L. Ed. 2d 494, 119 S. Ct. 2118 (1999). This "is a high standard to meet." *Consol Energy*, 860 F.3d at 151.

Here, Plaintiff has no evidence establishing that BMW MC's actions were done with the requisite state of mind to intentionally discriminate against her. Importantly, this is not a case where BMW MC terminated Plaintiff's employment. Instead, BMW MC made a management decision to reorganize the Human Resources Department and, as part of that reorganization, planned to move Plaintiff from one Department Manager position to another (along with other

7

managers in the Department). However, rather than accept this planned reorganization, Plaintiff decided to resign and accept a significantly lower paying job with another local company, a job that she described as an opportunity that she could not pass up. (Keiser Dep. 69:1-5). Importantly, the undisputed evidence in the record shows that Plaintiff started looking for another job outside of BMW MC before she even knew about the plan to move her to the TX-64 Department Manager position or to bring an employee from Germany to fill the TX-60 role. There is absolutely no evidence to support a claim that in making the decision to reorganize the HR Department or to move Plaintiff to another Department Manager position, Defendants acted with malice or with reckless indifference to Plaintiff's federally protected rights. Accordingly, Plaintiff cannot establish that she is entitled to punitive damages under the "high standard" set by the Fourth Circuit.

Therefore, permitting Plaintiff to introduce arguments or evidence of compensatory and punitive damages absent any basis or evidence to support such an award would be a potential waste of judicial resources, would be unduly prejudicial to Defendants, and potentially may result in an improper award of damages for Plaintiff. For these reasons, Plaintiff should be precluded from introducing evidence or arguments regarding compensatory and punitive damages.

**C.     To Promote Judicial Economy and Prevent Unfair Prejudice, the Trial Should be Bifurcated into Two Phases to Determine Liability and Damages.**

In this case, to advance judicial economy and convenience and prevent unfair prejudice, BMW MC respectfully requests that the trial be bifurcated pursuant to Federal Rule of Civil Procedure 42(b) into (a) a first stage addressing Defendant's liability on Plaintiff's statutory claims, and (b) a second phase on the amount of damages, if any. Axiomatically, if BMW MC is not liable on the statutory claims, then Plaintiff is not entitled to damages and there would be no need for a second phase.

Rule 42(b) of the Federal Rules of Civil Procedure specifies that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues. . . ." Fed. R. Civ P. 42(b). Bifurcation of all damages is warranted for several compelling reasons. First, under Title VII, the issues of liability and remedies are distinct and separable. Accordingly, there is no concern that bifurcation would result in duplicate or overlapping evidence.

Second, bifurcation would not impose undue burden on the parties or witnesses. In fact, if the case is bifurcated into two phases to determine liability and damages, in phase I, Plaintiff's testimony would be limited to the reorganization of the Human Resources Department and her resignation. Plaintiff would not testify regarding emotional distress or damages calculations such as back pay. If Plaintiff prevails in Phase I, she may then present her damages claims in Phase II. If she does not prevail, the damages phase becomes unnecessary. This approach promotes judicial economy and avoids unnecessary expenditure of time and resources.

Third, trying liability and damages together would risk unfair prejudice to BMW MC and introducing evidence of Plaintiff's alleged emotional state could confuse the jury and improperly influence its deliberations through sympathy or bias. Bifurcation would eliminate this risk and ensure a fair trial focused solely on the claims at issue. Nor is there any compelling reason to try liability and damages together, especially when Phase II may never be needed. A bifurcation of the trial into two phases is therefore necessary to promote judicial economy and prevent unfair prejudice to BMW MC. *See Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 110 (4th Cir. 1991) ("when it is determined that the evidence relevant to the appropriate amount of punitive damages will be prejudicial to the jury's consideration of liability or compensatory damages, bifurcation of the trial . . . remains an available solution."); *McKiver*, 980 F.3d 937 at 976 (holding that the district

court should have bifurcated the trial as to the evidence regarding the parent's financial information to avoid undue prejudice); *EEOC v. A.C. Widenhouse, Inc.*, 576 F. App'x 227, 232 (4th Cir. 2014) (finding no abuse of discretion where the district court bifurcated the trial into phases of liability determination before evidence supporting an award of such damages was presented); *McCann v. Xpo Express*, 2018 U.S. Dist. LEXIS 239227, at *3-4 (D.S.C. Aug. 23, 2018) (ordering bifurcation on the issue of punitive damages to protect defendants from unfair prejudice); *Kartman v. Markle*, 2015 U.S. LEXIS 83857 at *9 (N.D. W. Va. June 29, 2015) (granting defendant's motion in limine to bifurcate the issues of punitive damages from the liability claim).

Accordingly, pursuant to Federal Rule of Civil Procedure 42 and well-established precedent, bifurcation is appropriate to avoid prejudice, promote efficiency, and ensure a fair and orderly trial.

## IV.   CONCLUSION

The circumstances of this litigation merit that Plaintiff be precluded from presenting evidence of compensatory and punitive damages to the jury and that a bifurcation of the liability and damages phases of the case is necessary to prevent unfair prejudice. Accordingly, Defendants respectfully request this Court grant this Motion.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted this the 29th day of December, 2025.

By: *s/ Ellison F. McCoy*
Ellison F. McCoy (Fed. I.D. No. 6389)
ellison.mccoy@jacksonlewis.com
D. Randle Moody II (Fed. I.D. No. 7169)
randy.moody@jacksonlewis.com
Mallory H. Gantt (Fed. I.D. No. 13867)
mallory.gantt@jacksonlewis.com
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000
*ATTORNEYS FOR DEFENDANT*
*BMW MANUFACTURING CO., LLC*

By: *s/Kurt M. Rozelsky*
Kurt M. Rozelsky (Fed I.D. No. 6299)
krozelsky@spencerfane.com
SPENCER FANE LLP
27 Cleveland St., Suite 201
Greenville, SC 29601
(864) 695-5200
*ATTORNEYS FOR DEFENDANT BAYERISCHE*
*MOTOREN WERKE AKTIENGESELLSCHAFT*