# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

|  |  |
|---|---|
| KELLY DAWSEY, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> BAYERISCHE MOTOREN WORKE ) <br> AKTIENGESELLSCHAFT and BMW ) <br> MANUFACTURING CO., LLC collectively ) <br> d/b/a "BMW GROUP," ) <br>  ) <br> Defendants. ) <br>  ) | C.A. No. 7:22-cv-03738-TMC |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING EXPAT GUIDELINES FOR PLANT SPARTANBURG PREPARED BY PLAINTIFF

Defendants Bayerische Motoren Worke Aktiengesellschaft ("BMW AG") and BMW Manufacturing Co., LLC ("BMW MC") submit this Motion in Limine to exclude Plaintiff from presenting evidence to the jury related to the Expat Guidelines for Plant Spartanburg prepared by Plaintiff in 2016. Pursuant to Local Civil Rule 7.04 because the grounds for this Motion are fully set forth below, no supporting memorandum is attached.

### I.     FACTUAL BACKGROUND

Plaintiff alleges that Defendants discriminated against her based on national original when, as part of a reorganization of the Human Resources Department, BMW MC planned to reassign her to a new Department Manager position (TX-64) and bring in a German employee from BMW AG to fill her current Department Manager position (TX-60). Plaintiff contends that she has direct evidence of discrimination in the form of a document entitled "Expat Guidelines for Plant Spartanburg" ("Expat Guidelines"), which she contends compelled BMW MC to hire a German

for the TX-60 position. Yet Plaintiff admits that she drafted the Expat Guidelines in 2016 based upon input provided by Johannes Trauth, a former Vice President of Human Resources at BMW MC. (Pl. Dep. 192:2-6.)[1] Plaintiff has adduced no evidence showing that any alleged decisionmaker in 2022 was even aware of the Expat Guidelines when making the transfer decision. Based upon her Rule 26(a)(3) Pretrial Disclosures, Plaintiff intends to introduce the Expat Guidelines as an exhibit at trial. (ECF No. 151 at 15.) However, for the reasons set forth herein, the Court should exclude Plaintiff from presenting any testimony or evidence related to that document.

## II.  LEGAL STANDARD

As a threshold matter, evidence must be relevant to be admissible. *See* Fed. R. Evid. 401, 402. Rule 401 of the Federal Rules of Evidence provides that "[e]vidence is relevant if it has any tendency to make the existence of any fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence which is not relevant to any issue or claim in an action lacks probative value and, thus, is inadmissible. Specifically, Rule 402 provides that, subject to limited exceptions not applicable here, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Even if evidence is relevant, the Court may still exclude the evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Trial courts have broad discretion in determining the relevancy of evidence. *See Briley v. Bass*, 742 F.2d 155 (4th Cir. 1984). Indeed, the exclusion of irrelevant evidence prior to trial comports with the purpose and construction of the Federal Rules of Evidence, which is "to secure

---

[1] The cited pages from Plaintiff's deposition are attached hereto in Exhibit A.

fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained, and proceedings justly determined." Fed. R. Evid. 102.

### III.  ARGUMENT

In previous filings in this case, Plaintiff has asserted that the Expat Guidelines are "a written policy to fill positions based on nationality." (ECF No. 97 at 3.) However, contrary to this assertion, there is no evidence that the Expat Guidelines were ever adopted as a policy by BMW MC. Furthermore, there is absolutely no evidence that directly connects the Expat Guidelines document with the employment decision at issue in this case. As a result, the Expat Guidelines document is not relevant to the issues presented in this case and thus should be excluded by the Court.

The Expat Guidelines were drafted by Plaintiff in January 2016, more than five-and-a-half years before the alleged employment decision at issue. (Pl. Dep. 191:14-29, Ex. 29.) Plaintiff testified that she drafted the document at the direction of Johannes Trauth, who at that time was the Vice President of Human Resources at BMW MC. (Pl. Dep. 192:2-6.) However, Mr. Trauth has not worked at BMW MC since December 2017.[2] (Pl. Dep. 200:22-201:4.) Plaintiff has presented no evidence that the individuals involved in making the decisions related to the 2021 HR Department reorganization - Dr. Engelhorn, Ms. Petrasch, and Ms. McCraw - were even aware of the Expat Guidelines document at the time the 2021 HR Department reorganization took place. (Petrasch Dep. 112:9-20.) More specifically, when asked by Plaintiff's counsel about the Expat Guidelines document, Ms. Petrasch testified as follows:

---

[2] Plaintiff admitted that Mr. Trauth no longer worked at BMW MC once Christine Petrasch became the Vice President of Human Resources, which occurred in January 2018. (Pl. Dep. 201:1-4; Petrasch Dep. 8:20-24.)

3

```
 8   BY MR. MURPHY:
 9   Q.   Ms. Petrasch, we've marked documents BMW MC 241 to
10        247 as Exhibit 17.  Are you familiar with this
11        document?
12   A.   No.
13   Q.   Have you ever seen it before?
14   A.   I don't know.  It is from 2016.  It was not under
15        my responsibility.
16   Q.   Do you know who developed it?
17   A.   I only see here TS-60.
18   Q.   So you don't know, other than the fact that it says
19        TS-60 on it?
20   A.   No.
```

(Petrasch. Dep. 112:8-20, Ex. 17.)[3] Furthermore, Plaintiff admitted in her deposition that no Expat Guidelines have been prepared since Mr. Trauth left BMW MC in late 2017. (Pl. Dep. 201:5-8.)

The Fourth Circuit has held that communications serve as direct evidence of discrimination if they are "1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the complained-of adverse employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Bandy v. City of Salem*, 59 F.4th 705, 711 (4th Cir. 2023). In other words, for the Expat Guidelines to be relevant to Plaintiff's claim of national origin discrimination, that document must have actually been used by BMW MC in making the decision to transfer her to the TX-64 position and to bring in a German national to fill the TX-60 position.

---

[3] The cited pages from Christine Petrasch's deposition are attached hereto in Exhibit B.

Dawsey's attempt to use the Expat Guidelines to prove direct discrimination falls short of the standards established by the court in *Bandy* for multiple reasons:

- The Expat Guidelines document was prepared in January 2016, more than five (5) years before the decision at issue in this case. As a result, the document is not sufficiently proximate to the alleged employment decision to provide admissible evidence of discrimination. In *Alberti v. Rector & Visitors of the Univ. of Va.*, 65 F.4th 151, 155 (4th Cir. 2023), the Fourth Circuit applied the criteria in Bandy to conclude that derogatory statements made about the plaintiff's ethnicity did not constitute direct evidence of discrimination. In Alberti, the court reasoned that the discriminatory statements could not prove discrimination because "most of the comments" had occurred four years before his dismissal and at worst were made six to eighteen months before any of the adverse action about which he complained. *Id.*; s*ee also Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 512 (4th Cir. 1994) (citing *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1026 (6th Cir. 1993) (stating that a discriminatory statement made one year before an adverse employment decision was too remote in time)).

- The Expat Guidelines document was created by Plaintiff herself, allegedly under the direction of Johannes Trauth, a former Vice President of Human Resources who has not worked at BMW MC since December 2017. Neither Plaintiff nor Mr. Trauth were involved in making the decision at issue in this case.

- There is no evidence that any of the decision makers – Dr. Engelhorn, Ms. Petrasch, and Ms. McCraw – had any knowledge of the Expat Guidelines document or in any

way relied on that document in making the decision to transfer Plaintiff from the TX-60 Department Manager position to the TX-64 Department Manager position. Based upon this undisputed evidence, Plaintiff cannot establish that the Expat Guidelines document is relevant to her claim of national origin discrimination in this case. Accordingly, the Court should grant Defendants' Motion in Limine and exclude Plaintiff from presenting any testimony or evidence regarding the Expat Guidelines document at trial.

Even if this Court determines that the Expat Guidelines bear some marginal relevancy to Plaintiff's national origin discrimination claim, this document still should be excluded on the grounds that any probative value is greatly outweighed by the danger of unfair prejudice and because such evidence will potentially confuse the trier of fact. *See* Fed. R. Evid. 403. Specifically, if this document is allowed into evidence, it could confuse the jury and lead them to believe that a document created in 2016 was used as the basis for an employment decision in 2021 when there is no evidence to support such a conclusion. Furthermore, Defendants would be prejudiced by allowing Plaintiff to potentially establish discriminatory intent through a self-serving document that she herself authored many years before the alleged discriminatory action. To avoid such confusion and prejudice, Rule 403 dictates that the Expert Guidelines documents must be excluded by the Court.

## IV. **CONCLUSION**

For the reasons set forth above, Defendants request that this Court grant their Motion in Limine and exclude Plaintiff from presenting any testimony or evidence regarding the Expat Guidelines document at trial. Defendants submit that the Court's determination of this evidentiary matter prior to trial will assist the parties in trial preparations, will expedite trial proceedings, and will minimize loss of time for the Court, the witnesses, and the parties.

Respectfully submitted this the 29th day of December, 2025.

By: *s/ Ellison F. McCoy*
Ellison F. McCoy (Fed. I.D. No. 6389)
ellison.mccoy@jacksonlewis.com
D. Randle Moody II (Fed. I.D. No. 7169)
randy.moody@jacksonlewis.com
Mallory H. Gantt (Fed. I.D. No. 13867)
mallory.gantt@jacksonlewis.com
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000
*ATTORNEYS FOR DEFENDANT*
*BMW MANUFACTURING CO., LLC*

By: *s/Kurt M. Rozelsky*
Kurt M. Rozelsky (Fed I.D. No. 6299)
krozelsky@spencerfane.com
SPENCER FANE LLP
27 Cleveland St., Suite 201
Greenville, SC 29601
(864) 695-5200
*ATTORNEYS FOR DEFENDANT BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT*