**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| KELLY DAWSEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAYERISCHE MOTOREN WERKE )<br>AKTIENGESELLSCHAFT and BMW )<br>MANUFACTURING CO., LLC collectively )<br>d/b/a "BMW GROUP," )<br>)<br>Defendants. )<br>) | C.A. No. 7:22-cv-03738-TMC |

**DEFENDANTS' MOTION FOR A RULE 56(g) ORDER OR, IN THE ALTERNATIVE, MOTION IN LIMINE TO EXCLUDE ANY ATTEMPT BY PLAINTIFF TO ASSERT THAT SHE WAS FORCED OR COMPELLED TO RESIGN FROM BMW MANUFACTURING**

Defendants Bayerische Motoren Worke Aktiengesellschaft ("BMW AG") and BMW Manufacturing Co., LLC ("BMW MC") submit this Motion requesting that the Court enter an Order pursuant to Federal Rule of Civil Procedure 56(g) establishing as a material fact that Plaintiff was not forced or compelled to resign from employment at BMW MC. In the alternative, Defendants submit a Motion in Limine to exclude Plaintiff from presenting any evidence that she was forced or compelled to resign from employment or was constructively discharged by BMW MC. Pursuant to Local Civil Rule 7.04 because the grounds for this Motion are fully set forth below, no supporting memorandum is attached.

1

## I.     INTRODUCTION

There is no dispute in this case that Plaintiff resigned from employment at BMW MC in January 2022. (Pl. Dep. Ex. 54.)[1] At the outset of this case, Plaintiff asserted in multiple pleadings that her resignation from employment amounted to a constructive discharge. Specifically, Plaintiff's Charge of Discrimination alleges that she was "constructively discharged on the basis of my national origin, sex, and race." (Pl. Dep. Ex. 59.) Then, in her Amended Complaint, Plaintiff alleges that she "had no reasonable alternative but to resign." (ECF No. 20 at ¶¶ 63, 72.) Finally, Plaintiff's Response to the Motion to Dismiss filed by BMW AG states that "Plaintiff nowhere alleges that her resignation was voluntary. To the contrary, her pleading alleges a constructive discharge." (ECF No. 45 at p. 2, n. 3.) Despite these early pleadings to the contrary, Plaintiff responded to BMW MC's Motion for Summary Judgment by disclaiming any reliance on a constructive discharge theory. (ECF 117 at 12 ("constructive discharge – is not an issue in this case); *Id*. at 14 ("Dawsey is not alleging constructive discharge)). In his Report and Recommendation, Magistrate Judge McDonald acknowledged that "plaintiff also makes clear that she is not bringing a claim for constructive discharge." (ECF No. 113 at 15, n. 3.) This Court then stated in its Order denying Summary Judgment: "[O]n January 3, 2022, Plaintiff called Petrasch and told her that she was resigning from BMW MC, and then provided written notification that her final day of employment at BMW MC would be January 14, 2022." (ECF No. 119 at 5-6.)

Regrettably, it appears that on the eve of trial, Plaintiff intends to change her deposition testimony and revoke her repeated concessions to this Court about the nature of her separation from BMW MC so that she can attempt to litigate her claim as one of discharge rather than demotion. See ECF 146 at 1 (alleging that BMW MC's opposition to Plaintiff's Motion to Exclude

---

[1] The cited pages from Plaintiff's Deposition are attached hereto in Exhibit A.

was "nothing but a veiled effort to have this Court find that Dawsey voluntarily resigned"). Yet this Court has already concluded that the facts, viewed in the light most favorable to the Plaintiff, establish that Plaintiff was not forced to resign from BMW MC. By entering a Rule 56(g) order establishing Plaintiff's voluntary resignation as undisputed, this Court will save itself, the parties and the jury significant amounts of time that would be wasted on an issue that has already been resolved by the court and conceded by the Plaintiff in motion practice. Accordingly, for these reasons and those that follow, Defendants request that the Court issue a Rule 56(g) order establishing as a material fact that Plaintiff was not forced or compelled to resign from employment at BMW Manufacturing. In the alternative, Defendants request that the Court grant their Motion in Limine to exclude Plaintiff from presenting any testimony or evidence to the jury that she was forced or compelled to resign from employment.

## II.     APPLICABLE LAW

Federal Rule of Civil Procedure 56(g) provides that when a "court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). "Rule 56(g) is 'ancillary' to the ultimate summary-judgment analysis, operating to 'salvage some results' from the time and resources spent in deciding unsuccessful summary-judgment motions." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019) Wright & Miller, 10B Fed. Prac. & Proc. § 2737 (4th ed. 2018).

## III.     ARGUMENT

In this case, the court's Summary Judgment Order accurately states her claim as one of demotion, not discharge. However, Plaintiff's recent filings in this case reveal an intent to backtrack from earlier filings in the case in an effort to now assert that she should be entitled to

3

damages related to a forced resignation, *i.e.*, constructive discharge.  To avoid confusion of the issues and the waste of litigating an issue that was previously conceded by Plaintiff and acknowledged by this Court, BMW MC requests that the Court enter an appropriate order under Rule 56(g).

A plaintiff claiming that she was discriminatorily terminated from employment must prove "actual or constructive discharge." *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994).  Here, there is no evidence that Plaintiff was <u>actually</u> discharged from employment by BMW MC.  Following its review of the evidence on summary judgment, this Court sensibly concluded that Plaintiff had indeed resigned rather than discharged from her employment at BMW MC.  (ECF No. 119 at 5-6.)[2]  Given Plaintiff's claims to having been demoted, this Court's Summary Judgment Order specified the claim that Plaintiff makes in this case and which is the subject of the upcoming trial: "the Court agrees that Plaintiff has offered sufficient evidence to permit a finder of act to conclude that the adverse employment action occurred when BMW MC announced Plaintiff would be demoted." (*Id.* at 13.)  Based apparently on Plaintiff's overactive imagination, she has now forecast that she intends to proceed to trial on the wholly unsupported proposition that, notwithstanding her resignation letter and the reems of evidence showing her resignation, that she was discharged by BMW MC.  (*See* ECF 146 at 1.)  No reasonable juror could believe this contention and the Court should adopt as an established fact for trial its earlier factual finding that Plaintiff resigned her employment and did so voluntarily.

---

[2] In ruling on Defendant BMW MC's Motion for Summary Judgment, the Court was required to view the facts in a light most favorable to Plaintiff.  In this favorable light, the Court found that Plaintiff called her direct supervisor, Christine Petrasch, on January 3, 2022, to resign from employment and then submitted a written letter of resignation to BMW MC.  (ECF No. 119 at 5-6.)  Furthermore, there is no dispute that when Plaintiff resigned from employment, she still held the TX-60 Department Manager position at BMW MC.

4

As the Fourth Circuit acknowledged in *Carter*, a discharge can be shown not only by an actual discharge—not present in this case—or by a resignation intentionally procured by mistreatment, a so-called "constructive discharge." 33 F.3d at 459. "To prove constructive discharge, a plaintiff must at the outset show that his employer 'deliberately made [his] working conditions intolerable in an effort to induce [him] to quit.' Plaintiff must therefore demonstrate: (1) that the employer's actions were deliberate, and (2) that working conditions were intolerable." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 262 (4th Cir. 2006) (quoting *Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 272 (4th Cir. 2001)). A claim of constructive discharge via demotion must prove the same elements. *Laird v. Fairfax Cty.*, 978 F.3d 887, 895 (4th Cir. 2020) (Wynn, J., concurring); see also *Amaker v. Winn-Dixie, Inc.*, No. 95-1254, 1995 U.S. App. LEXIS 33487, at *7 (4th Cir. Dec. 1, 1995).

In this case, Plaintiff has never made any attempt to prove, let alone allege, that BMW MC intended to induce her to quit. Rather, the undisputed evidence shows that BMW MC intended for her to take another Department Manager position in the same department. (ECF No. 119 at 4.) Furthermore, Plaintiff has identified no evidence whatsoever that her working conditions were intolerable. Indeed, the opposite is true as Plaintiff was hired for a position outside of BMW MC on December 10, 2021, yet continued to work at BMW MC for over a month before leaving to start her new job. (ECF No. 119 at 5-6.) Based upon these facts, Plaintiff clearly cannot establish a claim for constructive discharge under prevailing Fourth Circuit law.[3]

---

[3] In his Report and Recommendation, Magistrate Judge McDonald ruled as follows: "The plaintiff also makes clear that she is not bringing a claim for constructive discharge (doc. 97 at 24, 33) ('that is not the theory'). However, even if she had brought such claim, the undersigned would recommend that it be dismissed as well because no reasonable jury could find that her working conditions were sufficiently intolerable based on a future job transfer." (ECF No. 113 at 15, n. 3.) Notably, Plaintiff did not object to this holding in the Report and Recommendation.

Plaintiff cannot show, as a factual matter, that BMW MC actually discharged her, and this Court has already made factual findings to that end in the Summary Judgment Order. Moreover, Plaintiff has no evidence of constructive discharge and has expressly abandoned any such claim. Accordingly, BMW MC requests an order pursuant to Rule 56(g) so that the parties can "'salvage some results' from the time and resources spent in deciding unsuccessful summary-judgment motions." Not only will an order save the parties time and resources on the issue, it will potentially save the court and jurors days of testimony and dozens of exhibits in service of proving a fact that Plaintiff apparently intends to dispute by changing her testimony, defying all available documentary and testimonial evidence, and reneging on her prior concessions.

In the alternative, should the Court deny BMW MC's request for a Rule 56(g) Order, BMW MC respectfully requests that this Court grant BMW MC's Motion in Limine to prevent Plaintiff from making any argument, testifying, or presenting any documentation to the jury that she was forced or compelled to resign from employment at BMW MC or that she was constructively discharged by BMW MC. Pursuant to Rule 403 of the Federal Rules of Evidence, evidence should be excluded if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Given that Plaintiff has already submitted filings to this Court in which she abandoned any claim of constructive discharge, it would be unfairly prejudicial to Defendants to now allow her to backtrack at trial and argue to the jury that she was forced to resign by BMW MC. Furthermore, such arguments run the risk of misleading the jury on an issue that is not before them in this case. Finally, allowing Plaintiff to make such arguments would result in undue delay and the wasting of time as it would require Defendants to put on additional

evidence to establish that Plaintiff was never forced or compelled to resign from employment. As a result, such evidence should be excluded pursuant to the requirements of Rule 403.

## IV.    CONCLUSION

For the reasons set forth above, Defendants submit that this Court should grant this Motion and enter a Rule 56(g) Order establishing as a material fact that Plaintiff was not forced or compelled to resign from employment at BMW MC. In the alternative, the Court should exclude Plaintiff from presenting any evidence that she was forced or compelled to resign from employment or was constructively discharged by BMW MC. Defendants submit that the Court's determination of this evidentiary matter prior to trial will assist the parties in trial preparations, will expedite trial proceedings, and will minimize loss of time for the Court, the witnesses, and the parties.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted this the 29th day of December, 2025.

> By: *s/ Ellison F. McCoy*
> Ellison F. McCoy (Fed. I.D. No. 6389)
> ellison.mccoy@jacksonlewis.com
> D. Randle Moody II (Fed. I.D. No. 7169)
> randy.moody@jacksonlewis.com
> Mallory H. Gantt (Fed. I.D. No. 13867)
> mallory.gantt@jacksonlewis.com
> JACKSON LEWIS P.C.
> 15 South Main Street, Suite 700
> Greenville, SC 29601
> (864) 232-7000
> *ATTORNEYS FOR DEFENDANT*
> *BMW MANUFACTURING CO., LLC*
>
> By: *s/Kurt M. Rozelsky*
> Kurt M. Rozelsky (Fed I.D. No. 6299)
> krozelsky@spencerfane.com
> SPENCER FANE LLP
> 27 Cleveland St., Suite 201
> Greenville, SC 29601
> (864) 695-5200
> *ATTORNEYS FOR DEFENDANT BAYERISCHE*
> *MOTOREN WERKE AKTIENGESELLSCHAFT*