**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| KELLY DAWSEY, )<br><br>Plaintiff, )<br><br>v. )<br><br>BAYERISCHE MOTOREN WERKE )<br>AKTIENGESELLSCHAFT and BMW )<br>MANUFACTURING CO., LLC collectively )<br>d/b/a "BMW GROUP," )<br><br>Defendants. ) | C.A. No. 7:22-cv-03738-TMC |

**DEFENDANT BAYERISCHE MOTOREN WERKE
AKTIENGESELLSCHAFT'S MOTION IN LIMINE**

COMES NOW Defendant, Bayerische Motoren Werke Aktiengelsellschaft (BMW AG), by and through its undersigned counsel, and submits its Motion in Limine to exclude Plaintiff's deposition testimony regarding employment decisions made by BMW AG in which she learned from an employee of BMW Manufacturing Co., LLC ("BMW MC"), a co-defendant in this case.

**BACKGROUND**

BMW AG is a German corporation and indirect corporate parent of co-defendant, BMW Manufacturing Co., LLC ("BMW MC"). (Am. Cplt., ECF 20, ¶¶4, 6). Plaintiff at all times was employed by BMW MC. (Dawsey depo. p. 16, ll. 13-16). Plaintiff alleges that she was informed by a BMW MC employee that she would potentially be laterally transferred to another position. (Dawsey depo. p. 106, ll. 12-14). As her sole direct evidence that Defendant BMW AG is legally responsible for the alleged discrimination, Plaintiff is expected to testify that the same BMW MC

employee told her that the decision to transfer her was at the direction of BMW AG, generally the "T" and "P" circles of management. (Dawsey depo. p. 226, ll. 12-18).

```
12   Q.   And then you -- you had the next statement you
13        wrote is what?
14   A.   The only way to get a local TX-6 is to have an
15        international TX-60 to be a bridge to Germany.  It
16        is already discussed with T and P and it's done.
17   Q.   And you say Ms. Petrasch said that?
18   A.   Ms. Petrasch said that to me.
```

Plaintiff did not obtain testimony from any BMW AG witness during discovery in this case, nor has she identified any document tending to show that BMW AG directly made the alleged decision to demote her at BMW MC. Instead, she appears poised to attribute this decision to BMW AG by testifying that a BMW MC employee told her that unidentified personnel at BMW AG "discussed" the decision and thus implicitly approved it. The challenged testimony is inadmissible hearsay, lacks proper foundation, constitutes improper opinion testimony, and would unfairly prejudice and confuse the jury by attributing employment decision-making authority to a non-employer. For the reasons set forth herein, BMW AG respectfully requests that this Court exclude Plaintiff's testimony regarding BMW AG's employment decisions that were told to Plaintiff by a non-BMW AG employee who lacks personal knowledge regarding any involvement of BMW AG in the decision-making.

<u>**ARGUMENT**</u>

## I.    THE ALLEGED STATEMENT IS INADMISSIBLE HEARSAY

Plaintiff's testimony regarding the entity responsible for the employment decision to transfer her to another position should be excluded as inadmissible hearsay.[1] Plaintiff seeks to prove who made the employment decision through an out-of-court statement made by a third-party defendant. Because the statement is offered for its truth and lacks any applicable exception, it must be excluded under the Federal Rules of Evidence.

### A.    The Statement is An Out-of-Court Assertion Offered for Its Truth.

At trial, it is expected that Plaintiff will seek to offer testimony recounting what she was allegedly told by a BMW MC employee regarding the source of the transfer decision. The only reference of this testimony is to establish the truth of the matter asserted—namely, that some underlying person or persons at BMW AG, rather than or in addition to Plaintiff's actual employer, was responsible for the challenged employment decision.

Rule 801(c) of the Federal Rules of Evidence defines hearsay as a statement that: (1) the declarant does not make while testifying at a current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Plaintiff does not offer the statement for any other purpose than to establish substantive proof of decision-making authority in order to impose liability on BMW AG.

---

[1] Plaintiff has made numerous arguments about the general corporate relatedness of BMW AG and BMW MC, *see e.g.* ECF 104 Plaintiff's Response in Opposition to BMW AG's Motion for Summary Judgment. This motion in limine addresses specific testimony regarding the decision to transfer Plaintiff and is not addressing Plaintiff's general arguments regarding control or an attempt to exclude them.

Indeed, without the truth of the alleged statement, the testimony has no probative value at all. Whether a BMW MC employee said that BMW AG made the decision to transfer Plaintiff is legally irrelevant unless the jury is invited to accept that assertion as true. Courts routinely exclude such testimony where, as here, the statement is offered solely to establish responsibility for an employment decision by a separate corporate entity. *See Integrated Communications & Technology, Inc. v. Hewlett-Packard Financial Services Company*, 478 F.Supp.3d 126, 136 (D. Mass. 2020) ("[t]he statement of a subsidiary may be attributed to its corporate parent, consistent with agency theory, where the parent dominates the activities of the subsidiary. [E]vidence of such domination [is] required before the statement of a subsidiary may be attributed to its corporate parent. The fact of the subsidiary's status as a subsidiary is not enough.") (quoting *Big Apple BMW Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1373 (3d Cir. 1992)); *see also* Fed. R. Evid. 801(c), 802.

Allowing Plaintiff to present this testimony would permit her to establish a critical element of her claims—employer involvement and control—through an untested, out-of-court assertion, which is impermissible hearsay testimony under the Federal Rules of Evidence.

## B.    Rule 801(d)(2) Does Not Apply Because the Declarant Was Not BMW AG's Agent or Authorized Representative.

Plaintiff may attempt to characterize the statement as a party-opponent admission, but the evidentiary foundation required for Rule 801(d)(2) is entirely absent here. As an initial matter, a statement made by a party opponent may be offered only as against that specific party opponent in order for the hearsay exception to apply. *U.S. v. Portsmouth Paving Corp.*, 694 F.2d 312, 321 (4th Cir. 1999) ("A party's own statements *offered against him* are excluded from the definition of hearsay by Rule 801(d)(2)(A).") (emphasis added). Plaintiff attempts to use statements made

by a declarant employed by co-defendant, BMW MC as evidence against co-defendant, BMW AG, which is impermissible hearsay. Since Plaintiff intends to offer the statement made by BMW MC against another party, BMW AG, the offered statement does not qualify as an opposing party statement within the meaning of Rule 801(d)(2)(A) and should be excluded as impermissible hearsay.

To the extent the Plaintiff argues that an agency relationship exists, such argument also fails. The BMW MC employee who made the statement was neither employed by nor authorized to speak on behalf of BMW AG. A parent-subsidiary relationship alone does not establish agency or render the parent liable for the subsidiary's employment decision under Title VII or § 1981. *See Johnson v. Flowers Industries, Inc.*, 814 F.2d 978 (4th Cir. 1987) (explaining that a parent company cannot be an employer responsible for making employment decisions simply because it is a parent company and that a parent company is the employer of its subsidiary only if it controls the subsidiary's employment decisions or dominates the subsidiary such that the corporations are the same entity). Accordingly, statements made by a subsidiary's employee are not admissible against the parent company absent independent evidence of agency or authorization, which does not exist here. *Portsmouth Paving Corp.*, 694 F.2d 312, 321 (4th Cir. 1999) (explaining that testimony is admissible where there is independent evidence demonstrating that an agency relationship between the party opponent and the declarant existed ***and*** that the information was within the scope of the declarant's employment.)

Here, Plaintiff has not provided any basis supported by the evidence in the record to establish that an agency relationship existed between the BMW AG and the BMW MC employee who allegedly informed Plaintiff regarding the employment decision to transfer her. Therefore, Rule 801(d)(2) does not apply.

### C.    The Statement Constitutes Impermissible Double Hearsay.

Even assuming arguendo that the BMW MC employee accurately repeated what she believed to be true, Plaintiff must still establish that the declarant had firsthand knowledge of BMW AG's involvement in the employment decision. She cannot do so.

The declarant was not an employee of BMW AG, did not participate in its internal decision-making, and lacked authority to make or communicate employment decisions on its behalf. As a result, any assertion by the declarant that BMW AG made the transfer decision necessarily rests on additional out-of-court statements, assumptions, and informal communications.

Specifically, the testimony contains at least two distinct layers of hearsay: (1) the declarant's out-of-court statement to Plaintiff attributing the transfer decision to BMW AG; and (2) the source(s) from whom the declarant allegedly learned that BMW AG made the decision. Both layers must independently satisfy a hearsay exception or exclusion to be admissible. Fed. R. Evid. 805; *Portsmouth Paving Corp.*, 694 F.2d 321 (agency for Rule 801(d)(2) purposes must be established by independent evidence, not by the statement itself). Plaintiff cannot establish that the second layer qualifies as a party admission under Rule 801(d)(2) because there is no evidence that any source of information was an employee, agent, or authorized spokesperson of BMW AG speaking within the scope of such authority.

Where the witness lacks firsthand knowledge attributing corporate decision-making to a parent entity, courts may exclude such testimony as permitting such testimony would allow the Plaintiff to prove employer status or decision-making authority based on rumor, assumption, or speculation rather than evidence.

## II.    THE TESTIMONY LACKS PERSONAL KNOWLEDGE AND IS IMPROPER LAY OPINION

In addition to the hearsay defects, the challenged testimony must be excluded because it fails to satisfy the threshold requirements for witness competence and opinion testimony under the Federal Rules of Evidence. Plaintiff seeks to introduce testimony attributing a corporate employment decision to a parent entity based on speculation and inference, rather than firsthand knowledge; the Rules do not permit such testimony. Plaintiff's strategic decision to not depose any of the alleged BMW AG principals punctuates her decision to evade the ordinary discovery and proof systems.  By electing not to obtain testimony from the BMW AG and not to introduce any document supporting her assertion though she has the burden of proof, allowing the inadmissible hearsay here would improperly impose on BMW AG the burden to disprove Plaintiff's uncorroborated hearsay assertions.   This Court should exclude Plaintiff's attempt to do so.

### A.    The Declarant Lacked Personal Knowledge of BMW AG's Alleged Decision-Making as Required Under Rule 602.

Federal Rule of Evidence 602 states that "[a] witness may testify only if evidence introduced to support a finding that the witness has personal knowledge of the matter." Here, the declarant, an employee of BMW MC, had no personal involvement in BMW AG's internal deliberations. The declarant was not employed by BMW AG, did not participate in its decision-making process, and lacked authority to act or speak on its behalf. Absent personal participation or observation, any assertion by the declarant that BMW AG made the employment decision to transfer Plaintiff necessarily rests on speculation or secondhand information, which is insufficient under Rule 602.

**B.     The Testimony Constitutes Impermissible Lay Opinion on Corporate Authority and Control.**

Plaintiff also seeks to elicit testimony that improperly opines on matters reserved for the jury, namely, which corporate entity exercised authority and control over the challenged employment decision. Such testimony exceeds the scope of permissible lay opinion under Rule 701 of the Federal Rules of Evidence. *See Yoo v. BMW Manufacturing Co.*, WL 1416882 at *5 (D.S.C. Mar. 29, 2019) (explaining that it is a question of fact whether entities can be joined as a single employer).

Rule 701 permits lay opinion only where it is (1) rationally based on the witness's perception, (2) helpful to the jury, and (3) not based on scientific, technical, or specialized knowledge. Testimony attributing an employment decision to a corporate parent fails all three requirements. Determining which corporate entity made an employment decision involves conclusions about corporate governance, intercompany relationships, and control—issues that are neither based on personal perception nor appropriate for lay opinion. The Fourth Circuit has repeatedly held that speculative opinion testimony by lay witnesses is generally inadmissible. *See U.S. v. Perkins*, 470 F.3d 150, 155-156 (4th Cir. 2006).

Here, attributing the transfer decision to BMW AG constitutes a conclusion about corporate authority and control that a jury must decide based on competent evidence, not through speculative opinion testimony of a non-decisionmaker who is employed by a wholly separate entity. The prejudice from allowing this testimony flows against BMW AG only. Plaintiff cannot claim to be prejudiced by the exclusion of the hearsay statements because she had the opportunity to gather direct evidence in support of her claim against BMW AG but either failed or opted not to do so.

## III.     ANY MINIMAL PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE AND JURY CONFUSION

Rule 403 of the Federal Rules of Evidence states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by. . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Thus, the Court must assess the actual probative value of the evidence in light of the issues the jury must decide. In this instance, the probative value of the evidence is lacking.

To prevail under Title VII or §1981, Plaintiff must establish that BMW AG was her employer or exercised sufficient control over the challenged employment action. Allowing Plaintiff to proffer testimony based on speculative information obtained from a BMW MC employee would improperly invite the jury to disregard corporate separateness. The danger of confusi9on and misleading the jury is particularly acute in this case. The jury will be asked to determine whether BMW AG can be held liable as an employer under complex legal doctrine governing parent-subsidiary relationships, including the integrated employer framework. Allowing Plaintiff to introduce testimony suggesting, without foundation, that BMW AG made the decision to transfer Plaintiff invites the jury to short circuit the required legal analysis, rather than evaluating the specific factors governing employer status.

BMW AG was not Plaintiff's employer and did not make the decision to transfer Plaintiff, therefore, introducing testimony from Plaintiff regarding information that a BMW MC employee told her about BMW AG's decision-making authority would substantially risk unfair prejudice, confuse the issues, and mislead the jury, warranting exclusion under Rule 403 of the Federal Rules of Evidence. For these reasons, the testimony should be excluded under Rule 403, independent of its inadmissibility under Rukes 801, 602, and 701.

## IV.    REQUEST FOR RELIEF

Because the challenged testimony is inadmissible on multiple independent grounds, exclusion before trial is necessary to ensure a fair presentation of the evidence. BMW AG respectfully requests that the Court enter an order prohibiting Plaintiff, her witnesses, and her counsel from introducing or referencing any testimony, evidence, or argument that a BMW MC employee stated that \BMW AG made the decision to transfer Plaintiff.

Alternatively, BMW AG requests a Rule 104 hearing outside of the presence of a jury to determine whether Plaintiff can establish a proper evidentiary foundation for admission of such testimony.

Respectfully submitted this the 29th day of December 2025.

/s/ Kurt M. Rozelsky
Kurt M. Rozelsky (Fed. I.D. No. 6299)
SPENCER FANE LLP
27 Cleveland St., Suite 201
Greenville, SC 29601
(864) 695-5200

*ATTORNEY FOR DEFENDANT*
*BAYERISCHE MOTOREN WERKE*
*AKTIENGESELLSCHAFT*