IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| KELLY DAWSEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAYERISCHE MOTOREN WORKE )<br>AKTIENGESELLSCHAFT and BMW )<br>MANUFACTURING CO., LLC collectively )<br>d/b/a "BMW GROUP," )<br>)<br>Defendants. )<br>) | C.A. No. 7:22-cv-03738-TMC |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE REGARDING IRRELEVANT EFFORTS TO DISPARAGE PLAINTIFF'S CHARACTER**

Defendants Bayerische Motoren Worke Aktiengesellschaft ("BMW AG") and BMW Manufacturing Co., LLC ("BMW MC"), submit this Response to Plaintiff's Motion in Limine Regarding Irrelevant Efforts to Disparage Plaintiff's Character. (ECF No. 152.) Plaintiff's Motion opens by declaring her "excellent performance" at BMW MC. (*Id*. at 1.) The remainder of her motion operates as a request that the Court bar two BMW MC witnesses from testifying about her job performance. The prejudice of such an evidentiary imbalance is obvious. If Plaintiff puts these topics at issue again—as she did by declaring her "excellent performance" and soliciting the deposition testimony about which she now complains—Defendants should be able to offer rebuttal evidence and testimony. For the reasons set forth below, Plaintiff's Motion should be denied.

**I.     FACTUAL BACKGROUND**

On December 29, 2025, Plaintiff filed a Motion in Limine seeking to prohibit Defendants from presenting testimony from two BMW MC witnesses, Scott Medley and Eva Burgmeier,

regarding their observations, impressions and opinions regarding Plaintiff's work performance at BMW MC.[1] Plaintiff's Motion cites only testimony responsive to questions posed by Plaintiff's counsel during their depositions. (*See* ECF No. 152-1 and 152-2.) In particular, both Mr. Medley and Ms. Burgmeier testified that after Plaintiff resigned from BMW MC and the Human Resources Department was reorganized, they identified specific concerns related to Plaintiff's job performance when she was in the TX-60 Department Manager position. Plaintiff wrongly asserts that this testimony is irrelevant, unfairly prejudicial, and constitutes inadmissible character evidence under Rule 404 of the Federal Rules of Evidence.

## II.     LEGAL STANDARD

Federal Rule of Evidence 402 permits introduction of consequential evidence if it has "*any tendency to make a fact more or less probable than it would be without the evidence.*" Fed. R. Evid. 401 & 402 (emphasis added). Rule 403 permits exclusion of evidence in the rare case that its probative value is outweighed by unfair prejudice or another enumerated factor. Fed. R. Evid. 403. Rule 404 bars character evidence only to the extent that it is used "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Taken together, these rules allow the evidence that Plaintiff solicited from Medley and Burgmeier to the extent that Plaintiff puts her job performance at issue during the trial.

## III.     ARGUMENT

In her Motion in Limine, Plaintiff seeks to bar Medley and Burgmeier from testifying about observations, impressions and opinions regarding Plaintiff's work performance at BMW MC, contending that their testimony does not bear on BMW MC's decision to transfer Plaintiff from

---

[1] It is disingenuous, at best, to claim that "BMW brought out the long knives to attack [Plaintiff's] performance and character" only to complain about testimony that *Plaintiff's counsel solicited* in cross-examination.

the TX-60 position at issue in this case. Yet Plaintiff contends, at the same time, that her "excellent performance" is an unassailable fact that will lead a jury to conclude that discrimination could be the only reason for BMW MC's proposal to transfer her. Plaintiff, however, cannot attempt to establish facts related to her performance while barring BMW MC employees from offering contrary testimony. *See, e.g., Sherman v. Motorola Sols., Inc.*, Civil Action No. 16-cv-01602-MEH, 2018 U.S. Dist. LEXIS 30440, at *9 (D. Colo. Feb. 26, 2018) (permitting evidence regarding work performance in discrimination case because plaintiff's allegations of "competent, efficient and exemplary work" had "open[ed] the door to rebuttal evidence").

In this case, Sherry McCraw testified that when reorganizing the Human Resources Department, she made the decision to move Plaintiff to the TX-64 position based in part upon job performance considerations. Specifically, Ms. McCraw indicated that she thought Corey Epps was a better fit than Plaintiff for the TX-61 Department Manager position. (McCraw Dep. 18:12-18, 21:10-22.)[2] Ms. McCraw also testified that she had previously complained about Plaintiff's job performance in the TX-60 role. (McCraw Dep. 22:18-23:6.) Therefore, Plaintiff's job performance is relevant to and probative of the claims being asserted by Plaintiff in this case. Defendants must be able to offer testimony that will corroborate and bolster opinions that McCraw expresses and that Plaintiff will surely attempt to impeach, impugn, and malign. Once Plaintiff opens the door by calling into question the veracity or legitimacy of McCraw's opinions, she has necessarily opened the door to the testimony that corroborates those opinions.

As to Plaintiff's Rule 403 argument, she does not make a distinct argument about unfair prejudice. Instead, she re-frames her relevance argument. (ECF 152 at 4-5 ("has nothing to do with anything . . . irrelevant matters . . . unrelated to either decision.") Plaintiff does not make an

---

[2] The cited pages from the Deposition of Sherry McCraw are attached hereto in Exhibit A.

3

independent prejudice argument because she has none.  If she attempts to prove discrimination by showing that her job performance was too exceptional to warrant her transfer, Defendants are entitled to challenge that testimony.  Such prejudice will be of her own making and not unfair in any respect.

Finally, Plaintiff's character evidence argument is untethered from the language and purpose of Rule 404, which prohibits character evidence only where it is used "to prove that on a particular occasion the person acted in accordance with the character or trait."  Fed. R. Evid. 404.  Nothing in Rule 404 or elsewhere prohibits evidence of an employee's performance in the job in question in a discrimination case.

In her motion, Plaintiff cites *Strom v. Holiday Cos*., 789 F. Supp. 2d 1060, 1089 (N.D. Iowa 2011), for her argument against the introduction of character evidence and erroneously implies that the evidence at issue in *Strom* was evidence regarding the performance of plaintiff's duties of the disputed job.  (ECF 152 at 5.)  Yet at issue in *Strom* was the admissibility of the plaintiff's "work history of abandoning jobs or quitting them abruptly without notice."  789 F. Supp. 2d at 1088.  In other words, the evidence that the court excluded in *Strom* was evidence about the plaintiff's performance of *other jobs* that predated her employment with the defendant.  Nothing in *Strom* states or even suggests that the court intended to exclude evidence regarding how the plaintiff performed while in the defendant's employ.

Defendants have not presented evidence regarding Plaintiff's job performance to establish general character.  As Plaintiff concedes in the Motion in Limine, Defendants did not present this evidence.  Instead, Plaintiff's counsel questioned Defendants' witnesses regarding issues related to Plaintiff's job performance.  Defendants have no intention of relying on such evidence to establish Plaintiff's general character but instead plan to use such testimony to support the decision

4

of BMW MC management to transfer Plaintiff from the TX-60 Department Manager position to the TX-64 Department Manager position.

In this case, Plaintiff will have every opportunity at trial to testify regarding her job performance and plainly intends to do so.  Having opened the door to the topic, she will have the opportunity to cross-examine any witness of Defendants who testifies to the contrary.

Plaintiff's arguments here obscure the real risk or prejudice posed by her motion. Defendants would clearly be prejudiced should the Court prohibit Defendants from presenting testimony to explain the plan to transfer Plaintiff to the TX-64 Department Manager position as part of a reorganization of the Human Resources Department to meet business needs and to counter any testimony by Plaintiff regarding her "excellent performance."  The jury is entitled to hear the whole story regarding the reorganization, including the information learned through actual experience in the department following Plaintiff's resignation that corroborates BMW MC's decision making.

## IV.    **CONCLUSION**

For the reasons set forth above, Defendants request that this Court deny Plaintiff's Motion in Limine Regarding Irrelevant Efforts to Disparage Plaintiff's Character.


[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted this the 5th day of January, 2026.

    By: *s/ Ellison F. McCoy*
        Ellison F. McCoy (Fed. I.D. No. 6389)
        ellison.mccoy@jacksonlewis.com
        D. Randle Moody II (Fed. I.D. No. 7169)
        randy.moody@jacksonlewis.com
        Mallory H. Gantt (Fed. I.D. No. 13867)
        mallory.gantt@jacksonlewis.com
        JACKSON LEWIS P.C.
        15 South Main Street, Suite 700
        Greenville, SC 29601
        (864) 232-7000

        *ATTORNEYS FOR DEFENDANT*
        *BMW MANUFACTURING CO., LLC*

    By: *s/Kurt M. Rozelsky*
        Kurt M. Rozelsky (Fed I.D. No. 6299)
        krozelsky@spencerfane.com
        SPENCER FANE LLP
        27 Cleveland St., Suite 201
        Greenville, SC 29601
        (864) 695-5200

        *ATTORNEYS FOR DEFENDANT BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT*