

**In the United States District Court**
**District of South Carolina**
**Spartanburg Division**

| | |
|---|---|
| **Kelly Dawsey,** | **7:22-03738-TMC** |
| **Plaintiff,** | |
| **v.** | **Plaintiff's Opposition to Defendants'** |
| | **Motion in Limine to Exclude Evidence** |
| | **of Damages and to Bifurcate the Trial** |
| **Bayerische Motoren Werke** | **into Phases [ECF 153]** |
| **Aktiengesellschaft and BMW** | |
| **Manufacturing Co., LLC collectively** | |
| **d/b/a "BMW Group,"** | |
| **Defendants.** | |

## I. Introduction

The parties agree that the Court may address economic damages. BMW's arguments about the availability of damages is inappropriate on a motion in limine. Further, BMW's claim that Dawsey has not produced evidence is baseless because BMW never conducted discovery requiring her to produce such evidence. BMW's request for a third ("bifurcated") hearing would frustrate the interests of economy and is impractical under the circumstances.

## II. Argument

### A. Request that the Court address front Pay and back pay

Dawsey has no objection to the Court ruling on economic damages, such as back pay and front pay. If the Court chooses to do so without seeking an advisory verdict, then three pending motions in limine are moot: the parties' competing motions in limine regarding expert witnesses [ECF 144, 156] and BMW's motion regarding constructive discharge [ECF 155]. Motions in limine are inappropriate where the underlying issues

are tried to the bench.  *See Accident Ins. Co. v. U.S. Bank Nat'l Ass'n, Civil Action No. 3:16-cv-02621-JMC, 2019 U.S. Dist. LEXIS 103923, at \*11 (D.S.C. June 21, 2019)*; *Mancilla v. Chesapeake Outdoor Servs., LLC*, No. 1:22-cv-00032-JMC, 2024 U.S. Dist. LEXIS 16598, at \*5 (D. Md. Jan. 31, 2024).

## B.   Defendants' improper arguments about compensatory and punitive damages

### 1.   BMW seeks summary judgment under the guise of a motion in limine.

BMW's arguments are "a procedurally improper attempt to limit . . . damages[, and such] arguments should have been raised in a dispositive motion, not a motion in limine. *Remy Holdings Int'l, LLC v. Fisher Auto Parts, Inc.*, Civil Action No. 5:19-cv-00021, 2022 U.S. Dist. LEXIS 33496, at \*5 (W.D. Va. Feb. 25, 2022) (quoting *Fed. Ins. Co. v. Mertz*, 12-cv-1597-NSR-JCM, 2016 U.S. Dist. LEXIS 51598, 2016 WL 1572995, at \*1 (S.D.N.Y. 2016) ("Where a motion seeks to limit damages . . . it must be treated as a motion for partial summary judgment.")).[1]

In other words, BMW has filed a "motion [that] 'urges the Court to exclude a theory of damages,' which is not the office of a motion in limine." *Ihnken v. Jenkins*, No. CCB-11-3508, 2015 U.S. Dist. LEXIS 16562, at \*3 (D. Md. Feb. 11, 2015) (quoting *Imagexpo, LLC v. Microsoft Corp.*, 299 F. Supp. 2d 550, 551 (E.D. Va. 2003)).

> A motion seeking a ruling on the availability of a certain class of damages is more appropriately brought as a motion for partial summary judgment, rather than a motion in limine. *See, e.g., Sutphin v. Ethicon, Inc.*, No. 2:14-CV-01379, 2020 U.S. Dist. LEXIS 155868, 2020 WL 5079170, at \*11 (S.D.W. Va. Aug. 27, 2020) (Goodwin, J.) (finding "no functional difference"

---

[1]   Last May, BMW MC argued in its pretrial memorandum that "Plaintiff has produced and cited no evidence in support of any award of compensatory (non-pecuniary) damages."  [BMW MC Status Conf. Mem. dated April 29, 2025, at 6].  During the status conference, the Court correctly noted that the time for making summary judgment arguments had passed.  Eight months later, the same reasoning holds true.

between a motion in limine seeking to exclude evidence of punitive damages and a motion for summary judgment); *Pinnacle Mining Co., LLC v. Bluestone Coal Corp.*, No. 5:08-CV-00931, 2015 U.S. Dist. LEXIS 129848, 2015 WL 13414437, at *1 (S.D.W. Va. Sept. 28, 2015) (Johnston, J.) (finding entitlement to punitive damages "is not an evidentiary issue, appropriate for a motion in limine, but is instead a matter which will turn on Plaintiff's ability to make a threshold showing of entitlement to submit the issue of punitive damages to the jury); *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987) ("a motion in limine is not the appropriate procedure vehicle" to "narrow or fix the issues to be tried").

*Folse v. McCormick*, No. 2:22-cv-00435, 2024 U.S. Dist. LEXIS 5309, at *7-8 (S.D. W. Va. Jan. 10, 2024).[2]

### 2.     Compensatory damages

BMW's argument that Dawsey failed to provide evidence of compensatory damages is an effort to flip the script. BMW never sought discovery on compensatory damages. BMW cannot identify any question in which counsel asked Dawsey what effect the discrimination had on her. Nor can BMW point to a single interrogatory seeking this information. And this is why this Motion is really an improper summary judgment motion, rather than a motion to exclude specific evidence.[3]

Motions in limine are not a last-minute opportunity to conduct discovery. "[D]iscovery in this case has long been closed. And, the deadlines set forth in scheduling orders must be taken seriously." *Jasaan Allah Qiydaar v. People Encouraging People, Inc.*, No. ELH-17-1622, 2020 U.S. Dist. LEXIS 132507, at *10-11 (D. Md. July 27, 2020).

---

[2]     *Folse* recognizes a logical exception to this principle. If a defendant seeks evidence of certain damages, and the plaintiff denies any, the plaintiff cannot surprise the defendant at trial with new evidence that was sought in discovery. *Id.* at * 9. As discussed below, this exception does not apply.

[3]     The logical conclusion of BMW's position is that plaintiffs would be foreclosed from presenting *any* evidence if a defendant conducts no discovery.

And if BMW believes that Dawsey failed to provide evidence, its remedy was a motion to compel, not a motion in limine.  "Motions in limine are not 'a substitute for motions to compel discovery or for discovery sanctions that should have been brought earlier.'" *Iljas v. Ripley Entm't Inc.,* No. 18-cv-00136-JST, 2019 U.S. Dist. LEXIS 251963, at *5 (N.D. Cal. Sep. 11, 2019) (quoting *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1095 (C.D. Cal. 2012)); *accord Webb v. City of Waterloo & Mark Nissen*, No. 17-CV-2001-CJW-MAR, 2020 U.S. Dist. LEXIS 44299, at *15 (N.D. Iowa Mar. 10, 2020) (citing *Mixed Chicks*).

> ### a.  Seeking medical treatment is not a requisite for compensatory damages.

BMW relies on an interrogatory response in which Dawsey confirms that she did not seek medical attention.  [ECF 153 at 5-6 & n. 1].  But BMW is not seeking an order to stop Dawsey from claiming she sought medical treatment (which she has no intention of doing).  Rather, BMW implies that the failure to seek medical treatment somehow precludes any other evidence of compensatory damages.  Even the authorities BMW cites refute this.  [See ECF 153 at 4-5 (citing *Price v. City of Charlotte*)].

A plaintiff's testimony alone is sufficient to establish compensatory damages. *Bryant v. Aiken Reg'l Med. Centers Inc.*, 333 F.3d 536, 546-47 (4th Cir. 2003); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 653 (4th Cir. 2002).  Thus, the absence of medical treatment does not preclude compensatory damages.  Whether a plaintiff provides sufficient testimony is an issue for the jury.  *Westmoreland v. Prince George's Cnty., Md.*, 09-CV-2453 AW, 2013 WL 6629054 * 14 (D. Md. Dec. 17, 2013); *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 180 (4th Cir. 2001) (citation omitted) ("Courts defer to a jury's award of damages for intangible harms, such as emotional distress . . . ."); *Blake v.*

*Baltimore Cnty.*, 439 F. App'x 208, 209 (4th Cir. 2011) (same, denying appeal on motion for remittitur).

### b.     Plaintiff's discussion with a recruiter

BMW's next argument not only misstates the evidence, but it is immaterial even if BMW's characterization were accurate.  BMW argues that Dawsey could not have suffered emotional distress because she consulted a recruiter before BMW finally told her that it planned to demote her.  [ECF 153 at 6].  But Dawsey never testified that she had decided to leave at that time, as BMW suggests.  [*Id.*]

BMW gets the timing all wrong, not that it matters.  Dawsey knew there would be changes in the department.  BMW discussed such changes throughout 2021, and Dawsey became concerned about the chaotic nature of those discussions.  [ECF 97-1 at 7, 33].  But Dawsey only decided to resign *after*: (1) BMW told her that she would be removed from TX-60 so that BMW could put a German in her job (the first adverse action); and (2) BMW told her that it would demote her (the second adverse action).  [*Id.* ¶ 34].

Does any of this mean, as a matter of law, that Dawsey was not distressed by BMW's intentional discrimination?   To the contrary.   Dawsey's proactive efforts to determine what else may be available are what one would expect of a professional concerned about her career in human resources.  Such actions do not suggest that Dawsey was unaffected by BMW's intentional discrimination.

Dawsey worked in human resources at BMW for over 26 years.  If BMW wants to tell the jury that Dawsey was not distressed by losing her job and being demoted, it may do so.  But motions in limine "should not be used as vehicles 'to resolve factual disputes or weigh evidence.'" *Morris-Wilkins v. Joyner*, No. 5:24-CV-00462-M, 2025 U.S. Dist. LEXIS 200790, at *4 (E.D.N.C. Jan. 2, 2025) (quoting *C&E Servs., Inc. v. Ashland Inc.*,

539 F. Supp. 2d 316, 323 (D.D.C. 2008)); *Eclipse Packaging, Inc. v. Stewarts of Am., Inc.*, No. 5:14-CV-00195-RLV-DCK, 2016 U.S. Dist. LEXIS 57294, at *3 (W.D.N.C. Apr. 29, 2016).

      In the 60 years since Title VII went into effect, no court has found what BMW asks this Court to find.  And what are the contours of this unprecedented doctrine?  If an employee looks for a job and is then sexually harassed, is he or she barred from seeking damages?  Are employees legally incapable of experiencing distress if they select the "open to work" option on LinkedIn?  What if he or she answers a call from a recruiter? The amorphous rule BMW expects this Court to create from whole cloth has no foundation in either Title VII or Section 1981.

### c.     Plaintiff's statements to others

      It's not just jobseekers who BMW contends are divested of Title VII/Section 1981 protections.  It's Christians, too![4]  BMW argues that Dawsey, who is deeply religious, should be foreclosed from damages because she credited God with the employment opportunity she found after BMW discriminated against her.  [ECF 153 at 6].  BMW again asks the Court to weigh this evidence and conclude that BMW did nothing that distressed Dawsey.  BMW cannot cite any authority that would permit such a finding.  *Tompkins v. Eckerd*, Civil Action No. 8:09-02369-JMC, 2012 U.S. Dist. LEXIS 46718, at *6 (D.S.C. Apr. 3, 2012) (repeating that the Court cannot weigh evidence on a motion in limine).

      Even more puzzling is BMW's reliance on a statement attributed to Dawsey that she had an opportunity she could not pass up.  [ECF 153 at 6].  That is true.  As Dawsey

---

    [4]      The irony of this argument is apparently lost on BMW.  Title VII protects religious beliefs.  It does not allow them to be used to deny relief.

has repeatedly noted (but BMW repeatedly ignores), the job she accepted was the *only* HR position offered to her at the time, as BMW had Dawsey interviewing for positions outside HR.  [See ECF 97 at 15-17].

Dawsey never acted out.  She never tried to sow any discord with her peers. Dawsey maintained her professionalism and did not disparage BMW on her way out. None of that forecloses a damages claim.  And none of this is proper on a motion in limine.

### 3.     Punitive damages

BMW offers no admissions from Dawsey that would preclude a claim for punitive damages.  Again, it just argues that she "has no evidence."  Then what is BMW trying to exclude?

Again, BMW's "no evidence" argument is not proper on a motion in limine.  That is a summary-judgment argument, and the deadline for making it passed almost two years ago.

BMW nonetheless argues that its actions were not "done with the requisite state of mind to intentionally discriminate against" Dawsey.  [ECF 153 at 7].  In support, BMW recites its summary judgment narrative that it did nothing wrong and that there was no adverse action.  [*Id.* at 8].  The Court decided almost 16 months ago that BMW's argument created disputed issues of material fact only a jury can resolve.  [ECF 119 at 11-14]. Nothing has changed, and BMW's effort to relitigate summary judgment is inappropriate.

## C.     Bifurcation of liability and damages

Bifurcation is a rare exception.  *F&G Scrolling Mouse,, LLC v. IBM*, 190 F.R.D. 385, 387 (M.D.N.C. 1999).  "Separating issues for trial . . . 'is not to be routinely ordered.'" *Sinclair & Assocs. of Greenville, LLC v. CresCom Bank*, No. 2:16-cv-00465-DCN, 2018

U.S. Dist. LEXIS 303, at *10 (D.S.C. Jan. 2, 2018) (quoting Fed. R. Civ. P. 42(b) advisory committee's note).

BMW cannot meet its burden of showing that bifurcation is appropriate because its arguments make no sense. That becomes evident with BMW's declaration that bifurcation would not "result in duplicate or overlapping evidence." [ECF 153 at 9]. Which evidence? BMW never explains, for example, what evidence would be precluded from the liability trial and would be relevant only to damages. Thus, it is impossible to determine what BMW believes would be presented in the liability phase and what it believes would be presented in the second phase.

What BMW seeks is not bifurcation. It's trifurcation. In the purported interests of "economy" and "convenience," BMW wants three trials. It wants one trial on liability, a separate trial on compensatory and punitive damages, and then a third proceeding on front pay and back pay.[5] BMW bears the burden of showing that three proceedings would "promote greater convenience to the parties, witnesses, jurors and the Court," and that it would be "conducive to expedition and economy." *Tinsley*, 2019 U.S. Dist. LEXIS 37299, at *4. Calling the same witnesses to testify in three proceedings would only undermine the purposes of Rule 42(b).

---

[5]    There have been cases, like *A.C. Widenhouse*, in which punitive damages alone have been bifurcated where the plaintiff was seeking to introduce financial information regarding the Defendant. That is not at issue here. And even then, compensatory damages are not bifurcated. *E.g.*, *United States EEOC v. Consol Energy, Inc.*, Civil Action No. 1:13CV215, 2015 U.S. Dist. LEXIS 1326, at **28-30 (N.D.W. Va. Jan. 7, 2015).

Compared to the other trials this Court must conduct (and those cited by BMW),[6]

individual employment cases are comparatively simple matters.  As the *Tinsley* Court

noted:

> This case is relatively simple. The jury will be asked to determine if Plaintiff's
> race or sex was a motivating factor in his termination, and if so, what were
> his damages. This is not a case that involves complex legal issues that

---

[6]     The cases cited by BMW are easily distinguishable.  Mattison was a multi-plaintiff vehicle case that did not involve bifurcation.  The Fourth Circuit did not instruct courts to bifurcate when punitive damages were available.  It merely noted in dicta that bifurcation "remains an available solution" if a court finds that "evidence relevant to the appropriate amount of punitive damages will be prejudicial to the jury's consideration of liability or compensatory damages.  *Mattison v. Dall. Carrier Corp.*, 947 F.2d 95, 110 (4th Cir. 1991).

BMW next cites a nuisance case filed by numerous residents against a hog farm. *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937 (4th Cir. 2020).  The issue was the admissibility of financial information of a parent company to suggest that remediation was affordable that was inappropriately considered as to whether punitive damages were appropriate as to a subsidiary.  *Id.* at 976-77.  In short, this case has nothing to do with the issues at hand.

EEOC v. A.C. Widenhouse, Inc., sheds no light on the issues before this Court. The Fourth Circuit merely noted that the District Court bifurcated punitive damages and that it adhered to Mattison's process.  *EEOC v. A.C. Widenhouse, Inc.*, 576 F. App'x 227, 232 (4th Cir. 2014).  But the Fourth Circuit never suggests that courts should bifurcate, and it did not comment on why that district court's decision was within the trial court's broad discretion.

BMW next cites *McCann v. Xpo Express*, a trucking death case.  *McCann* involves a very different kind of bifurcation with compensatory damages being bifurcated from punitive damages.  Judge Hendricks separated the issue to keep evidence of other deaths from the jury in the first phase.  *McCann v. Xpo Express*, Civil Action No. 4:16-cv-1254-BHH, 2018 U.S. Dist. LEXIS 239227, at *6 (D.S.C. Aug. 23, 2018).  Again, this has nothing to do with bifurcating both compensatory and punitive damages from liability under Title VII or Section 1981.

Finally, BMW cites *Kartman v. Markle*, where bifurcation was not contested.  Again, the only issue was "evidence of wealth or financial condition of the defendant."  *Kartman v. Markle*, Civil Action No. 5:10CV106, 2015 U.S. Dist. LEXIS 83857, at *9 (N.D.W. Va. June 29, 2015).  That is not the confines of BMW's motion.

require complex, burdensome instructions. Rather, this is a case that asks the jury to determine relatively simple questions.

*Tinsley*, 2019 U.S. Dist. LEXIS 37288, at *4-5 (citing *F and G Scrolling Mouse, LLC*, 190 F.R.D at 387 (requiring undue prejudice).  The same is true here.

### 1.  Compensatory damages

BMW cites no authority supporting the bifurcation of compensatory damages from liability.  Nor could that be practicable.  What evidence would relate solely to liability that also does not touch on issues regarding the context of the discrimination and the plaintiff's reaction to it?

### 2.    Punitive damages

The discrimination at issue (such as BMW's facially discriminatory policy of filling positions by nationality and its documented racial preferences) constitutes a large portion of the evidence that warrants punitive damages.  This militates against bifurcation:

> Defendant argues that allowing presentation of damages evidence prior to a finding of liability would prejudice the Defendant. This argument is unpersuasive. Even if the Court bifurcated the trial, much of what will constitute Plaintiff's damages evidence would necessarily come out during the liability portion. Thus, any prejudice to Defendant that would arise by allowing this evidence to be presented would be minimal and certainly would not rise to the level of "undue."

*Tinsley v. City of Charlotte*, No. 3:16-CV-00656-GCM, 2019 U.S. Dist. LEXIS 37288, at *5 (W.D.N.C. Mar. 8, 2019).

### III.  Conclusion

For the foregoing reasons, Dawsey does not object to the Court addressing back pay and front pay.  But the Court should deny the balance of BMW's Motion.

Respectfully submitted this 5th day of January 2026.

         s/ Brian P. Murphy _____

Brian P. Murphy

Attorney for Plaintiff

Stephenson & Murphy, LLC

207 Whitsett Street

Greenville, SC 29601

Phone: (864) 370-9400