**In the United States District Court
District of South Carolina
Spartanburg Division**

| | |
|---|---|
| **Kelly Dawsey,** | 7:22-03738-TMC |
| **Plaintiff,** | |
| v. | **Plaintiff's Opposition to Defendants' Motion for Summary Judgment or in Limine regarding Plaintiff's Separation [ECF 155]** |
| **Bayerische Motoren Werke Aktiengesellschaft and BMW Manufacturing Co., LLC collectively d/b/a "BMW Group,"** | |
| **Defendants.** | |

## I. Introduction

BMW again tries to relitigate summary judgment years after the deadline. This is not a proper motion in limine. BMW's objections are both moot and waived.

Of even greater concern is BMW's continued refusal to acknowledge controlling precedent. BMW concocts reasons to sidestep the precedent, but none of those arguments make sense either.

And all this is premised on an untruth: That Dawsey is trying to change her deposition testimony. BMW cites no testimony that has changed.

## II. Argument

**A.    The Rule 56 deadline expired almost two years ago.**

BMW improperly seeks relief under Rule 56(g). Rule 56(g) does not authorize any motion.[1] Rather, it references "the motion" authorized in Rule 56(a). The deadline for

---

[1] Rule 56(g) states that this Court may "enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and

1

56(a) motions was February 16, 202**4**. [ECF 85 at 2 ¶ 10]. BMW's Motion is *23 months* late.

> A court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Rather, the terms of the scheduling order must be firmly and fairly enforced by the district judge if it is to serve the purpose of pretrial management designed to secure the just, speedy, and inexpensive determination of every action.

*JPS Elastometrics Corp. v. Day*, Civ. A. No. 6:11-02960-TMC, 2013 U.S. Dist. LEXIS 65351, at *8 (D.S.C. May 8, 2013) (cleaned up, citations omitted).

## B.    This Motion is moot.

BMW's Motion also makes no sense for two more reasons. First, all parties agree that the constructive discharge doctrine does not apply. Neither side will be requesting that the Court charge the jury on constructive discharge. That leads us to the second reason: both parties agree that the Court can determine Dawsey's entitlement to back pay and front pay.

There is no reason even to address what words someone might use at trial. The jury cannot be misled about constructive discharge if nobody is talking about constructive discharge. And no party is requesting a jury instruction on constructive discharge.

But Dawsey has every right to explain to the jury what she was going through and why she made the choices she did. That testimony is directly relevant on Dawsey's claim for compensatory damages, which is purely within the purview of the jury. And if that is what BMW is really trying to preclude, then the impropriety of its motion is even more glaring.

---

treating the fact as established in the case." Fed. R. Civ. P. 56(g). But the Court did not do so.

2

**C.     BMW has waived its objections.**

BMW seeks to ban Dawsey's statement in "her Amended Complaint . . . that 'she had no reasonable alternative but to resign." [ECF 155 at 2]. But both BMW AG and BMW MC have marked that document as their first exhibit. [BMW MC 26(a)(3) Designation, ECF 149-1 at 2 (Exhibit 1); BMW AG 26(a)(3) Designations, ECF 150-1 at 1 (Exhibit 1)].

Because BMW seeks to admit the evidence, it has waived arguments that it is inadmissible. *Phillips v. Morbark, Inc.*, 519 F. Supp. 2d 591, 596 (D.S.C. 2007); *1100 W., LLC v. Red Spot Paint & Varnish Co.*, No. 1:05-cv-1670-LJM-JMS, 2008 U.S. Dist. LEXIS 79425, at *4 (S.D. Ind. Oct. 8, 2008) (overruling objections to exhibits that also appear on the objecting party's exhibit list).

**D.     This is not a proper motion in limine.**

The basic purpose of a motion in limine is to "prevent allegedly prejudicial evidence from being so much as whispered before a jury prior to obtaining the Court's permission to broach the topic." *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001), *quoted in Mancilla v. Chesapeake Outdoor Servs., LLC*, No. 1:22-cv-00032-JMC, 2024 U.S. Dist. LEXIS 16598, at *5 (D. Md. Jan. 31, 2024).

Thus, motions in limine must be specific as to the evidence obtained that the moving party seeks to exclude. *Atanassova v. Gen. Motors LLC*, Civil Action No. 2:20-1728, 2023 U.S. Dist. LEXIS 53897, at *4 (D.S.C. Mar. 28, 2023). "[A] court is often wise to await the unfolding of evidence before the jury before undertaking to make definitive rulings on the likely probative value of disputed evidence." *E.I. Dupont De Nemours & Co. v. Kolon Indus.*, 564 F. App'x 710, 715 (4th Cir. 2014); *accord Wren v. Erie Ins. Co.*, Civil Action No. 5:16-CV-190, 2017 U.S. Dist. LEXIS 225848, at *6 (N.D.W. Va. Dec. 21,

3

2017) (noting that, in *Kolon Indus*, "the Fourth Circuit recently recognized that broad pre-trial evidentiary rulings, like that requested by a generalized motion in limine, present a serious risk of excluding admissible evidence" and "that, when a motion in limine seeks to exclude a general category of evidence, the best course of action is to deny the motion and see how the case unfolds because a blanket exclusion could likely preclude a party from introducing evidence that a court finds admissible with the benefit of knowing the particular evidence and relevant context.").

The starting point for that analysis is clear: What is the evidence at issue? In this context, one would expect BMW to cite the deposition testimony that it finds offensive. Apparently, however, no such testimony exists. Dawsey has filed several declarations in this case. [ECF 45-1, 97-1, 104-9]. But they also do not contain the testimony BMW seeks to exclude. So what is the offensive evidence?

BMW requests that the Court bar "any evidence" that Dawsey was "forced or compelled to resign." [ECF 155 at 2]. But "any evidence" motions are improper.[2] And what does "forced" or "compelled" even mean? Is BMW suggesting that Dawsey cannot

---

[2] As Judge Childs has commented:

> Motions in limine that seek exclusion of broad and unspecific categories of evidence . . . are generally disfavored. *Sperberg v. The Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Courts have recognized that it "is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D.Kan. 2007). Therefore, when confronted with the situation, "a better practice is to deal with questions of admissibility of evidence as they arise [in actual trial]" as opposed to tackling the matter in a vacuum on a motion in limine. *Sperberg*, 519 F.2d at 712.

*Tompkins v. Eckerd*, Civil Action No. 8:09-02369-JMC, 2012 U.S. Dist. LEXIS 46718, at *5-6 (D.S.C. Apr. 3, 2012).

explain why she resigned or the distress she felt from being displaced after a successful 26-year career at BMW? That would be an unprecedented ruling, especially since such evidence relates directly to her compensatory damages claim as well. Is BMW just seeking to preclude the words "forced" or "compelled?" If so, based on what authority?

There is a fundamental reason that the Motion makes no sense. This is not a motion in limine. As BMW's reference to Rule 56(g) makes clear, this is a dispositive motion in disguise. But motions in limine seeking to eliminate damage claims are "a procedurally improper attempt to limit . . . damages[, and such] arguments should have been raised in a dispositive motion, not a motion in limine." *Remy Holdings Int'l, LLC v. Fisher Auto Parts, Inc.*, Civil Action No. 5:19-cv-00021, 2022 U.S. Dist. LEXIS 33496, at *5 (W.D. Va. Feb. 25, 2022) (quoting *Fed. Ins. Co. v. Mertz*, 12-cv-1597-NSR-JCM, 2016 U.S. Dist. LEXIS 51598, 2016 WL 1572995, at *1 (S.D.N.Y. 2016) ("Where a motion seeks to limit damages . . . it must be treated as a motion for partial summary judgment.")).

In other words, BMW has filed a "motion [that] 'urges the Court to exclude a theory of damages,' which is not the office of a motion in limine." *Ihnken v. Jenkins*, No. CCB-11-3508, 2015 U.S. Dist. LEXIS 16562, at *3 (D. Md. Feb. 11, 2015) (quoting *Imagexpo, LLC v. Microsoft Corp.*, 299 F. Supp. 2d 550, 551 (E.D. Va. 2003)).

> A motion seeking a ruling on the availability of a certain class of damages is more appropriately brought as a motion for partial summary judgment, rather than a motion in limine. *See, e.g. Sutphin v. Ethicon, Inc.*, No. 2:14-CV-01379, 2020 U.S. Dist. LEXIS 155868, 2020 WL 5079170, at *11 (S.D.W. Va. Aug. 27, 2020) (Goodwin, J.) (finding "no functional difference" between a motion in limine seeking to exclude evidence of punitive damages and a motion for summary judgment); *Pinnacle Mining Co., LLC v. Bluestone Coal Corp.*, No. 5:08-CV-00931, 2015 U.S. Dist. LEXIS 129848, 2015 WL 13414437, at *1 (S.D.W. Va. Sept. 28, 2015) (Johnston, J.) (finding entitlement to punitive damages "is not an evidentiary issue, appropriate for a motion in limine, but is instead a matter which will turn on Plaintiff's ability to make a threshold showing of entitlement to submit the

5

issue of punitive damages to the jury); *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987) ("a motion in limine is not the appropriate procedure vehicle" to "narrow or fix the issues to be tried").

*Folse v. McCormick*, No. 2:22-cv-00435, 2024 U.S. Dist. LEXIS 5309, at *7-8 (S.D. W. Va. Jan. 10, 2024).[3]

**E.    Dawsey's position has not changed, and BMW points to no deposition testimony inconsistent with Dawsey's position.**

BMW states: "Regrettably, it appears that on the eve of trial, Plaintiff intends to **change her deposition testimony** and revoke her repeated concessions to this Court about the nature of her separation from BMW . . . ." [ECF 155 at 2 (emphasis added)]. What deposition testimony? BMW cites none, and it includes no excerpts. And Dawsey never testified BMW constructively discharged her. Nor did anyone utter the words "forced" or "compelled" during Dawsey's deposition.

BMW's "eve of trial" representation also is not in good faith. In Dawsey's opposition to BMW MC's summary judgment motion, Dawsey pointed out that she "doesn't have to prove constructive discharge." [ECF 97 at 24 (filed February 2024)].[4] Dawsey made this clear almost two years ago. So where is this "eve of trial" argument coming from?

BMW also argues that Dawsey's "overactive imagination" is leading her to claim that she "was discharged," despite "reems of evidence showing her resignation." [ECF 155 at 4]. This argument borders on the delusional. If anyone's imagination is

---

[3]    *Folse* recognizes a logical exception to this principle. If a defendant seeks evidence of certain damages, and the plaintiff denies any, the plaintiff cannot surprise the defendant at trial with new evidence that was sought in discovery. *Id.* at * 9. As discussed below, this exception does not apply.

[4]    Dawsey also explained that she seeks damages from accepting the only position offered to her at the time. [*Id.* at 25 & n. 30].

"overactive," it isn't Dawsey's. She has contended from day one that she resigned. [*See* ECF 1 at 8 ("Plaintiff resigns to accept best available employment opportunity").

### F. BMW is wrong about the law and continues to make arguments that contradict binding authority.

#### 1. *Dennis* controls

BMW throws caution to the wind by refuting controlling authority. BMW continues to argue that plaintiffs must prove constructive discharge to receive damages after a resignation. But "the Fourth Circuit has expressly rejected the constructive discharge rule." *Holmes v. Wal-Mart Stores E., L.P.*, No. 1:10cv75, 2011 U.S. Dist. LEXIS 46020, at *26, *27 (E.D. Va. Apr. 27, 2011).

That express rejection was made clear in *Dennis*: "[T]the Fourth Circuit does not apply the 'constructive discharge rule' denying such pay to persons who leave an employer who has committed intentional discrimination unless it is under conditions of a constructive discharge." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 651 (4th Cir. 2002), *cited and quoted in Bennett v. Csx Transp.*, 907 F. Supp. 2d 694, 702 (E.D.N.C. 2012), *rev'd on other grounds*, 552 F. App'x 222, 223 (4th Cir. 2014).

In *Holmes*, the Court noted that, "Walmart's argument—namely, that a victim of discrimination is not entitled to back pay if the plaintiff voluntarily resigned from employment—does not accurately state the law in the Fourth Circuit." *Holmes*, 2011 U.S. Dist. LEXIS 46020, at *27. Another district court that also rejected BMW's argument also explained:

> In the Fourth Circuit . . . a plaintiff need not show that she was discharged or constructively discharged in order to recover back pay and front pay. See *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 651 (4th Cir. 2002) ("In reviewing awards of back pay, the Fourth Circuit does not apply the 'constructive discharge rule' denying such pay to persons who leave an

7

employer who has committed intentional discrimination unless it is under conditions of a constructive discharge."). Rather, the courts within the Fourth Circuit "simply apply the general statutory duty located at 42 U.S.C. § 2000e-5(b) to mitigate employer damages." *Id.*

*Benson v. Thompson Cadillac-Oldsmobile, Inc.*, No. 5:04-CV-237-F(1), 2006 U.S. Dist. LEXIS 97666, at *42 n.9 (E.D.N.C. July 18, 2006).[5]

### 2. *Carter v. Ball* has nothing to do with this case.

BMW edits a quote from a hostile environment case to misstate the law. BMW cites *Carter* for the proposition that "A plaintiff claiming that she was discriminatorily terminated from employment must prove 'actual or constructive discharge.'" [ECF 155 at 4 (quoting *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994); *see id.* at 5 ("[A] discharge can be shown only by an actual discharge—not present in this case—or by a resignation intentionally procured by mistreatment . . . .")].

BMW snips four words from a discussion about constructive discharge as an element to the prima facie case for discharge in a hostile environment setting. *Carter v.*

---

[5] *Dennis* is not the seminal case. Even before *Dennis*, courts followed this principle based on *Spanguolo v. Whirlpool Corp.*, 641 F.2d 1109, 1114 (4th Cir. 1981). *Scott v. Ameritex*, for example, was a sexual harassment case the Undersigned filed several years before *Dennis*. Judge Herlong granted summary judgment on the plaintiff's constructive discharge claim. Both parties assumed that eliminated the plaintiff's claim for front pay and back pay, and the case was tried on claims of compensatory and punitive damages. Judge Herlong nonetheless noted that the equitable relief principles of Title VII permit an award of back pay and front pay even where the court finds that a resignation did not occur under circumstances that warrant a constructive discharge finding. *Scott v. Ameritex*, 7:99-cv-00173-HMH ECF 46 at 6-7 (D.S.C. March 16, 2000) (citing and quoting *Hansel v. Public Serv. Co.*, 778 F. Supp. 1126, 1135 (D. Colo. 1991)).

Likewise, in *Dennis*, Judge Norton cited *Spagnuolo* in granting back pay in the absence of constructive discharge evidence. *Dennis v. Columbia Colleton Med. Ctr.*, 2:98-cv-02694-DCN Order of January 29, 2021 ECF 135 (D. S.C. 2001), *aff'd*, 290 F.3d 639 (4th Cir. 2002).

*Ball*, 33 F.3d 450, 459 (4th Cir. 1994). This is neither a discharge nor a hostile environment case.

The Fourth Circuit decided *Dennis* eight years after *Carter*. *Dennis* is directly on point. And BMW's arguments are proper only before an *en banc* Fourth Circuit or the Supreme Court. *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005).

### 3. BMW even misstates the constructive discharge standard.

BMW further argues that it cannot be liable because "Plaintiff has never made any attempt to prove, let alone allege, that BMW MC intended to induce her to quit." [ECF 155 at 5]. Once again, BMW again argues against controlling precedent and misstates legal standards. Plaintiffs need not prove that the employer intended that the employee quit. "[T]he Supreme Court revisited the standard for constructive discharge in *Green v. Brennan*, [578 U.S. 547] (2016), and expressly rejected a 'deliberateness' or intent requirement." *United States EEOC v. Consol Energy, Inc.*, 860 F.3d 131, 144 (4th Cir. 2017).

## G. BMW never explains its throw-away Rule 403 argument.

BMW does not explain how any unfair prejudice substantially outweighs the probative value of Dawsey's testimony. [ECF 155 at 6-7]. BMW only argues that the testimony could "run the risk of misleading the jury on an issue that is not before them in the case." [*Id.* at 6]. BMW never explains how evidence of what happened and its effect on Dawsey is unfairly prejudicial. "When performing the evaluation required by Rule 403, the court must keep in mind 'the offering party's need for evidentiary richness and narrative integrity in presenting a case.'" *United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023) (quoting *Old Chief v. United States*, 519 U.S. 172, 183 (1997)).

In short, bad facts are a fact of life. BMW's time to avoid them was in 2021.

### III.  Conclusion

      For these reasons, the Court should deny BMW's Motion.

Respectfully submitted this 5th day of January 2026.

                                                  _s/ Brian P. Murphy_____
                                                  Brian P. Murphy
                                                  Attorney for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400