**In the United States District Court**
**District of South Carolina**
**Greenville Division**

| | |
|---|---|
| **Kelly Dawsey,** ) | 7:22-03738-TMC |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **Plaintiff's Reply in Support of Her** |
| ) | **Motion in Limine Regarding Irrelevant** |
| **Bayerische Motoren Werke** ) | **Efforts to Disparage Plaintiff's** |
| **Aktiengesellschaft and BMW** ) | **Character [ECF 152]** |
| **Manufacturing Co., LLC collectively** ) | |
| **d/b/a "BMW Group,"** ) | |
| ) | |
| **Defendants.** ) | |

    BMW either greatly misunderstands Dawsey's Motion in Limine, or it is trying to confuse the issues. Dawsey has not moved in limine to prevent Sherry McCraw from testifying as to her reasons for wanting Dawsey to move to TX-64.

    Nor has Dawsey put just anyone's view of her performance at issue. In discussing her own performance, Dawsey has relied on BMW's assessment, lest someone accuse her of violating the well-worn principle that, "it is the perception of the decisionmaker that is relevant . . . not the opinions of co-workers or other third parties." *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 444 (4th Cir. 1998).

    BMW does not contend that McCraw relied on any of the testimony at issue in the Motion. Nor could it, given the fact that neither Medley nor Burgmeier provided any input into the one decision with which McCraw was purportedly involved.

    So Dawsey has not "opened the door" to McCraw's testimony because McCraw's ability to testify as to her reasons are not at issue. The only issue is BMW's use of other

1

witnesses to disparage Dawsey with issues that BMW (including McCraw) never considered.

BMW can cite all the case law it wants from other circuits. But the Fourth Circuit authority on what is relevant is well established. Plaintiff reliance on BMW's assessment of her performance does not "open the door" to disparagement from non-decisionmakers who had no input into the decisions. If it did, then a plaintiff would have also opened the door to other employees to testify about a plaintiff's performance, and we all know the Fourth Circuit has said "no" to that in cases such as *Tinsley*.

McCraw's testimony has nothing to do with the issues raised by Medley and Burgmeier. BMW's refusal to address the actual issues raised in the Motion is tacit recognition that BMW has no basis to admit the testimony at issue. Thus, the Court should grant Dawsey's Motion.

Respectfully submitted this 7th day of January 2026.

    _s/ Brian P. Murphy_____
    Brian P. Murphy
    Attorney for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400