**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| KELLY DAWSEY, )<br>)<br>         Plaintiff, )<br>)<br>v. )<br>)<br>BAYERISCHE MOTOREN WERKE )<br>AKTIENGESELLSCHAFT and BMW )<br>MANUFACTURING CO., LLC collectively )<br>d/b/a "BMW GROUP," )<br>)<br>         Defendants. )<br>) | C.A. No. 7:22-cv-03738-TMC |

## DEFENDANT BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT'S REPLY IN SUPPORT OF MOTION IN LIMINE

Plaintiff's Response in Opposition to BMW AG's motion in limine ("Response") starts with a fallacy and continues in the same vein for some 12 pages. Plaintiff seeks to create "findings" this Court allegedly made in denying BMW AG's motion for summary judgment, where the standard of review was "in the light most favorable to Plaintiff," rather than the admissibility of evidence. Plaintiff's Response confirms why exclusion is necessary. Rather than addressing the narrow evidentiary question presented—whether a subsidiary employee's attribution of a personnel decision to a parent company is admissible at trial, Plaintiff conflates admissibility with sufficiency, and evidentiary agency with substantive liability. The Federal Rules of Evidence do not permit such short circuit.

## ARGUMENT

**I.   THE ORDER DENYING SUMMARY JUDGMENT DOES NOT CONTROL ADMISSIBILITY**

Plaintiff's assertion that "this Court has already found there is ample evidence of both BMW AG's direct involvement and its control over MC" [ECF 163 at 5] is simply not accurate as it relates to the admissibility of hearsay evidence. The summary judgment order's "conclusions" were (1) factual recitation viewed in the light most favorably to Plaintiff, which is not the standard for admissibility of evidence and (2) were based largely if not exclusively on statements by Plaintiff concerning the corporate practices and policies of BMW MC and BMW AG. To the latter point, BMW AG simply could not contest the admissibility of individual items of evidence, but the court will have to address and resolve every one of those issues at trial.

Plaintiff's "background" cites to more hearsay to support her attempts to utilize the Petrasch hearsay here. In fact, Plaintiff cites to her own declaration [ECF 45-1 ¶3] wherein Plaintiff asserts Petrasch told her about the alleged communications with Germany; however, a simple reading of Plaintiff's declaration suggests that – at best – Petrasch said to her "Germany had called her on a Sunday to discuss the situation." *Id.* Nowhere in the declaration does it suggest that Germany made the decision as discussion does not equal direction. Further, Plaintiff cites no evidence that BMW AG made the decision.

**II.   BMW AG HAS NOT WAIVED ANY HEARSAY OBJECTION BY EXHIBIT DESIGNATIONS BECAUSE RULE 26(a)(3) DISCLOSURES ARE NOT STIPULATIONS OF ADMISSIBILITY.**

Plaintiff suggests that by designating Plaintiff's writings as potential exhibits somehow constitutes a waiver of a valid hearsay objection. However, the exhibit was not designated by BMW AG to prove the truth of the Plaintiff's statements regarding the discussion with T & P.

Similarly, in Plaintiff's own notes she does not claim that BMW AG <u>made the decision</u> but rather that they discussed it. Plaintiff attempts to distract the Court by citing cases that do not squarely support her proposition that the designation of potential trial exhibits by the BMW AG equates to unfettered admissibility. In *Phillips v. Morbank, Inc.*, the Court's ruling primarily hinged on the Plaintiff's objection to the trial exhibit's use ***at trial*** as opposed to pre-trial. *Phillips v. Morbank, Inc.,* 519 F. Supp. 2d 591, 596 – 597 (D.S.C. 2007) (explaining that the court did not err in allowing trial evidence when the plaintiff objected to its admissibility ***at trial*** <u>**and**</u> identified the trial exhibit on plaintiff's exhibit list). The *Phillips* court further explained that the presiding judge implemented a limiting instruction to the jury with respect to the use of the trial testimony. *Id.* With respect to the *1100 W., LLC v. Red Spot Paint & Varnish Co.*, similarly, the court provided no analysis regarding the admissibility of the trial exhibit simply because it was identified on a party's exhibit list. Plaintiff's assertion that BMW AG's designation of Plaintiff's writings as potential trial exhibits constitutes waiver of any objections as to admissibility of the documents and of Plaintiff's separate testimony about them is unsupported by case law.

Plaintiff's assertion is also unsupported by Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure. Rule 26 expressly contemplates that objections may be raised before trial, which BMW AG has done. [ECF 157]. Further, Rule 26 expressly excludes waiver of objections based on Rule 403 of the Federal Rules of Evidence, which is another basis in which BMW AG relies on in its Motion in Limine to exclude Plaintiff's testimony regarding the employment decision at issue in this case.

Finally, Plaintiff cites absolutely no basis for her assertion that designation of a pleading containing, yet to be established, complaint allegations as a trial exhibit constitutes waiver of hearsay objections. The Amended Complaint contains all of Plaintiff's allegations as to each and

-3-

every claim; however, this does not mean that the complaint allegations may be used for the truth of the matter asserted absent a valid hearsay exception, which none exists here.

### III. THE STATEMENTS CONSTITUTE INADMISSIBLE HEARSAY IN WHICH NO VALID EXCEPTION APPLIES.

#### A. Rule 801(d)(2) Does Not Apply Because the Declarant Was Not BMW AG's Agent or Authorized Representative.

Plaintiff erroneously argues that BMW AG's hearsay arguments are "merely rehashing" arguments made in its Motion for Summary Judgment. Plaintiff argues that Dawsey has shown that Petrasch was an agent of BMW AG's; however, nothing in the record supports the contention that Plaintiff has established agency. Sufficient evidence to survive summary judgment does not equate to a finding that a party has established an essential element of that party's claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968) (explaining that a genuine issue of material fact indicates that there is evidence in the record such that a reasonable jury should weigh the strength of the evidence). Critically, Plaintiff ignores that she must first establish that Petrasch was actually an agent of BMW AG before she can bind BMW AG to statements regarding its employment decision-making in which she learned from Petrasch, a BMW MC employee.

Merely because Petrasch was involved in <u>conveying the decision</u> to Plaintiff does not make a participant in, let alone responsible for, any alleged BMW AG decision . Instead, Plaintiff stretches the testimony to point of breaking. Plaintiff continues to assert that BMW MC employees were employed by BMW AG while on international contract to BMW MC because a part of their benefits are under German law and thus paid by BMW AG. This alone does not make them employees of BMW AG whilst they are under contract with BMW MC, nor does Plaintiff cite any case supporting such a position. Plaintiff may attempt to characterize the statement as a party-opponent admission, but the evidentiary foundation required for Rule 801(d)(2) is entirely absent

here. Plaintiff's reliance on the *Watergate at Landmark* case is misplaced. As conceded by Plaintiff, the *Watergate at Landmark* case does not involve a parent-subsidiary relationship and to the extent instructive, Plaintiff still must establish the "significant involvement" of Petrasch in BMW AG's decision-making regarding its employment decisions, which is left to be considered and determined by a jury.

As more fully explained in BMW AG's Motion in Limine [ECF 157], where the witness lacks firsthand knowledge attributing corporate decision-making to a parent entity, courts may exclude such testimony as permitting such testimony would allow the Plaintiff to prove employer status or decision-making authority based on rumor, assumption, or speculation rather than evidence.

### B. None of Plaintiff's Alternative Exceptions Under the Federal Rules of Evidence Apply.

Plaintiff's attempt to recast the statement as a "verbal act" fails for the same reasons as stated above. Petrasch made these out-of-court statements to Plaintiff as an employee of BMW MC based on information she alleges to have learned from another. Plaintiff must establish agency between BMW AG and Petrasch to attribute Petrasch's statements to BMW AG, therefore, 801(c) does not establish that such actions may be attributed to BMW AG.

Rule 804(b)(3) also does not apply. Under Rule 804(b)(3), the statement against interest is considered as against the declarant Petrasch, not BMW AG. Again, as explained above, Petrasch is not an agent or employee of BMW AG, therefore Rule 804(b) does not apply.

With respect to Rule 807, such Rule applies only in exceptional circumstances that do not exist here. The fact that Petrasch is not BMW AG's employee and that Plaintiff has not yet

established agency is a valid reason to exclude the subject evidence, contrary to Plaintiff's representations.

## IV.    ANY MINIMAL PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE AND JURY CONFUSION

Once again, in response to BMW AG's Rule 403 argument, Plaintiff cites to this Court's ruling on summary judgment where it found, viewing all inferences in the light most favorable to Plaintiff, that there exists a genuine issue of material fact. The Court did not find that every piece of evidence cited and relied upon by Plaintiff was admissible. This is simply not the case.

Again, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by. . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Thus, the Court can and must assess the actual probative value of the evidence in light of the issues the jury must decide. In this instance, the probative value of the evidence is lacking. This is not a matter of BMW AG is right and Plaintiff is wrong; this is a fundamental duty of the court in determining whether allowing the double hearsay would unfairly prejudice BMW AG. Plaintiff must establish that BMW AG was her employer or exercised sufficient control over the challenged employment action. Allowing Plaintiff to proffer testimony based on speculative information obtained from a BMW MC employee would improperly invite the jury to disregard corporate separateness and invites the jury to short circuit the required legal analysis, rather than evaluating the specific factors governing employer status.

For the foregoing reasons, BMW AG respectfully requests that this Court grant its Motion in Limine to Exclude Plaintiff's Testimony regarding employment decisions made by BMW AG.

-7-

Respectfully submitted this on the 7th day of January 2026.

        <u>/s/ Kurt M. Rozelsky</u>
        Kurt M. Rozelsky (Fed. I.D. No. 6299)
        SPENCER FANE LLP
        27 Cleveland St., Suite 201
        Greenville, SC 29601
        (864) 695-5200

*ATTORNEY FOR DEFENDANT*
*BAYERISCHE MOTOREN WERKE*
*AKTIENGESELLSCHAFT*