**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

|  |  |  |
|---|---|---|
| KELLY DAWSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 7:22-cv-03738-TMC |
| | ) | |
| BAYERISCHE MOTOREN WORKE AKTIENGESELLSCHAFT and BMW MANUFACTURING CO., LLC collectively d/b/a "BMW GROUP," | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
EVIDENCE REGARDING EXPAT GUIDELINES FOR PLANT SPARTANBURG
PREPARED BY PLAINTIFF**

Defendants Bayerische Motoren Worke Aktiengesellschaft ("BMW AG") and BMW Manufacturing Co., LLC ("BMW MC"), submit this Reply in Support of their Motion in Limine to exclude Plaintiff from presenting evidence to the jury related to the Expat Guidelines for Plant Spartanburg prepared by Plaintiff in 2016. (ECF No. 154.)

**I.     THE EXPAT GUIDELINES ARE NOT ADMISSIBLE BECAUSE THERE IS NO
EVIDENCE THAT ANY DECISION MAKER AT BMW MC WAS AWARE OF
THE DOCUMENT**

In her Response to Defendants' Motion in Limine, Plaintiff expresses dismay that Defendants seek to exclude her from presenting evidence to the jury regarding the Expat Guidelines, a document that Plaintiff "prepared" in 2016. (ECF No. 160 at 1.) However, the law is clear that evidence must be relevant to be admissible. *See* Fed. R. Evid. 401, 402. Moreover, the party seeking to introduce that evidence bears the burden of establishing its admissibility. *See Md. Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998) ("As in all questions of

admissibility, the proffering party must come forward with evidence from which the court can determine that the proffered testimony is properly admissible."). Here, there is no evidence that any individual at BMW MC involved in the decision to transfer Plaintiff from the TX-60 Department Manager to the TX-64 Department Manager position had any knowledge of the Expat Guidelines document. Accordingly, that document is not relevant to the issue presented in this case.

In an effort to avoid her obligation to prove admissibility of the Expat Guidelines, Plaintiff first attempts to rely on the Court's summary judgment order to establish relevance. (ECF No. 160 at 2.) However, the law is well-settled that the facts at the summary judgment stage are to be viewed in the light most favorable to Plaintiff. *See Matshushita Elect. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 579-88 (1986). The fact that the Court accepted Plaintiff's view of the Expat Guidelines in denying Defendants' motions for summary judgment does not equate to that document being admissible at trial.

In her Motion in Limine seeking to prohibit Defendants from introducing character evidence (ECF No. 152), Plaintiff contends that "allegations and assertions about matters unknown to the decision-makers is not relevant." (ECF 152 at 4, *citing Duggan v. Sisters of Charity Providence Hosps.,* 663 F. Supp. 2d 456, 469 (D.S.C. 2009).) Yet in responding to BMW MC's Motion in Limine to exclude the Expat Guidelines, Plaintiff ignores the very legal standards that she promoted in her own Motion. Plaintiff concedes that Robert Engelhorn, Christina Petrasch, and Sherry McCraw are all decision makers "with respect to the decision to move Plaintiff to TX-64." (ECF 152 at 3.) However, in responding to BMW MC's Motion to exclude the Expat Guidelines, Plaintiff identified no evidence whatsoever that any of Engelhorn, Petrasch, or

2

McCraw were even aware of the Expat Guidelines document, let alone relied on that document in their decision-making process.

There is no dispute in this case that Plaintiff "prepared" the Expat Guidelines document in January 2016, more than five (5) years prior to the decision that underlies the claims in this case:

```
14   Q.    I'll show you 29, Expat Guidelines for Plant
15         Spartanburg.  Did you prepare this, ma'am?
16   A.    I prepared the PowerPoint.
17   Q.    All right.  So you -- this -- it has various dates
18         on it.  It looks like January 8 of 2016 in TS-60.
19         Does that help your recollection as to the date?
20         Is that date accurate?
21   A.    Yes.
```

(Pl. Dep. 191:14-21.)  Importantly, at the time Plaintiff prepared this document, the individuals who made the decision to transfer Plaintiff out of the TX-60 position in 2021 were not even involved in the human resources function at BMW MC.[1]  There is absolutely no evidence in the

---

[1] Dr. Engelhorn became President of BMW MC in August 2021. (Petrasch Dep. at 126:4-11 – Cited pages from the Deposition of Christine Petrasch are attached hereto in Exhibit A.)  Prior to that date, the only other time he had been at BMW MC was in 2011 or 2012.  (Engelhorn Dep. at 74:2-25 – Cited pages from the Deposition of Robert Engelhorn are attached hereto in Exhibit B.)  Ms. Petrasch testified that she had no responsibility for human resources at BMW MC in 2016.  (Petrasch Dep. at 112:9-15.)  Ms. McCraw did not take over as TX-6 (Vice President of Human Resources) until April 2022. (McCraw Dep. at 5:23-6:1 – Cited pages from the Deposition of Sherry McCraw are attached hereto in Exhibit C.)  Prior to becoming Vice President of Human Resources, Ms. McCraw was in the TX-4 role (Vice President of Assembly). (McCraw Dep. at 6:2-3.)

record establishing that Dr. Engelhorn, Ms. Petrasch, or Ms. McCraw played any role in the creation of the Expat Guidelines or that they had any knowledge that this document ever existed.

In her Response to Defendants' Motion, Plaintiff acknowledges that Ms. Petrasch, the primary villain in her story, testified that she had never seen the document and was not aware of its provenance. (ECF 160 at 4.) Therefore, since it is without dispute that the Expat Guidelines document was "unknown" to Ms. Petrasch at the time of the pertinent employment decision in this case, Plaintiff cannot meet her burden to establish that the document was relevant to Ms. Petrasch's decision to move Plaintiff out of the TX-60 role and replace her with a German national. In an effort to evade this burden of proof, Plaintiff then places fault on Defendants for "offer[ing] nothing from Engelhorn or McCraw" to establish the absence of their knowledge or reliance. (ECF 160 at 4.) This argument turns the admissibility rules of evidence upside down by demanding that BMW MC prove the negative. Plaintiff bears the burden of proof in the case, including the burden of proof with respect to the competency of evidence she wishes to introduce. *See, e.g., Rowell v. BellSouth Corp.*, 433 F.3d 794, 801 (11th Cir. 2005) (affirming exclusion of alleged evidence of discrimination because plaintiff had provided "no evidence" that the witness had sufficient personal knowledge of the facts at issue). Here, the absence of evidence on the point—Dawsey's inability to demonstrate that any relevant decision maker even knew of the Expat Guidelines— dooms her attempt to use that evidence to support her claim that the decision to transfer her out of the TX-60 position was based on national origin.

Again, BMW MC agrees with Plaintiff's pronouncement that "allegations and assertions about matters unknown to the decision-makers is not relevant." Lacking any evidence that any of the decision makers at BMW MC had seen or used the Expat Guidelines, they are not relevant and, according to the legal standard first recited by Dawsey, not admissible.

## II.   PLAINTIFF'S SELF-SERVING ARGUMENT THAT THE EXPAT GUIDELINES DOCUMENT WAS ESTABLISHED POLICY AT BMW FAILS TO PROVE THAT THE DOCUMENT IS ADMISSIBLE

The remainder of Plaintiff's argument in favor of admission of the Expat Guidelines consists of a series of declarations about BMW MC and BMW AG policy and practices:

- "BMW followed the policy every time." (ECF 160 at 5.)

- "By all accounts, Dr. Engelhorn followed the Expat Guidelines." (*Id.*)

- "BMW scrupulously followed and recited the Expat Guidelines." (*Id.* at 6.)

- "BMW AG's executives . . . are employed by both BMW AG and BMW MC." (*Id.* at 7.)

Before crediting these assertions—which the Court understandably did at summary judgment, compelled by the standards—it must look carefully at the source of these declarations.  Nearly all of them come directly from Plaintiff's own self-serving statements about what the policies of BMW MC—and its parent BMW AG—are.[2]  The remainder are distortions of documents that lack supporting testimony from any competent witness.

Thus, the central premise of Plaintiff's argument—that the Expat Guidelines were well known and closely followed by both BMW MC and BMW AG—rely on her assertions that it was so.  But, as this Court has already concluded, Plaintiff was not an executive of BMW MC, nor was she even an employee of BMW AG.  (ECF 119 at 16.)  As a non-executive employee, the law powerfully cuts against her attempts to testify authoritatively about the company's policies, practices, intentions, and motivations because she lacks the personal knowledge to do so.  *See, e.g., Rowell v. BellSouth Corp.*, 433 F.3d 794, 801 (11th Cir. 2005) (affirming exclusion of

---

[2] For example, as support for two of these statements ("BMW followed the policy every time" and "BMW AG's executives . . . are employed by both BMW AG and BMW MC") Plaintiff cites to her own Declarations submitted in opposition to Defendants' Motions for Summary Judgment. *See* ECF 97-1 (Dawsey 2nd Declaration) at ¶ 12; ECF 104-9 (Dawsey Third Declaration) at ¶ 2.

plaintiff's attempts to describe the termination practices of his employer); *Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 461 (7th Cir. 2014) (affirming exclusion of plaintiff's testimony which purported to offer reasons for employer's actions as wrongly attempting to substitute the plaintiff's judgment for "the employer's state of mind"); *Reis v. Universal City Dev. Ptnrs, Ltd.*, 442 F. Supp. 2d 1238, 1252 (M.D. Fla. 2006) (excluding plaintiff's testimony about her employer's knowledge as "a conclusory allegation, lacking specific supporting facts, of a matter outside Plaintiffs personal knowledge"); compare *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 606 (D.N.J. 2004) (refusing to exclude assertions of plaintiff about business practices of his employer and parent because he served as "the Company's *Chief Operating Officer and Managing Director*" (emphasis added)).  Plaintiff, as a non-executive at BMW MC, holds a position that falls within the line of cases rejecting as lacking personal knowledge her opinions and speculations about the policies, practices and motivations of BMW MC and BMW AG.

Thus, even if the court determines that the Expat Guidelines could be relevant despite the absence of evidence that they were known to any of the decision makers at BMW MC, before admitting the Expat Guidelines or Plaintiff's testimony about them, this Court should inquire further (or allow the parties to conduct voir dire of the witness) to determine the extent to which Plaintiff has personal knowledge about the facts that she contends prove the company's policies and practices.  Given that Plaintiff was not an executive of BMW MC, logic dictates that much, if not all, of the information that Plaintiff seeks to convey is hearsay, known only to her through communication with others.  Lacking the personal knowledge required by Rule 602, it will become clear that many of Plaintiff's assertions lack a basis of admissibility and cannot on their own support the admission of the Expat Guidelines.

## III.   CONCLUSION

For the reasons set forth above and in Defendants' Motion (ECF No. 154), Defendants request that this Court grant their Motion in Limine and exclude Plaintiff from presenting any testimony or evidence regarding the Expat Guidelines document at trial.

Respectfully submitted this the 7th day of January, 2026.

By: *s/ Ellison F. McCoy*
Ellison F. McCoy (Fed. I.D. No. 6389)
ellison.mccoy@jacksonlewis.com
D. Randle Moody II (Fed. I.D. No. 7169)
randy.moody@jacksonlewis.com
Mallory H. Gantt (Fed. I.D. No. 13867)
mallory.gantt@jacksonlewis.com
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000

*ATTORNEYS FOR DEFENDANT*
*BMW MANUFACTURING CO., LLC*

By: *s/ Kurt M. Rozelsky*
Kurt M. Rozelsky (Fed I.D. No. 6299)
krozelsky@spencerfane.com
SPENCER FANE LLP
27 Cleveland St., Suite 201
Greenville, SC 29601
(864) 695-5200

*ATTORNEYS FOR DEFENDANT BAYERISCHE*
*MOTOREN WERKE AKTIENGESELLSCHAFT*