**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

|  |  |
|---|---|
| KELLY DAWSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 7:22-cv-03738-TMC |
| ) | |
| BAYERISCHE MOTOREN WERKE ) | |
| AKTIENGESELLSCHAFT and BMW ) | |
| MANUFACTURING CO., LLC collectively ) | |
| d/b/a "BMW GROUP," ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR A RULE 56(g) ORDER OR, IN THE ALTERNATIVE, MOTION IN LIMINE TO EXCLUDE ANY ATTEMPT BY PLAINTIFF TO ASSERT THAT SHE WAS FORCED OR COMPELLED TO RESIGN FROM BMW MANUFACTURING**

Defendants Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") and BMW Manufacturing Co., LLC ("BMW MC"), submit this Reply in support of Defendants' Motion requesting that the Court enter an Order pursuant to Federal Rule of Civil Procedure 56(g) establishing as a material fact that Plaintiff was not forced or compelled to resign from employment at BMW MC or, in the alternative, Motion in Limine to exclude Plaintiff from presenting evidence that she was forced or compelled to resign from employment or was constructively discharged by BMW MC (ECF No. 155).

**I.  DEFENDANTS' REQUEST FOR A RULE 56(G) ORDER IS BOTH TIMELY AND APPROPRIATE GIVEN THE COURT'S PRIOR RULINGS IN THIS CASE**

In her Response in Opposition to Defendants' Motion, Plaintiff argues that Defendants' request for a Rule 56(g) Order is untimely because Defendants did not seek the Order at the time it filed for summary judgment. (ECF No. 161 at 1-2.) However, Plaintiff provides no authoritative

or persuasive case law to suggest that a Rule 56(g) motion can only be made at the time a party moves for summary judgment under Rule 56(a) and in fact, courts have entered such orders post summary judgment.

Federal Rule of Civil Procedure 56(g) provides that when a "court does not grant all the relief requested by the motion, it may enter an order stating any material fact —including an item of damage or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). Contrary to Plaintiff's assertion that Defendants' Motion is untimely, courts have already held that a Rule 56(g) motion can be made after a ruling on summary judgment. *See Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 416 (7th Cir. 2019) ("Rule 56(g) does not say that the district court must issue its order contemporaneously with its summary judgment decision. . . ."); *Johnson v. Cnty of San Bernardino*, 2025 U.S. Dist. LEXIS 212300, at *13 (C.D. Ca. Aug. 20, 2025) (rejecting the argument that the request for the order was untimely and further finding no requirement that entry of a Rule 56(g) order must be made at the time of the initial summary judgment motion). In fact, the 2010 Amendments to the Committee Notes on Rules for Rule 56 provide that "[s]ubdivision (g) applies when the court does not grant all the relief requested by a motion for summary judgment. It becomes relevant only after a court has applied the summary judgment standard carried forward in subdivision (a)." *City of Huntington v. AmerisourceBergen Drug Corp.*, 2021 U.S. Dist. LEXIS 47333, at *16 (S.D. W. Va. Mar. 15, 2021) (concluding that the plaintiffs could not invoke Rule 56(g) because it only becomes relevant after the court has applied the summary judgment standard).

Defendants' Motion seeking an Order under Rule 56(g) is therefore timely and appropriate at this stage because the Court has already ruled on summary judgment and concluded in the Order denying summary judgment that Plaintiff had resigned from her employment at BMW MC. (ECF No. 119 at 5-6); *see also Krieger v. United States*, 842 F.3d 490, 505 (7th Cir. 2016) ("a ruling

2

made in an earlier phase of a litigation controls the later phases unless a good reason is shown to depart from it."). Therefore, a Rule 56(g) Order will permit the parties to "'salvage some results' from time and resources spent in deciding unsuccessful summary-judgment," and simplify the trial by avoiding any arguments or evidence over a fact already decided by the Court. *See Kreg*, 919 F.3d at 415; *see also Correa v. Otto Eng'g Inc.*, 2024 U.S. Dist. LEXIS 8399, at *4 (D.N. Ill. Jan. 17, 2024) (granting a Rule 56(g) motion as to the undisputed facts set forth in the court's Opinion and Order at summary judgment); *Johnson*, 2025 U.S. Dist. LEXIS 2122300 at 15 (finding benefit in issuing a Rule 56(g) order where the efforts from the parties and the court in the connection with the initial summary judgment motion was considerable); *In re Nicewander*, 634 B.R. 524, 536 (S.D. W. Va. B.R. Sept. 30, 2021) (finding Rule 56(g) relevant given the Court already applied the summary judgment standard to each of the plaintiff's claims).

**II.     SINCE PLAINTIFF CONCEDES THAT THERE IS NO CONSTRUCTIVE DISCHARGE CLAIM IN THIS CASE, THE COURT SHOULD GRANT DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFF FROM PRESENTING EVIDENCE THAT SHE WAS FORCED OR COMPELLED TO RESIGN FROM EMPLOYMENT**

In addition to requesting that the Court issue a Rule 56(g) Order, Defendants seek to prohibit Plaintiff from presenting evidence that she was forced to resign. Because the Parties agree that constructive discharge is not at issue and Plaintiff will not be requesting that the Court charge the jury on constructive discharge, the Court should grant Defendants' Motion in Limine to avoid any potential confusion of the jury at trial.

Though Plaintiff repeatedly claims that her case does not involve constructive discharge, she spends most of her Response asserting that she should be permitted to introduce evidence that she had no choice to resign from BMW MC, language that mirrors a constructive discharge claim. According to Plaintiff, "Dawsey has every right to explain to the jury what she was going through and why she made the choices she did." (ECF No. 161 at 2.) And this statement is true, insofar as

3

Plaintiff plans to tell the jury the same thing that she is telling this Court. In her response, Dawsey tells this Court, repeatedly, that this is not a constructive discharge case. (*Id.*) In disclaiming constructive discharge, Dawsey concedes that she is unable to "prove first that [s]he was discriminated against by [her] employer to the point where a reasonable person in [her] position would have felt compelled to resign." *Green v. Brennan*, 578 U.S. 547, 555, 136 S. Ct. 1769, 1777 (2016). Because Plaintiff concedes the point to this Court, the basic principles of fairness and the obligation of candor imposed on the litigants should operate to preclude her from arguing the opposite to the jury.

Accordingly, permitting Plaintiff to present evidence that she was forced or compelled to resign from employment at BMW MC will only lead the jury back to considering facts in support of a legal theory she has abandoned, instead of focusing on whether she suffered an adverse action when BMW MC announced its plan to transfer Plaintiff from the TX-60 position to the TX-64 position. Prohibiting Plaintiff from introducing evidence that she felt compelled or forced to resign will not prejudice her because those elements go only to support a claim of constructive discharge, which she admits she is not asking to present to the jury. To permit Plaintiff to argue the very thing she has repeatedly disclaimed not only risks misleading the jury on the real issues at trial but will also unfairly prejudice Defendants in having to present evidence on a claim Plaintiff has already abandoned. Therefore, Defendants respectfully request that the Court grant their Motion in Limine and prohibit Plaintiff from introducing evidence that she was compelled or forced to resign.

### III.  CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court enter a Rule 56(g) Order establishing as a material fact that Plaintiff was not forced or compelled to resign

4

from employment at BMW MC and barring Plaintiff from presenting evidence that she was forced or compelled to resign from employment or was constructively discharged by BMW MC.

Respectfully submitted this the 7th day of January, 2026.

> By: *s/ Ellison F. McCoy*
> Ellison F. McCoy (Fed. I.D. No. 6389)
> ellison.mccoy@jacksonlewis.com
> D. Randle Moody II (Fed. I.D. No. 7169)
> randy.moody@jacksonlewis.com
> Mallory H. Gantt (Fed. I.D. No. 13867)
> mallory.gantt@jacksonlewis.com
> JACKSON LEWIS P.C.
> 15 South Main Street, Suite 700
> Greenville, SC 29601
> (864) 232-7000
>
> *ATTORNEYS FOR DEFENDANT*
> *BMW MANUFACTURING CO., LLC*
>
> By: *s/ Kurt M. Rozelsky*
> Kurt M. Rozelsky (Fed I.D. No. 6299)
> krozelsky@spencerfane.com
> SPENCER FANE LLP
> 27 Cleveland St., Suite 201
> Greenville, SC 29601
> (864) 695-5200
>
> *ATTORNEY FOR DEFENDANT BAYERISCHE*
> *MOTOREN WERKE AKTIENGESELLSCHAFT*