IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

|  |  |
|---|---|
| KELLY DAWSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 7:22-cv-03738-TMC |
| | ) |
| BAYERISCHE MOTOREN WORKE AKTIENGESELLSCHAFT and BMW MANUFACTURING CO., LLC collectively d/b/a "BMW GROUP," | ) |
| | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES AND TO BIFURCATE THE TRIAL INTO PHASES**

Defendants Bayerische Motoren Worke Aktiengesellschaft ("BMW AG") and BMW Manufacturing Co., LLC ("BMW MC"), submit this Reply in Support of their Motion in Limine to exclude Plaintiff from presenting evidence to the jury regarding Plaintiff's claims for compensatory and punitive damages and to bifurcate the trial into phases of liability determination and damages determination. (ECF No. 153.)

**I.     THE PARTIES AGREE THAT PLAINTIFF'S CLAIM FOR BACK PAY AND FRONT PAY SHOULD BE DECIDED BY THE COURT**

In her Response to Defendants' Motion in Limine and to Bifurcate, Plaintiff agrees that the Court should, consistent with prevailing Fourth Circuit law, determine any economic damages (including back pay and front pay) to be awarded to Plaintiff. Accordingly, the Court should prohibit presentation of any evidence, argument, or statements regarding Plaintiff's alleged economic damages to the jury.

## II. PLAINTIFF HAS FAILED TO MEET HER BURDEN TO ESTABLISH THAT SHE IS ENTITLED TO COMPENSATORY OR PUNITIVE DAMAGES

As fully set forth in Defendants' Motion, Plaintiff bears the burden of proving that she is entitled to recover compensatory and punitive damages. With regard to her claim for compensatory damages, the Fourth Circuit has held that a plaintiff must sufficiently articulate that she suffered demonstrable emotional distress, which includes demonstrating with specificity how her emotional distress was manifested and that a causal connection existed between the alleged emotional distress and the wrong committed by the employer. *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 653 (4th Cir. 2002). In response to Defendants' Motion, Plaintiff attempts to turn this burden of proof on its head, in essence claiming that Defendants have failed to prove that she did not suffer compensatory damages. Not only is this argument legally flawed, but it also ignores the evidence in the record.

In her Response, Plaintiff asserts that "BMW never sought discovery on compensatory damages." (ECF No. 159 at 3.) However, this is blatantly false. Initially, as cited in Defendants' Motion, Plaintiff was specifically asked if she had received any treatment, counseling, or other services for any alleged compensatory damages. <u>Plaintiff conceded that she had received no such treatment</u>. (*See* ECF No. 153 at n. 1.) Going a step further, during Plaintiff's deposition, she was specifically questioned about the amount of compensatory damages that she was seeking to recover in the case. Her response to that question was that she is "relying on my attorney for those things." (Pl. Dep. 324:1-8.)[1] Even though Plaintiff clearly evaded providing any information to Defendants regarding her alleged compensatory damages in discovery, she now wants to claim that she is entitled to compensatory damages because Defendants never sought any information about them.

---

[1] The cited pages from Plaintiff's Deposition are attached hereto in Exhibit A.

Specifically, Plaintiff now claims that she was distressed by BMW's decision to move her from the TX-60 Department Manager position to the TX-64 Department Manager position and thus should be allowed to argue to the jury that she is entitled to compensatory damages. However, Plaintiff gave up her opportunity to claim such emotional distress damages in this case when she refused to answer and/or evaded Defendants' questions during discovery. The Court cannot award such deceptive behavior by allowing Plaintiff to now argue to the jury that she should be entitled to recover compensatory damages.

Likewise, in response to Defendants argument that Plaintiff should be precluded from presenting any evidence or arguments of her claim for punitive damages because she has no evidence that Defendants acted with reckless indifference towards her, Plaintiff provides no substantive argument as to why she is entitled to an award of punitive damages in this case. As set forth in detail in Defendants' Motion, there is no evidence that Defendants acted with reckless indifference towards Plaintiff and thus she should be prohibited to arguing for an award of punitive damages in this case.

Plaintiff's primary response to Defendants' Motion seeking to limit testimony regarding compensatory and punitive damages is to argue that Defendants should have made this argument at the summary judgment stage. However, even if Defendants could have made such an argument at summary judgment, Plaintiff points to no supporting case law from the Fourth Circuit or a South Carolina District Court that prohibits a motion in limine as to this issue. Defendants submit that a motion in limine on this issue is proper and that a ruling from the Court prior to trial will promote judicial economy as it will eliminate testimony and evidence to be presented to the jury.

### III. BIFURCATION OF THE CASE INTO TWO PHASES IS APPROPRIATE BECAUSE THERE ARE NO DAMAGES ISSUES TO BE DECIDED BY THE JURY

As fully set forth in Defendants' Motion and above, there are no damages issues to be decided by a jury in this case. Plaintiff admits that her claim for economic damages, including back pay and front pay, are an equitable remedy to be determined by the Judge. Furthermore, Plaintiff has failed to establish that she is entitled to compensatory or punitive damages in this case. Because there are no damage issues to be presented to the jury, Rule 42(b) of the Federal Rules of Civil Procedure and Fourth Circuit precedent dictate that bifurcation is proper to advance judicial economy and convenience and prevent unfair prejudice. Although Plaintiff argues that what Defendants seek is actually "trifurcation," Defendants have made no such argument here. Instead, Defendants simply request that the Court bifurcate the case into two phases to determine liability and damages. This approach promotes judicial economy and avoids unnecessary expenditure of time and resources.

### IV. CONCLUSION

For the reasons set forth above and in Defendants' Motion (ECF No. 153), Defendants request that this Court grant their Motion in Limine to exclude Plaintiff from presenting evidence to the jury regarding Plaintiff's claims for compensatory and punitive damages and to bifurcate the trial into phases of liability determination and damages determination.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted this the 7th day of January, 2026

By: *s/ Ellison F. McCoy*
Ellison F. McCoy (Fed. I.D. No. 6389)
ellison.mccoy@jacksonlewis.com
D. Randle Moody II (Fed. I.D. No. 7169)
randy.moody@jacksonlewis.com
Mallory H. Gantt (Fed. I.D. No. 13867)
mallory.gantt@jacksonlewis.com
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000

*ATTORNEYS FOR DEFENDANT*
*BMW MANUFACTURING CO., LLC*

By: *s/Kurt M. Rozelsky*
Kurt M. Rozelsky (Fed I.D. No. 6299)
krozelsky@spencerfane.com
SPENCER FANE LLP
27 Cleveland St., Suite 201
Greenville, SC 29601
(864) 695-5200

*ATTORNEYS FOR DEFENDANT BAYERISCHE*
*MOTOREN WERKE AKTIENGESELLSCHAFT*

5