**In the United States District Court
District of South Carolina
Spartanburg Division**

| | |
|---|---|
| Kelly Dawsey, | ) 7:22-03738-TMC |
|     Plaintiff, | ) |
| v. | ) |
| | ) **Plaintiff's Objections to BMW MC's Amended Rule 26(a)(3) Disclosures [ECF 172]** |
| Bayerische Motoren Werke Aktiengesellschaft and BMW Manufacturing Co., LLC collectively d/b/a "BMW Group," | ) and |
| | ) **Response to BMW's Proposed Deposition Counter Designations** |
|     Defendants. | ) |

**A.     Identification of Witnesses**

    **1.     Unspecified witnesses**

Dawsey objects to BMW's statement that it "reserve[s] the right to call any additional witnesses that have been identified by Plaintiff or Defendant BMW AG and that are necessary for purposes of impeachment or rebuttal." [ECF 149 at 2]. BMW cannot "reserve the right," because no such right exists.

Rule 26 requires disclosure of the "the name . . . of each witness." Fed. R. Civ. P. 26(a)(3)(A)(1). Unspecified and unnamed "catch all" categories of witnesses are improper under Rule 26(a)(3). *Harris v. Goins*, Civil Action No. 6: 15-151-DCR, 2017 U.S. Dist. LEXIS 149138, at *6 (E.D. Ky. Sep. 14, 2017) ("Rule 26 requires the identity of individual witnesses who are expected to testify—not a category of witnesses. Parties must specifically identify any witnesses they may use at trial or risk being barred from calling such witnesses."); *Murphy v. Precise*, No. 1:16-CV-0143-SLB-DAB, 2017 U.S. Dist. LEXIS 197797, at *17 (M.D. Ala. Dec. 1, 2017).

Likewise, unspecified surprise "impeachment and rebuttal" witnesses must be excluded. (DE 174 at 2 ¶ 6). "Rebuttal" witnesses are not within Rule 26's exception of disclosures "solely for impeachment." Fed. R. Civ. P. 26(A). "The rule, by its own terms, does not exempt rebuttal evidence, only impeachment evidence." *Baldassarre v. Norfolk S. Ry.*, Civil Action No. 2:18-cv-598, 2020 U.S. Dist. LEXIS 29540, at *8 (E.D. Va. Feb. 19, 2020) (quoting Fed. R. Civ. P. 26 Advisory Committee Note to the 2000 Amendment ("The disclosure obligation [of rule 26(a)(1)] applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or **rebuttal** of the allegations, claim, or defense of another party.") (emphasis added)). As another court summarized:

Rebuttal testimony and impeachment testimony are two different things, but parties are not excused from identifying them:

> A rebuttal witness is a witness who will testify regarding issues that have been identified in the case. *See Searles v. Van Bebber*, 251 F.3d 869, 877 (10th Cir. 2001) (agreeing with district court's finding that a witness offering testimony that "went to an issue which had been identified in the pretrial order" was a rebuttal witness, not an impeachment witness); *see also United States v. Harris*, 557 F.3d 938, 942 (8th Cir. 2009) ("rebuttal testimony is offered to explain, repel, counteract, or disprove evidence of the adverse party.") (internal quotation omitted); *United States v. Finis P. Ernest, Inc.*, 509 F.2d 1256, 1263 (7th Cir. 1975), *cert. denied*, 423 U.S. 893 (1975) ("the function of rebuttal is to explain, repel, counteract or disprove the evidence of the adverse party."). Here, as noted above, Defendant had an opportunity to amend its witness list and then to supplement that list on a showing of good cause. Accordingly, all rebuttal witnesses should have been identified in accordance with . . . the Scheduling Order.
>
> A witness offered for purposes of impeachment only is offered to show the "bias or interest of a witness, his or her capacity to observe an event in issue, or a prior statement of the witness inconsistent with his or her current testimony." *Berry v. Oswalt*, 143 F.3d 1127, 1130 (8th Cir. 1998); *Finis P. Ernest, Inc.*, 509 F.2d at 1263 ("Impeachment is an attack upon the credibility of a witness. A witness' testimony may be contradicted without being impeached."). Put more succinctly, impeachment evidence "calls into

2

> question the witness's veracity." *Harris*, 557 F.3d at 942. Here, Defendant's designations do not make clear if any of the witnesses are offered solely for impeachment purposes. Further, the designations do not offer clarity regarding the topics about which each person would allegedly provide impeachment testimony. More importantly, Defendant had an opportunity to amend its witness list to include impeachment witnesses and/or to supplement that list on a showing of good cause. Accordingly, all impeachment witnesses should have been identified in accordance with . . . the Scheduling Order.

*EEOC v. Abade*, Civil Action No. 10-cv-02103-PAB-KLM, 2014 U.S. Dist. LEXIS 41276, at *19-21 (D. Colo. Mar. 25, 2014).

Likewise, "[i]mpeachment evidence which also possesses a substantive quality cannot be said to fit the solely for impeachment classification" under Rule 26(A). *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 436 (D. Md. 2006).

Further, there are no secrets or unknown issues to "rebut" at this point as this dispute is over three years old.

The deadline for naming witnesses was in December 2023. [See ECF 85 at 2 ¶ 8 (closing discovery in January 2024)].

> Witnesses who are not timely identified may be excluded. All witnesses should be identified as early in the discovery process as is feasible. Witnesses identified within the last twenty-eight (28) days of the discovery period will be presumed not to be timely identified, absent a showing of good cause.

D. S.C. Local Rule 16.02(D)(2).

Because BMW has failed to disclose these witnesses, their testimony must be barred. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial"). "Rule 37(c)(1) . . . requires the near automatic exclusion of Rule 26 information that is not timely disclosed." *Wilson v. Bradlees of New England, Inc.*, 250 F.3d. 10, 20 (1st Cir. 2001); *Baker v. Snyder*, 2006 U.S. Dist. LEXIS 61255, at * 3 (E.D.

Tenn. 2006) ("The exclusion of undisclosed evidence "is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.") (citing *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn, P.C.*, 388 F.3d 976, 983 (6th Cir. 2004) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004))).[1]

### 2. Records custodians

Dawsey objects to BMW's statement that it "may also call any witness and record custodian necessary to authenticate any documents noted herein." [ECF 149 at 2].

Again, BMW was obligated to identify any such witnesses long ago. Its other option was to provide affidavits of records custodians. But the deadline for that was *two years ago*. [ECF 85 at 2 ¶ 7].

Because BMW has failed to disclose any such witnesses, it cannot surprise Dawsey at trial with them. Fed. R. Civ. P. 37(c)(1).

### 3. Witnesses identified by BMW AG

BMW MC also states it will call BMW AG witnesses. But throughout this case, BMW AG stated it would not call any witnesses. In its 26.03 responses, BMW AG stated: "AG does not anticipate calling any fact witnesses. AG reserves the right to amend or supplement its response." [ECF 37 at 2, question 2]. BMW AG neither amended nor supplemented this response. [*See also* Dawsey Objections to BMW AG 26(a)(3) Disclosures].

---

[1] The term "harmless" in Rule 37 refers to the interest in avoiding unfair surprise to the opponent of the non-disclosing party. *See Michelone v. Desmarais*, 25 Fed. Appx. 155, at *158, 2002 U.S. App. LEXIS 231, *9 (4th Cir. 2002) (citation omitted).

4

B.  **Exhibits**

Dawsey objects to the following exhibits identified by BMW:

| Exh. | Objection |
|---|---|
| 41 | Relevance |
| 43* | Compilation |
| 54 | Authenticity, completeness, and relevance |
| 55 | No objection except SSN needs to be redacted |
| 58* | Relevance |
| 59* | Relevance |
| 60* | Relevance |
| 61* | Relevance |
| 63* | Objections stated in pending Motion in Limine (ECF 144) |
| 80 | (Has not been produced to date – objections reserved) |

\* = Exhibit relates solely to economic damages that the parties agree will not be presented to the jury unless the Court decides to seek an advisory verdict. Plaintiff points this out if the Court chooses to withhold rulings until the bench portion of the trial.

C.  **Unspecified exhibits**

BMW also claims it may offer unspecified documents "if the need arises." [ECF 150-1 at 5-6]. This is improper. Rule 26(a)(3)(A)(iii) requires specificity of each document, not a reference to categories of documents:

> [A] party must provide . . . an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

5

Fed. R. 26(a)(3)(A)(iii).

**D.      BMW Deposition Counterdesignations**

    **1.      Objections based on scope**

BMW improperly designates testimony not related to the subjects of Dawsey's designation. BMW did not designate this deposition testimony in its Rule 26(a)(3) disclosures. Nor has it made the appropriate showing under Rule 32(a)(4) to allow it to introduce testimony. BMW cannot use Dawsey's timely designations as license to make improper designations of its own. In other wors, one party's timely designation of deposition testimony does not "open the door" to designations on any other topic from the other party. To the contrary, a proper counterdesignation must be "within the scope of [the] offered testimony or a completeness designation necessary for the jury to fairly interpret the offered testimony." *In re Zetia Ezetimibe Antitrust Litig.*, No. 2:18-md-2836, 2023 U.S. Dist. LEXIS 112035, at *17 (E.D. Va. Apr. 5, 2023) (barring designations on new topics).

    **2.      Eva Burgmeier**

| Burgmeier – BMW Counter | Dawsey Objection | Dawsey counter (if allowed) |
|---|---|---|
| 6:22-7:11 | Improper scope (see above D(1) "Objections based on scope")<br><br>Relevance | |
| 9:8-19:15 | Improper scope (see above D(1) "Objections based on scope")<br><br>Relevance | |

| Burgmeier – BMW Counter | Dawsey Objection | Dawsey counter (if allowed) |
|---|---|---|
| 19:18-22:2 | Improper scope (see above D(1) "Objections based on scope")<br>Relevance | |
| 22:23-25 | Confusing; this was not entirely true at the time and is not true now. | |
| 24:5-12 | Misleading - not true at this time | |
| 24:13-25:10 | Dawsey reserves objection on whether this is true today. As shown above, the testimony is misleading as it pertains to current incumbents.<br>As to 24:25 – 25:1, she claims she does not know. | |
| 31:20-34:22 | Improper scope (see above D(1) "Objections based on scope")<br>Relevance | |
| 37:23-38:4 | Improper scope (see above D(1) "Objections based on scope") | 38:5-8 |
| 39:5-24 | Improper scope (see above D(1) "Objections based on scope") | |
| 41:2-12 | Improper scope (see above D(1) "Objections based on scope") | |
| 48:10-13 | No objection. | |
| 65:2-3 | No objection. | |
| 65:8-11 | No objection. | |

| Burgmeier – BMW Counter | Dawsey Objection | Dawsey counter (if allowed) |
|---|---|---|
| 72:4-12 | No objection. | |
| 73:22-74:19 | Improper scope (see above D(1) "Objections based on scope"); lack of foundation | |
| 75:18-77:24 | Dawsey objects on the basis of the arguments from her Motion in Limine (ECF 152)<br><br>Improper scope (see above D(1) "Objections based on scope")<br><br>Misleading – does not follow from prior designation but starts "Anything else" | 1. 83:17-21;<br>2. 104:8-23<br>3. 106:2-5 |
| 78:23-79:10 | Dawsey objects on the basis of the arguments from her Motion in Limine (ECF 152)<br><br>Improper scope (see above D(1) "Objections based on scope") | |

3.    **Clarence Edward (Eddie) Bailey**

| Bailey – BMW Counter | Dawsey Objection | Dawsey counter (if allowed) |
|---|---|---|
| 16:10-17:4 | No objection. | |
| 23:18-24 | No objection. | |
| 24:9-25:7 | No objection. | |
| 26:2-13 | No objection. | |
| 27:10 - 29:25 | No objection. | |

| Bailey – BMW Counter | Dawsey Objection | Dawsey counter (if allowed) |
|---|---|---|
| 32:7-9 | No objection. | |
| 33:25-34:16 | No objection. | |
| 35:16-23 | No objection. | |
| 36:4-22 | No objection. | |
| 49:22-50:1 | Hearsay; foundation; relevance | |
| 51:11-52:4 | Improper scope (see above D(1) "Objections based on scope")<br><br>Relevance | |
| 53:19-55:22 | Improper scope (see above D(1) "Objections based on scope")<br><br>Relevance | |
| 56:13-57:13 | Improper scope (see above D(1) "Objections based on scope")<br><br>Relevance | |
| 61:10-22 | Improper scope (see above D(1) "Objections based on scope")<br><br>Relevance | |

4. **Neal Gilmore**

| Gilmore – BMW Designation | Dawsey Objection | Dawsey counter (if allowed) |
|---|---|---|
| 6:8-8:19 | Misleading as to time (correctable with instruction to jury as to date of deposition) | |
| 8:23-9:10 | No objection. | |
| 10:4-19 | No objection. | |
| 12:10-15:5 | No objection. | |
| 16:10-17:16 | No objection. | |

Respectfully submitted this 12th day of January 2026.

                                         _s/ Brian P. Murphy_____  
                                         Brian P. Murphy  
                                         Attorney for Plaintiff

Stephenson & Murphy, LLC  
207 Whitsett Street  
Greenville, SC 29601  
Phone: (864) 370-9400