**State of South Carolina**  )
          )  **Declaration**
**County of Greenville**   )

Brian P. Murphy, states that he is over the age of eighteen years of age, and that the assertions of fact in this Declaration are true and correct.

1. I am attorney based in Greenville, South Carolina. I was admitted to the Bar of the Commonwealth of Pennsylvania in 1992 and the State of South Carolina in 1994. I also am a member of the Bars of the District of South Carolina and the Middle District of Pennsylvania, the Third Circuit Court of Appeals, the Fourth Circuit Court of Appeals, and the United States Supreme Court.

2. I am a 1987 graduate of Penn State University with a B.A. in Labor Studies.

3. After working in employee relations for a large company, I attended the University of South Carolina School of Law starting in 1989.

4. I graduated, with honors, from the University of South Carolina School of Law in 1992. I was a member of The Order of Wig and Robe, Order of the Coif, and John Belton O'Neall Inn of Court. I was associate editor in-chief of the South Carolina Law Review (volume 43).

5. Upon graduation, I became an associate in the labor and employment section of Morgan Lewis and Bockius. In 1994, I returned to South Carolina to be an associate at Ogletree, Deakins, Nash, Smoak & Stewart, PC.

6. In 1996, I left Ogletree Deakins to form my own practice, representing primarily employees in litigation. From 1996 – July 2014, I had a solo practice or was in partnerships with W. Andrew Arnold and Justin Grow. During this time, my practice continued to consist of representing individuals, as well as some small to mid-sized

1

businesses.  In July 2014, Tom Stephenson and I formed Stephenson & Murphy with which I practice to this day.

7.      I have been rated AV by Martindale Hubbell since my first rating in 1998.  I have been included in SuperLawyers – South Carolina since 2008.  I have been listed four times in the top 25 of vote recipients in South Carolina.  I have been listed in Best Lawyers since 2005 and awarded "Lawyer of the Year" designation numerous times, including 2026.  I also have been listed in Best Lawyers Judicial Edition.  I also have been listed in Legal Elite of the Upstate for several years.

8.      I am a member of the Haynsworth-Perry Inn of Court and previously served on its executive board.

9.      I have been a certified arbitrator and mediator in South Carolina for over twenty years.

10.      I also am a due process hearing officer for the State of South Carolina Department of Education and have been both a local hearing officer and state review officer for cases arising under the Individual with Disabilities in Education Act ("IDEA").

11.      In short, for almost thirty-four years, I have focused my practice on employment litigation, having represented both corporations and individuals.

12.      Since September 1996, my practice has been focused primarily on representing plaintiffs in employment litigation.

13.      The Dasey trial was my twenty-first (21st) trial as either lead/solo counsel or in a supervisory role.  Of those 21 trials, 18 have been jury trials in South Carolina, and twenty have been labor and employment cases.  The only loss I have in any of these trials

2

is a directed verdict in 1999.[1]  My clients have prevailed in every case submitted to the

jury.

---

[1]     The cases that I have tried prior to this case are, in reverse chronological order, as follows:  *Carter v. Ascend Performance Materials Holdings, Inc. et al.*, 8:20-cf-04379-TMC (client machine operator prevailed at jury trial with $52,916 in lost wages, $100,000 in compensatory damages, and $250,000 in punitive damages with a final judgment of $602,271.57 after fees and costs); *Tuck v. On the Mark Automotive Repair & Refinishing, LLC*, et. al, 2018-CP-23-01643 (client mechanic prevailed at jury trial with verdict totaling $249,033 for breach of employment contract); *Buie v. Charter Comms*, 6:17-cv-3007-DCC (client HR director awarded $206,288.17 in non-jury trial for retaliation under the ADA); *Styles v. SEG/BI-LO*, 2018-CP-04-01127 (client prevailed at jury trial with verdict of $110K for work-related false imprisonment claim); *Sloan v. CSL Plasma*, 2016-CP-23-00668 (client prevailed at jury trial in handbook case); *Parker v. Beta Club*, 2014-CP-42-01759 (client prevailed at jury trial in wrongful discharge case with $518K actuals and $350K punitive damage award upheld on appeal); *Myers v. Taylor Investments*, 1:11-934-SVH (court appointed for jury trial of Title VII claims in which case settled during plaintiff's case in chief);  *Banks v. Allied Crawford*, 6:09-cv-01337-JMC (client prevailed in race harassment jury trial with actual and punitive damages of $60K); *Norman v. Caterpillar*, 2008-CP-23-9463 (client prevailed in jury trial for wrongful discharge and violations of state wiretap act with $75,000 in back pay, $25,000 in other actual damages, and $250,000 in punitive damages); *VanSteenburg v. J&K Precision*, 2006-CP-37-219 (defense client prevailed in non-jury workers comp retaliation trial); Rosetti v. World Group, 2005-CP-0550 (client prevailed in wage payment claim for which trebles and attorney fees were granted); *Advanced Medical v. Crosland*, 2005-CP-23-02473 (client (defendant) prevailed at jury trial on her counterclaim for wages owed ($17,500), while plaintiff was awarded $1 in damages on original claim); *Harvey v. Chapman Mirror & Glass*, 2005-CP-23-3367 (client prevailed at jury trial with actual damages of $75K and punitive damages of $100K for interference with employment claim against former employer); Coker v. United Forest Products, 2003-CP-42-3095 (client prevailed in wage payment jury trial in which I was co-counsel and provided supervision); *Pratt v. SCDC*, 02-CP-40-0345 (client prevailed in jury trial handbook claim with verdict of $112,500); *Murphy & Rogers v. United States Truck Driving School*, 7:01-cv-02951-MBS (client (defendant) prevailed at jury trial of multiple plaintiff sex harassment and retaliation claims); *Scott v. Ameritex*, C.A. 7-99-0173-20AK (client prevailed in jury trial sexual harassment case; compensatory damages of $35K with fees and expenses awarded in addition); *Domine v. Baush & Lomb*, C.A. No. 6:98-1925-13AK (directed verdict granted against client); *Blumenthal v. FFY Textile Supply Co.*, 98-CP-23-00145 (client prevailed in jury trial of business dispute case involving sale of yarn; damages trebled and fees awarded under SCUTPA); *Viking Freight System, Inc. v. International Brotherhood of Teamsters Locals 526 and 251*, 94-00520 (Mass. Super. Ct, Bristol Dept) (client prevailed in a bench trial involving strike-related violence).

14.     In the District of South Carolina, I have appeared in 254 cases.  Almost all of these cases involve me representing a plaintiff in an employment-related dispute.  Of these 246, my clients have prevailed or reached a settlement in all but two.[2]

15.     As the trial statistics above show (*supra* n. 1), the majority of my cases are in state court for which I do not have statistics.  There has been only one case, however, that I can recall in which my client did not settle or prevail at all after losing a 3-2 decision in the South Carolina Supreme Court.  *Cunningham v. Anderson Cty.*, 414 S.C. 298, 299, 778 S.E.2d 884, 884 (2015).

16.     My new hourly rate applicable for new matters is $500 per hour.

17.     My new rate in 2026, of $500, represents a 5.41% annual increase over the past two years.  That is less than the increases in the legal market.[3]  It is well within line of rates, given my years of experience.

---

[2]     *See Dobson v. AFCO*, 6:02-cv-020870-HFF-WMC (case submitted non-jury to magistrate judge on the record; ruling for Defendant); *Domine v. Bausch & Lomb*, 6:98-cv-01925- GRA (directed verdict granted at trial).  In the two other cases in which my clients did not prevail, either a settlement was reached after an adverse ruling, or my client lost as to a remaining defendant after settling with the primary defendant.  *Graham v. Qwest Communications*, 6:99-cv-00435-MBS (summary judgment granted and case settled on appeal); *Groves v. AT&T Mobility, LLC*, 8:12-cv-03329-TMC (summary judgment granted to remaining defendant after primary defendant settled).

[3]     Opposing counsel's reported rate of increase in 2024 was approximately 6%.  Campisi, Jackson Lewis Posts Double-Digit Revenue Growth in 2024, at 2, available at   www.jacksonlewis.com/sites/default/files/2025-03/TAL311202561634JACKSON.pdf  The current rate of growth for hourly rates is about 7.4%.  https://www.thomsonreuters.com/en-us/posts/legal/law-firm-rates-report-2026/

18.     My rate was $450 from 2024 until 2026.  *See Carter*, 8:20-cf-04379-TMC, ECF 214-1, at 3 ¶ 16 (filed June 4, 2024); *Duerr*, 3:22-cv-00111-SAL, ECF 93-6, at 2 ¶ 12 (filed Jan. 27, 2025) (affirming that rate at the time was $450).[4]

19.     I began representation of Ms. Dawsey when she first consulted with me in September, 2021.

20.     No other attorney assisted in the representation of Ms. Dawsey.  Nor do I bill for time spent by my assistant, even though some of it clearly would qualify as paralegal services.  Plaintiff seeks recovery solely for the time spent by me.

21.     This matter has kept me from taking consultations or working on other cases.  As the Court can see from some of the filings, the Undersigned already works most weekends.  We regularly have to turn away even fee-paying clients because of critical deadlines in employment cases.  This case was no different.

22.     Exhibit 2 to this Motion is our firm's record of my time entries on this matter.  I keep time records as contemporaneously as practicable.  Those records are then entered into QuickBooks, typically during the billing period when possible.  Accordingly, these are entries of contemporaneous records.

23.     Exhibit 3 to this Motion is our firm's record of the expenses charged to this matter.  Again, these come from the firm's QuickBooks records.  I have advanced all money necessary to pay these expenses.

---

[4]     The last fee award I received was in *Carter*.  This Court awarded fees at my uncontested prior rate of $425.  *Carter v. Ascend Performance Materials Holdings, Inc. et al.*, 8:20-cf-04379-TMC, ECF 231, at 4 (D.S.C. Oct. 30, 2024).  In February 2023, the Court awarded $425 per hour based on the showing made regarding reasonableness. *Butler-Bohn v. Walmart, Inc.*, 7:22-cv-156-TMC Docket Entry 52 (Feb. 3, 2023).   That had been my rate from mid-2022 until early 2024.  *See id.* DE 55-1 at 4 ¶ 17.

24.    There were twelve depositions in this case, all of which were used either at trial or at the summary judgment stage. There were several rounds of written discovery and third-party subpoenas. Plaintiff submitted three sets of discovery to BMW AG (five requests to admit, nine interrogatories, and thirty-seven specific requests to admit) and three sets to BMW MC (twenty-three interrogatories and 104 specific requests to produce). Dawsey also responded to sixteen interrogatories and twenty-six requests to produce from BMW, and she produced almost 2900 pages of responsive documents.

25.    I am not aware of any other practitioner in South Carolina who has tried more employment federal civil rights cases in the District of South Carolina.

Dated this 10th day of March, 2026.

**I swear that the foregoing is true and correct subject to the penalties of perjury. 28 U.S.C. § 1746.**

_____s/ Brian P. Murphy_____
Brian P. Murphy Fed. I.D. No. 6770