**STATE OF SOUTH CAROLINA** )
                              ) **DECLARATION OF W. ANDREW ARNOLD**
**COUNTY OF GREENVILLE**      )

W. Andrew Arnold states that he is an adult over the age of eighteen (18) years old, the factual matters herein are true and accurate to the best of his knowledge, and the opinions expressed herein are in good faith and are honestly held by declarant:

1.      I am a 1992 graduate of the University of South Carolina School of Law and have practiced employment litigation since I was admitted to the South Carolina Bar in November 1992. I am also admitted to the United States District Court of South Carolina and the United States Court of Appeals for the Fourth Circuit. For whatever it's worth, I am listed in both SuperLawyers and Best Lawyers in America.

2.      Since 1992, I have practiced in Greenville, South Carolina. I have litigated employment cases successfully in both state and federal courts. I am familiar with or know well most of the employment practitioners in the South Carolina, including counsel for the Plaintiff (Brian Murphy). I have known Brian Murphy since law school, and we practiced together as Arnold & Murphy for several years. Brian enjoys a reputation as a top employment law practitioner in the state. Brian and I have worked together on cases and have opposed each other on cases. I hold Brian in high regard and consult him regularly about employment law and litigation.

3.      The number of practitioners representing plaintiffs in employment matters remains limited. Few attorneys are willing to develop an employment law practice when there are more financially rewarding areas of law. (I diversified my practice for this very reason.) Moreover, many plaintiff's attorneys avoid federal court in favor of state court, and of course, most employment matters involve federal statutes, and many involve

1

diversity of citizenship. Employment litigation can be time intensive and involves a challenging legal environment, especially in federal court where District Court Judges are too often too quick to grant summary judgment (and now motions to dismiss too). Representing plaintiffs in employment litigation is a tough way to make a living in South Carolina. Actually, when you look at how often District Courts grant summary judgment nationwide and appeals court reverse plaintiff's employment law verdicts, it is tough may to make a living almost everywhere.

4.     Brian Murphy has succeeded in this environment and offers plaintiffs the highest level of representation for the few who are fortunate enough to be accepted as a client. The demand for an employment lawyer among employees is high. (Statistics show that only 20% of individuals are represented in the EEOC process.) Brian is highly selective, as he must be, and being fairly compensated for taking a risk on a case that very few lawyers would have accepted on a contingency fee is both just and necessary.

5.     I reviewed the docket entries in PACER for Kelly Dawsey v. BMW Manufacturing Co., LLC and BMW AG. This case alleging sex discrimination, race discrimination, and national origin claims arising under Title VII and 42 U.S.C. section 1981. It was pursued against two formidable corporate defendants and was among the most hard-fought employment cases I have seen on this docket.

6.     From the outset, Defendant BMW AG, the German parent company, contested this Court's personal jurisdiction and sought to stay discovery while that issue was litigated. The docket reflects a motion to dismiss for lack of personal jurisdiction, a renewed motion to dismiss directed to the amended complaint, and a separate motion to stay discovery. Brian Murphy opposed those efforts, amended the pleading, sought time

2

to obtain discovery bearing on jurisdiction, and filed detailed oppositions supported by declarations and documentary exhibits.

7.  The docket further reflects that Murphy supplemented his opposition to BMW AG's jurisdictional motion after taking Dr. Engelhorn's deposition and obtaining additional evidence. The Magistrate Judge ultimately recommended that BMW AG's motion to dismiss be denied, and Chief Judge Cain later adopted that recommendation and denied the motion. In my opinion, defeating that threshold challenge required the skill and preparation that is missing from the average employment law practitioner.

8.  The case involved extensive discovery, including numerous depositions, expert development, mediation, and dual summary judgment motions. Both BMW Manufacturing Co. and BMW AG moved for summary judgment, and the docket reflects extensive briefing by all parties, including Murphy's oppositions, a supplemental filing after the Supreme Court's decision in Muldrow, and later objections to a Report and Recommendation that would have granted summary judgment to both defendants. Chief Judge Cain rejected that recommendation and denied both motions.

9.  The time records reflect substantial work corresponding to that stage of the case as well. Murphy devoted approximately 36 hours to opposing BMW Manufacturing's summary judgment motion, approximately 28 hours to opposing BMW AG's summary judgment motion, approximately 5 hours to supplemental Muldrow briefing, and approximately 28 hours to objections after the adverse summary judgment recommendation. Those entries total roughly 97 hours. Given the volume of exhibits, the number of depositions involved, the legal issues presented, and the fact that the Magistrate Judge initially recommended dismissal of the case, that time was plainly

3

reasonable.

10.    Preparation for the trial of this case by a single lawyer is an enormous undertaking. By my calculation, Brian spent almost 140 hours preparing for the 7-day trial while Defendants had a team of lawyers and paralegals preparing for trial and filing pre-trial motions. By my calculation, Brian spent over 60 hours in trial and after-hours work, which would pale in comparison of the number of hours represented at defense counsels' table,

11.    I know Kurt Rozelsky of Spencer Fane, local counsel for BMW AG, and I know Randy Moody and Ellison McCoy of Jackson Lewis, counsel for BMW Manufacturing Co., all well. They are skilled, experienced, and zealous advocates who are among the most capable defense practitioners in Upstate South Carolina. The defense team also included attorneys from Morgan Lewis & Bockius, a national firm with a preeminent employment defense practice, appearing pro hac vice on behalf of BMW AG.

12.    Prevailing against this caliber of opposition in such a large way in a case where both Defendants were fully resourced and represented by firms with access to enormous institutional knowledge and manpower is a testament to Brian's mastery of employment law and his ability to compete with the very best the defense bar can offer.

13.    I have reviewed Brian Murphy's time entries and fee petition in this matter. The time spent on this case is more than reasonable given its scope, complexity, duration, and the result obtained. The records reflect sustained work from pre-suit investigation through verdict, including pleadings, jurisdictional motion practice, discovery, motions to compel, numerous depositions, expert and damages work, mediation, summary judgment briefing, objections to an adverse Report and

4

Recommendation, motions in limine, jury charges, witness preparation, exhibit preparation, and trial.

14.   The total time reflected on the time sheets I reviewed is 761.54 hours (through verdict). Having practiced employment litigation for over 30 years and run my own solo shop for most of that time, the amount of time Brian spent on this case is reasonable, and unfortunately rare for a contingent-fee employment case litigated over more than three years. The amount of income Brian had to forego to dedicate himself in this way to this case against multiple well-funded defendants represented by excellent counsel makes his fee petition an important component of the outcome in this case.

15.   Employment practitioners on the defense side of the bar charge among the highest hourly rates of any civil defense lawyers. It is not uncommon for a partner at a national labor and employment defense firm to bill at $600 to $800 per hour or more. Brian has equal or greater value as any highly compensated employment defense attorney.

16.   Brian could work for any employment defense firm in South Carolina and command a higher hourly rate. For employment litigation of the caliber and complexity of this case, my hourly rate is now $450 per hour, which is driven as much by market factors as value, but and this rate carries no contingency risk whatsoever. The risk premium that attaches to plaintiff contingency-fee representation must be reflected in the hourly rate awarded.

17.   I understand that Brian is seeking a fee of $500 per hour. That rate is entirely reasonable and below the range of the comparably experienced defense-side employment practitioners in this market and in this type of litigation. If this this caliber of

5

work and this extraordinary result is not enough to get a litigator with 30-plus years' experience $500/hr, it will lead to less access to legal counsel by those seeking employment discrimination representation. The risk he took is worth almost as much as his time (and Brian deserves more than what he is asking.)

18.     The result achieved in this case is extraordinary. A jury of Ms. Dawsey's peers found in her favor and awarded $100,000 in compensatory damages and $5,000,000 in punitive damages against BMW. The punitive damages award reflects the jury's forceful condemnation of the Defendants' conduct. The Court has yet to adjudicate Plaintiff's lost wages claim, which may augment an already landmark verdict. This outcome stands as a vindication of Ms. Dawsey and as a testament to Brian Murphy's skill, dedication, and tenacity as a plaintiff's employment lawyer. Although the market he serves (individual plaintiffs who cannot retain counsel by the hour) cannot pay him what he is worth, this court should award him a fee that reflects his value and the outstanding result he achieved for his client, Kelly Dawsey.

I swear that the foregoing is true and correct subject to the penalties of perjury. 28 U.S.C. section 1746.

W. Andrew Arnold
Federal I.D. No. 5947