## Brian Murphy

| | |
|---|---|
| **From:** | Rozelsky, Kurt <krozelsky@spencerfane.com> |
| **Sent:** | Tuesday, January 20, 2026 6:04 PM |
| **To:** | cain_ecf@scd.uscourts.gov |
| **Cc:** | Kay McAlister; Brian Murphy; Ellison.McCoy@jacksonlewis.com; Moody, D. Randle, II (Greenville) |
| **Subject:** | Dawsey v. BMW: Joint Proposed Jury Charges (with objections) and Proposed Verdict forms (with objections) |
| **Attachments:** | Dawsey v. BMW - Joint Charges with objections (Pltf redline)(10945727.2).docx; Dawsey v. BMW - Proposed Verdict forms (final)(10946882.1).docx |

Please see attached Joint Proposed Jury Charges (with objections) and Proposed Verdict forms (with objections) in the above matter.

Kurt

**Kurt M. Rozelsky**  Partner
Spencer Fane LLP

PO Box 294 | Greenville, SC 29602-0294
27 Cleveland St., Suite 201 | Greenville, SC 29601
**D** 864.695.5202  **M** 864.906.7694  **O** 864.695.5200
krozelsky@spencerfane.com | www.spencerfane.com

1

**In the United States District Court**
**District of South Carolina**
**Spartanburg Division**

| | | |
|---|---|---|
| Kelly Dawsey, | ) | 7:22-03738-TMC-KFM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Joint Requests to Charge No. 9 |
| | ) | |
| | ) | Punitive Damages |
| Bayerische Motoren Werke | ) | |
| Aktiengesellschaft and BMW | ) | |
| Manufacturing Co., LLC | ) | |
| collectively d/b/a "BMW Group," | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

If you find that Plaintiff has proven a Title VII or Section 1981 claim, then you may consider whether punitive damages are appropriate, and if so, what amount. A plaintiff seeking punitive damages on a Title VII or Section 1981 claim must prove that her employer acted with the requisite state of mind -- that is, that it engaged in a discriminatory practice with malice or with reckless indifference to the federally protected rights of the plaintiff. The terms "malice" and "reckless indifference" refer to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination.

"Malice and reckless indifference" means:

    (1)    That the employer's decision maker discriminated in the face of a perceived risk that the decision would violate federal law;

    (2)    That the decision maker was a principal or served the employer in a managerial capacity;

    (3)    That the decision maker acted within the scope of his employment in making the challenged decision; and

    (4)    That the employer failed to engage in good-faith efforts to comply with the law.

An employer cannot be liable for a discriminatory employment decision of a managerial employee where their decision was contrary to the employer's good faith efforts to comply with [Title VII or Section 1981]. In other words, you cannot award punitive damages if you find that the decision-maker's malice or reckless indifference was contrary to Defendants' good-faith efforts to prevent discrimination in the workplace. It is Defendants' burden to establish that it has engaged in a good-faith effort to comply with the law such that it may

25

avoid punitive damages for conduct by one of its managers or supervisors that might otherwise warrant a punitive damages award. In determining whether Defendants made good faith efforts to prevent discrimination in the workplace, you may consider whether it had any antidiscrimination policies, trainings, and education for its employees. However, the mere existence of a compliance policy will not alone insulate an employer from punitive damages liability. Rather, in order to avoid liability for the discriminatory acts of one of its managerial officials, an employer maintaining such compliance policy must also take affirmative steps to ensure its implementation.

If you find that Plaintiff is entitled to an award of punitive damages, some relevant factors to consider in determining the amount of punitive damages that should be awarded include: 1) whether Defendants should be punished for the conduct; 2) whether punitive damages are necessary to deter future similar wrongful conduct by the Defendants; 3) whether an award of punitive damages will deter others from engaging in similar wrongful conduct; 4) the degree to which a Defendant should be punished, or the degree to which a punitive damages award will act as a deterrent; and 5) the financial resources of Defendants.

*Carter v. Ascend*, 8:20-cv-04379-TMC Docket Entry 211 at 19-20 (Filed 05/24/24); *EEOC v. Fed. Express Corp.*, 513 F.3d 360, 371 (4th Cir. 2008) (citing 42 U.S.C. § 1981a(b)(1)); *Notter v. North Hand Protection*, 1996 WL 342008, **2-3 (4th Cir. 1996) (citing *Bird v. Figel*, 725 F. Supp. 406, 412 (N.D.Ind.1989); *Patrykus v. Gomilla*, 1989 WL 8610, *3 (N.D.Ill.1989); *Norris v. City of Easton*, 1989 WL 49520 (E.D.Pa.1989)); *Kolstad v. American Dental Assn.*, 527 U.S. 526, 535-36, 539 (1999); *EEOC v. Federal Express*, 513 F.3d 360, 372 (4th Cir. 2008) (citing *Lowery v. Circuit City Stores, Inc.*, 206 F.3d 431, 443-45 (4th Cir. 2000)); *Federal Express*, 513 F.3d at 374; *Lowery v. Circuit City Stores, Inc.*, 206 F.3d 431, 446 (4th Cir. 2000); *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d at 1248-49 (concluding that "written policy against discrimination ... alone is not enough," where "[o]ur review of the record leaves us unconvinced that [the employer] made a good faith effort to educate its employees about the ADA's prohibitions").

_X__ Plaintiff Agrees

_X__ Defendants Agree[3]

---

[3] For the reasons set forth in their Motion in Limine (ECF No. 153), it is the position of Defendants that a punitive damage charge should not be issued in this case. If the Court determines that a punitive damage instruction should be given, Defendants agree that this proposed charge is proper.