**In the United States District Court**
**District of South Carolina**
**Spartanburg Division**

| | |
|---|---|
| Kelly Dawsey, | ) 7:22-03738-TMC |
| Plaintiff, | ) |
| v. | ) Motion for Production of Invoices of |
| | ) Defense Counsel |
| Bayerische Motoren Werke | ) |
| Aktiengesellschaft and BMW | ) |
| Manufacturing Co., LLC collectively | ) |
| d/b/a "BMW Group," | ) |
| | ) |
| Defendants. | ) |

On April 22, BMW MC filed an opposition to Dawsey's requests for fees, costs, and expenses. [ECF 255]. BMW MC challenges the Undersigned's assertions about the market rate for fees. It claims that the time the Undersigned spent successfully prosecuting this case was excessive. It argues that the Undersigned has recorded time in ways that are unacceptable. And it even argues that someone at the Undersigned's level should not be performing certain tasks. But BMW MC discloses nothing about its counsels' fees or billing practices. Nor does it provide information on how much time its lawyers spent on the same issues as the Undersigned.

The most interesting assertion is BMW's claim that 70% of billing in a case should be done by associates. [ECF 255 at 9]. Only a review of BMW's invoices can reveal how absurd this assertion is. If 70% of BMW's bills consist of the work of associates, these bills are even more massive than one can imagine. That's important given BMW's myriad accusations that the Undersigned has handled this matter inefficiently. We need to see what purported "efficiency" looks like.

1

Most courts that have addressed the issue require disclosure of defense billing records where the party opposes a fee petition based on rates or time spent. "When determining a reasonable fee to be awarded to a prevailing party, courts have found it useful to consider the time that was expended and the fees that were charged by the prevailing party's opponent." *Innovention Toys, LLC v. MGA Entm't, Inc.*, No. 07-6510, 2014 U.S. Dist. LEXIS 42035, at *9 (E.D. La. Feb. 24, 2014); *accord*, *Stastny v. S. Bell Tel. & Tel. Co.*, 77 F.R.D. 662, 664 (W.D.N.C. 1978); *Howe v. Hoffman-Curtis Ptnrs., Ltd LLP*, Civil Action No. H-03-4298, 2007 U.S. Dist. LEXIS 99244, at *3 (S.D. Tex. Apr. 12, 2007) (citation omitted); *Pollard v. E.I. DuPont De Nemours & Co.*, No. 95-3010 MlV, 2004 U.S. Dist. LEXIS 6345, at *9 (W.D. Tenn. Feb. 24, 2004); *Chicago Prof'l Sports v. NBA*, No. 90 C 6247, 1996 U.S. Dist. LEXIS 1525, at *9 (N.D. Ill. Feb. 13, 1996); *Coalition to Save Our Children v. State Bd. of Educ.*, 143 F.R.D. 61, 66 (D. Del. 1992); *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1571-72 (11th Cir.1985) (finding an abuse of discretion in the denial of a request for production); *Blowers v. Lawyers Coop. Pub. Co.*, 526 F. Supp. 1324, 1325 (W.D.N.Y. 1981) (finding that time spent was discoverable but not total fees); *Naismith v. Prof'l Golfers Asso.*, 85 F.R.D. 552, 562 (N.D. Ga. 1979).

Producing such records should take almost no time and should impose no burden. But the relevance of such records is inarguable given the position taken by BMW as to what is reasonable or efficient in this case.

For the reasons above, Plaintiff requests an order to have BMW MC provide copies of all invoices submitted either by BMW MC attorneys and by BMW AG's counsel to the extent BMW MC paid for those attorneys or was charged for their fees and expense. Plaintiff also requests the opportunity to submit a supplemental argument of no more than

2

five pages after receipt of the records, and he can do so within two days of their production.[1]

Respectfully submitted this 23rd day of April, 2022.

    _s/ Brian P. Murphy_____
    Brian P. Murphy, Bar No. 6770
    Attorney for the Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601

---

[1] The Undersigned provided a draft of this Motion to counsel for BMW MC, who does not consent to the relief sought.