**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| KELLY DAWSEY, <br><br> Plaintiff, <br><br> v. <br><br> BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW MANUFACTURING CO., LLC collectively d/b/a "BMW GROUP," <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 7:22-cv-03738-TMC |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION FOR PRODUCTION OF INVOICES OF DEFENSE COUNSEL**

Defendants Bayerische Motoren Worke Aktiengesellschaft ("BMW AG") and BMW Manufacturing Co., LLC ("BMW MC"), hereby respond in opposition to Plaintiff's Motion for Production of Invoices of Defense Counsel. (ECF No. 256.) For the reasons stated below, this Court should deny Plaintiff's Motion.

## I.     INTRODUCTION

A petition for attorneys' fees is supposed to be a simple matter. At this stage, the parties have fully briefed the reasonableness of the fees sought by Plaintiff pursuant to the Court's briefing schedule. That briefing consists of 75 pages of argument and hundreds of pages of declarations and other exhibits.  Despite the extensive record, Plaintiff now asks this Court to expand litigation over fees. Plaintiff requests discovery into Defendants' billing records and leave to submit additional briefing about the reasonableness of Defendants' attorneys' fees (which are not at issue). Going down this rabbit hole would needlessly waste the time and resources of the parties and the Court. It would disregard the Supreme Court and Fourth Circuit's warning that "petitions for

1

attorneys' fees should not result 'in a second major litigation.'" *E. Associated Coal Corp. v. Dir., OWCP*, 724 F.3d 561, 577 (4th Cir. 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Indeed, there is a general rule against allowing any discovery on a fee motion. With that general rule in mind, the Court must consider that Plaintiff is seeking discovery into the billing records of Defendants, even though Defendants are not seeking to recover any fees. Only Plaintiff's attorneys' fees are at issue here. By seeking production of records relating to Defendants' attorneys' fees, Plaintiff seeks information that is neither relevant nor proportional to the needs of the case. Plaintiff bears the burden of proving that her attorney's fees are reasonable. Plaintiff wants Defendants' billing records to deflect attention from her own billing records and to shift the burden of proof to Defendants to establish that their attorneys' fees are reasonable. Plaintiff's Motion also seeks privileged information, the compulsion of which would generate even more satellite disputes for this Court to resolve.

For these reasons and more, the vast majority of courts, both in the Fourth Circuit and around the country, have concluded it is improper to allow discovery into the billing records of the party opposing a fee motion. Plaintiff tries to elide this majority position by cherry-picking a small handful of cases that were decided before the Federal Rules were amended to discourage discovery overuse. However, an objective review of the case law shows that courts overwhelmingly reject attempts to engage in collateral discovery and litigation over the reasonableness of the fees of opposing counsel. Accordingly, Plaintiff's Motion for Production of Invoices of Defense Counsel should be denied.

2

## II.     ARGUMENT

### A.     Plaintiff's Motion Is Procedurally Improper.

Plaintiff's "Motion for Production" is quite unusual because it does not cite any Federal Rule of Civil Procedure. Indeed, there is no Rule specifically authorizing the relief that Plaintiff's Motion seeks. Neither Rule 54 of the Federal Rules of Civil Procedure nor Local Civil Rule 54.02 contemplate discovery on a fee motion. "Rule 54 . . . explicitly contemplates that a claim for attorneys' fees would be made by motion rather than through discovery and an evidentiary hearing." *New Mexico ex rel. Balderas v. Valley Meat Co., LLC,* No. 14-1100-JB-KBM, 2015 U.S. Dist. LEXIS 175064 at *91 (D. N.M. Dec. 14, 2015) (quotation omitted).

To the extent that Plaintiff intends in her reply to identify discovery rules such as Rule 34 (producing documents), Rule 37(a) (motions to compel), or Rule 45 (subpoenas), it would be improper because discovery in this case closed more than two years ago, on January 23, 2024. (ECF No. 85.)  *See Marks Constr. Co. v. Huntington Nat'l Bank,* No. 1:05CV73, 2010 U.S. Dist. LEXIS 43935, at *19 (N.D. W. Va. May 5, 2010) (refusing to re-open discovery and quashing subpoena for attorney billing records); *Yu Zhang v. GC Servs., LP,* 537 F. Supp. 2d 805, 809 (E.D. Va. 2008) (denying motion to compel discovery on fees; "[I]f Plaintiffs were to conduct additional discovery on their fee motion, it would be necessary for them to first petition the Court to reopen discovery so that the Court could properly monitor the situation."); *Garvin v. S. States Ins. Exch. Co.,* No. 1:04-cv-73, 2007 U.S. Dist. LEXIS 63664, at *13 (N.D. W. Va. Aug. 28, 2007) (quashing subpoena seeking attorneys' records because plaintiff failed to move to amend scheduling order prior to issuing subpoena). Further, there is no good cause to re-open discovery. Federal courts "have a strong, appropriate concern 'in avoiding burdensome satellite litigation' over fee awards." *E. Associated Coal Corp.,* 724 F.3d at 566 (quoting *City of Burlington v. Dague*, 505 U.S. 557, 566 (1992)).

3

The general rule in the Fourth Circuit is to not allow *any* discovery on the issue of attorneys' fees (with respect to either the fee applicant's records or the opposing party's records). "[P]ost-summary judgment discovery to determine a party's entitlement to attorney's fees is, in fact, strongly disfavored and normally prohibited." *Aventis Cropscience, N.V. v. Pioneer Hi-Bred Int'l, Inc.,* 294 F. Supp. 2d 739, 744 (M.D.N.C. 2003); *see also Pfieffer v. Schmidt Baking Co.,* No. CCB-11-3307, 2014 U.S. Dist. LEXIS 42707, at \*13 (D. Md. Mar. 28, 2014) (stating that discovery was unnecessary to resolve the attorneys' fees dispute*); CSX Transp., Inc. v. Peirce*, No. 5:05CV202, 2012 U.S. Dist. LEXIS 154788, at \*9 (N.D. W. Va. Oct. 29, 2012) (pointing out that "the advisory committee notes to the 1993 Amendments of Rule 54(d)(2) state that even after the initial judgment is entered and the Court is requested to assess attorneys' fees pursuant to Rule 54, discovery would only be useful to parties '[o]n rare occasion'"); *Yu Zhang,* 537 F. Supp. 2d at 809 ("[P]ostjudgment discovery as to fee issues is rare."); *Burnham v. West*, No. 87-cv-0464, 1988 U.S. Dist. LEXIS 17997, at \*25 (E.D. Va. Apr. 4, 1988) (refusing to allow discovery on attorneys' fees because such discovery was "aggressive" and inconsistent with Supreme Court's admonition in *Hensley*).[1]

---

[1] Outside the Fourth Circuit, federal courts across the country apply the same general presumption against allowing any discovery on attorneys' fees. *See Phipps Grp. v. Downing (In re Genetically Modified Rice Litig.),* 764 F.3d 864, 872 (8th Cir. 2014) ("[D]iscovery in connection with fee motions is rarely permitted, and a request for attorney's fees should not result in a second major litigation." (citation omitted)); *Retro TV Network, Inc. v. Luken Communs., LLC*, 696 F.3d 766, 770 n.5 (8th Cir. 2012) (affirming denial of discovery on attorney's fees); *Menchise v. Senterfitt,* 532 F.3d 1146, 1153 (11th Cir. 2008) ("When deciding a motion for attorney's fees, courts rarely reopen discovery, and evidentiary hearings are often unnecessary."); *Martinez v. Schock Transfer & Warehouse Co.,* 789 F.2d 848, 849-50 (10th Cir. 1986) (affirming denial of discovery on fees); *Balderas*, 2015 U.S. Dist. LEXIS 175064, at \*90-92 ("To avoid protracted discovery battles, federal courts have determined that discovery in connection with fee motions is rarely permitted." (citation omitted)); *Baker v. Boehringer Ingelheim Pharm., Inc. (In re Pradaxa Dabigatran Etexilate Prods. Liab. Litig.),* 2015 U.S. Dist. LEXIS 1966, at \*5-6 (S.D. Ill. Jan. 8, 2015) (finding that discovery on fees was "not genuinely needed"); *E. & J. Gallo Winery v. Nero,* 782 F. Supp. 472, 476 (N.D. Cal. 1992) (finding that discovery over attorneys' fees "would be unnecessary and

In this case, discovery is even less appropriate than usual because the briefing on Plaintiff's Motion for Attorney's Fees is already complete. "In an effort to avoid multiple rounds of briefing" regarding Plaintiff's attorney's fees, Plaintiff and BMW MC agreed on a briefing schedule that covers only (1) Plaintiff's fee motion and a single supplement to cover time spent on the damages hearing and post-trial motions, (2) a response brief by BMW MC, and (3) a reply brief by Plaintiff. (ECF No. 230.) This schedule was adopted by the Court. (ECF No. 232.) Thus, by agreement and Court Order, the issue of attorney's fees has already been fully submitted to the Court, and it would be inherently wasteful to reopen discovery on an issue that is already fully briefed.

Plaintiff's request is also contrary to the tenants of Rule 1 of the Federal Rules of Civil Procedure. Rule 1 requires all the Federal Rules to be construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiff's Motion flies in the face of that fundamental Rule, as she seeks to generate another round of litigation over the reasonableness of Defendants' attorneys' fees. The Court should not allow Plaintiff to ramp up "a second major litigation of the type frowned on by the United States Supreme Court in *Hensley*." *Marks*, 2010 U.S. Dist. LEXIS 43935, at *19.

**B.    Defendants' Attorneys' Fees Are Not Relevant in Evaluating the Reasonableness of the Attorneys' Fees Sought by Plaintiff.**

The primary issues to be evaluated by the Court on a fee motion are whether "*the applicant for a fee* has carried his burden of showing that the claimed rate and number of hours [expended] are reasonable," and whether the award should be reduced due to partial success. *See Randle v. H&P Capital, Inc.,* 513 F. App'x 282, 283 (4th Cir. 2013) (emphasis added); *McAfee v. Boczar,*

---

wasteful," "would not assist the decision making responsibilities of the Court," and "would only result in further fees to be incurred"); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 14.224 (2010) ("Discovery in connection with fee motions should rarely be permitted.").

738 F.3d 81, 88 (4th Cir. 2013); *E. Associated.,* 724 F.3d at 569 ("*The party seeking attorneys' fees* has the burden of proving that the rate claimed and the hours worked are reasonable." (emphasis added)). <u>The rates and hours worked of counsel for the party opposing the fee motion are simply not at issue</u>. *See Knox v. Hooper's Crab House, Inc.,* No. 1:17-cv-01853-JMC, 2019 U.S. Dist. LEXIS 200044, at *12 (D. Md. Nov. 19, 2019) ("[A] comparison of Defense Counsel's time records does not aid this Court in a determination of the reasonableness of the requested attorneys' fees," because "the reasonableness of the Plaintiff's fees (not the Defendant's) were at issue."); *Ambling Mgmt. Co. v. Univ. View Ptnrs.,* 2010 U.S. Dist. LEXIS 9176, at *7 (D. Md. Feb. 2, 2010) ("The reasonableness of UVP's attorneys' fees--not Ambling's--are at issue.").

To evaluate whether fees are reasonable, the Court is guided by the twelve *Johnson*/*Barber* factors.[2] "**None of the *Barber* factors call for the Court to conduct a comparison analysis of the fees charged by the losing party in order to determine whether the fees claimed by the winning party are appropriate***." Marks Constr. Co. v. Huntington Nat'l Bank,* 2010 U.S. Dist. LEXIS 43935, at *13 (N.D. W. Va. May 5, 2010) (emphasis added); *accord In re Tollefson,* No. 13-24681, 2015 Bankr. LEXIS 2127, at *18-19 (Bankr. D. Colo. May 13, 2015) ("opposition billing records appear irrelevant to the . . . *Johnson* factors."); *Duininck Bros. v. Howe Precast, Inc.,* No. 4:06-cv-441, 2008 U.S. Dist. LEXIS 73999, at *6 (E.D. Tex. Sep. 22, 2008) ("Noticeably absent" from the list of factors "are the billing rates and practices of opposing counsel.").

---

[2] The factors are: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *McAfee,* 738 F.3d at 88 n.5.

Nearly every district court in the Fourth Circuit that has addressed this issue concludes that the billing records of the fee opponent are irrelevant or of such marginal relevance that their production is unwarranted. *See NCO Fin. Sys. v. Montgomery Park, LLC,* No. GLR-11-1020, 2023 U.S. Dist. LEXIS 48575, at *5-8 (D. Md. Mar. 20, 2023); *Knox*, 2019 U.S. Dist. LEXIS 200044, at *12; *U.S. Home Corp. v. Settler's Crossing, LLC,* No. PX-08-1863, 2018 U.S. Dist. LEXIS 177368, at *35 n.16 (D. Md. Oct. 16, 2018); *Marks Constr. Co.*, 2010 U.S. Dist. LEXIS 43935, at *13; *Ambling Mgmt. Co.,* 2010 U.S. Dist. LEXIS 9176, at *7-8; *McClintick v. Leavitt,* No. BPG-05-2880, 2008 U.S. Dist. LEXIS 136060, at *10-11 (D. Md. July 31, 2008); *Yu Zhang,* 537 F. Supp. 2d at 809.  In the *Buie* case in this District, Plaintiff's Counsel similarly asked the Court to "order production of Charter's own billing records" if Charter challenged the amount of hours spent. *Buie v. Charter Communs.,* No. 6:17-cv-3007-DCC, Dkt. 225 at 15 (4/7/21). Though Charter did challenge hours spent on unsuccessful litigation and other issues, Judge Coggins summarily denied the request for production of Charter's billing records, apparently deeming it unworthy to even mention the request in the Order on fees.  *See Buie,* 2021 U.S. Dist. LEXIS 181628 (D.S.C. June 9, 2021).

Plaintiff's Motion cites only one decision from a district court within the Fourth Circuit. There, the district court was under the mistaken impression that "Fees Paid to Opposing Counsel" was one of the twelve *Johnson* factors.  *See Stastny v. S. Bell Tel. & Tel. Co.,* 458 F. Supp. 314, 317-18 (W.D.N.C. 1978). <u>That is indisputably wrong</u>. Fees paid to opposing counsel is <u>not</u> one of the twelve factors. *See Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974); *McAfee,* 738 F.3d at 88 n.5; *Marks Constr. Co.*, 2010 U.S. Dist. LEXIS 43935, at *13. Ultimately, the Fourth Circuit vacated the award of attorney's fees in *Stastny* because the district court committed reversible errors with respect to class certification and liability issues. *Stastny v. S. Bell Tel. & Tel. Co.,* 628 F.2d 267, 282 (4th Cir. 1980).

Federal courts in other Circuits have also concluded that discovery into opposing counsel's billing records is irrelevant. *See, e.g., McClain v. Lufkin Indus.,* 649 F.3d 374, 384 (5th Cir. 2011) (holding that it was improper for district court to allow discovery on opposing counsel's fees); *Hernandez v. George,* 793 F.2d 264, 268 (10th Cir. 1986) (affirming district court's denial of motion to compel discovery of opposing counsel's billing records); *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.,* 776 F.2d 646, 659-60 (7th Cir. 1985) (same); *Johnson v. Univ. Coll. of Univ. of Ala.,* 706 F.2d 1205, 1208-09 (11th Cir. 1983) (affirming district court's quashing of subpoena for billing records of opposing counsel); *Costa v. Sears Home Improvement Prods.,* 178 F. Supp. 3d 108, 113-13 (W.D.N.Y. 2016) (denying motion to reopen discovery to obtain billing records of opposing counsel); *Souryavong v. Lackawanna Cty.,* 159 F. Supp. 3d 514, 543-45 (M.D. Pa. 2016) (denying motion to compel discovery of billing records of opposing counsel); *Okyere v. Palisades Collection, LLC*, 300 F.R.D. 149, 151-52 (S.D.N.Y. 2014) (same); *In re Tollefson*, 2015 Bankr. LEXIS 2127, at *18-19 (same); *Romag Fasteners, Inc. v. Fossil, Inc.,* 2014 U.S. Dist. LEXIS 171256, at *10-14 (D. Conn. Dec. 10, 2014) (same); *Litt v. Portfolio Recovery Assocs.,* 2014 U.S. Dist. LEXIS 198974, at *4 (E.D. Mich. Sep. 5, 2014) (same); *Duininck Bros.*, 2008 U.S. Dist. LEXIS 73999, at *4, 7-9 (same).

The reasoning behind all these decisions is compelling. It is illogical to compare the number of hours billed by Plaintiff's Counsel and Defendants' Counsel. "[T]he number of hours needed by one side to prepare adequately may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically." *NCO Fin. Sys*, 2023 U.S. Dist. LEXIS 48575, at *6 "(quoting *Zhang*, 537 F. Supp. 2d at 809)); *see also Knox*, 2019 U.S. Dist. LEXIS 200044, at *12 (same); *Johnson*, 706 F.2d at 1208 (same); *McClain,* 649 F.3d at 384 ("No prior Fifth Circuit authority requires this comparison, nor does common experience, because the tasks and roles of counsel on opposite sides of a case vary fundamentally."). This is an "apples-

8

to-oranges" comparison, which "is not required by law and would not be advisable." *Burks v. Siemens Energy & Automation, Inc.,* 215 F.3d 880, 884 (8th Cir. 2000).

The fundamental flaw in Plaintiff's position "is that making such a comparison . . . would require the trial court to first determine whether the defendant's counsel billed a reasonable amount. Such a scheme does not make sense." *Id.* "This would not reflect an appropriate use of the Court's or the parties' time, as such an evaluation would rest on the faulty assumption that Defendants' billing records are a benchmark for reasonableness." *Costa,* 178 F. Supp. 3d at 113.

> Considering where the evidentiary burden lies with respect to a fee-shifting request and the focus of the material inquiry, we hold that an opposing party's hourly rates, total amount billed, and total reimbursable expenses do not, in and of themselves, make it any more probable that a requesting party's attorney fees are reasonable and necessary, or not, which are the only facts "of consequence." This is so because an opposing party's litigation expenditures are not ipso facto reasonable or necessary; indeed parties who are not seeking to shift responsibility for their fees may freely choose to spend more or less time or money than would be "reasonable" or "necessary" for parties who are.

*In re Nat'l Lloyds Ins. Co.,* 532 S.W.3d at 809-10. For example, "if [Defendants' Counsel] were extraordinarily efficient and billed fewer hours than [Plaintiff's Counsel] in preparation for a hearing in which both law firms participated, that fact is not probative of whether [Plaintiff's Counsel's] hours were objectively reasonable. And, of course, vice-versa. . . . Instead, the focus must be on whether [Plaintiff's Counsel] can establish that [his] requested fees and costs are reasonable." *In re Tollefson*, 2015 Bankr. LEXIS 2127, at *18-19.

Aside from the fundamental illogic of the comparison, there are many reasons why the number of hours worked by Defense Counsel is irrelevant to the number of hours reasonably worked by Plaintiff's Counsel. Defending a lawsuit is usually more time-intensive than prosecuting a lawsuit. *Ohio-Sealy Mattress Mfg. Co.*, 776 F.2d at 659. "[I]t is common knowledge that the hourly demands and paper work of a defense attorney far exceed the requirements of

9

plaintiff's counsel." *Souryavong,* 159 F. Supp. 3d at 544 (citation omitted); *Samuel v. University of Pittsburg*, 80 F.R.D. 293, 295 (W.D. Pa. Nov. 3, 1978) ("it is fair to state that the hourly demands of defense counsel, when compared to an attorney representing an individual or class plaintiff, is approximately three to one" as to pre-trial work.).  This is particularly true where, as here, Defense Counsel represent a large organization.  *Souryavong,* 159 F. Supp. 3d at 544 ("Larger organizations . . . are frequently more demanding on their counsel in requesting constant updates on the litigation and detailed summaries on recent rulings, thereby requiring more time by their attorneys."). Defendants are also expected to invest more attorney time in a lawsuit because they might have to pay punitive damages, while the plaintiffs, if they lose, only have to pay costs and whatever they paid their attorneys.  *Ohio-Sealy Mattress Mfg. Co.*, 776 F.2d at 659. Corporate defendants, which may be subject to repeat litigation, can also reasonably invest more attorney time into cases which have precedential value to their operations.  *Johnson,* 706 F.2d at 1208; *Souryavong,* 159 F. Supp. 3d at 544. "As the expression goes, one side of the litigation may have more skin in the game than the other."  *In re Nat'l Lloyds Ins. Co.,* 532 S.W.3d at 811. "[T]he fact that [BMW MC] had multiple law firms involving multiple counsel . . .  fails to provide a compelling explanation of the relevance" of its billing records. *NCO Fin. Sys.*, 2023 U.S. Dist. LEXIS 48575, at *7. "Indeed, it often arises that defendants have reason to devote far greater resources to defending a suit than plaintiff has to prosecuting it." *Costa,* 178 F. Supp. 3d at 113 (citing *Okyere,* 300 F.R.D. at 151).

Notably, BMW MC has "not argu[ed] that [Plaintiff's] counsel spent too much time *on a particular task*, for which [its] counsels' billing records could arguably be relevant." *Montgomery v. Kraft Foods Global, Inc.,* 2015 U.S. Dist. LEXIS 24533, at *12 (W.D. Mich. Mar. 2, 2015) (emphasis added). BMW also has not cited its own hours and rates as a yardstick for reasonableness and thus has not put at issue its own billing records. *Costa,* 178 F. Supp. 3d at 112-

13. Instead, the issue is Plaintiff's attempt to recover attorney's fees at a single hourly rate regardless of the nature of the work being performed.  In her Motion, Plaintiff takes issue with BMW MC's argument that certain work performed by Plaintiff's counsel in this case should be reimbursed at a lower rate than requested because it should have been completed by an associate-level attorney, even though BMW MC cited numerous court decisions that supported its position. (ECF No. 255 at 7-10).  In her Reply brief filed in support of the Motion for Attorney's Fees, Plaintiff spends five pages responding to this argument and explaining why her attorney's billing rate should not be reduced based upon staffing.  (ECF No. 259 at 3-8.)  The fact that Plaintiff was able to make this lengthy argument without reviewing the billing records of defense counsel shows that such records are not relevant to the issue before the Court.  *See Johnson v. City of Memphis,* No. 00-2608 D/P, 2007 U.S. Dist. LEXIS 103793, at *6-7 (W.D. Tenn. May 18, 2007) (finding that the defendant's legal billing records were "irrelevant" to objection that "some of the tasks performed by plaintiffs' counsel could have been performed by a paralegal or secretary at a much lower hourly rate" as well as objections regarding time spent on unsuccessful claims, vague time entries, excessive hourly rates, and degree of success).

Therefore, Plaintiff cannot establish that the billing records of defense counsel are relevant to the reasonableness of Plaintiff's petition for attorneys' fees.  Moreover, it appears that Plaintiff is "attempting to shift the burden to the Defendant[s] of proving the reasonableness of their own fees by having defense counsel produce their time sheets and defend the reasonableness of their efforts. Such production would be of marginal assistance to the Court, at best, while placing an undue burden on the defense." *Yu Zhang,* 537 F. Supp. 2d at 809; *accord NCO Fin. Sys.,* 2023 U.S. Dist. LEXIS 48575, at *6; *Ambling Mgmt. Co.,* 2010 U.S. Dist. LEXIS 9176, at *8; *McClintick,* 2008 U.S. Dist. LEXIS 136060, at *10-11.  For these reasons, Plaintiff's Motion for Production must be denied.

11

**C.      Plaintiff Seeks Information That Is Not Proportional to the Needs of the Case.**

Rule 26 of the Federal Rules of Civil Procedure was amended in 2015 to delete the phrase "reasonably calculated to lead to the discovery of admissible evidence." *Anderson v. T-Mobile USA, Inc.*, 2025 U.S. Dist. LEXIS 6258, at \*8 (S.D. W.Va. Jan. 13, 2025) (citing Fed. R. Civ. P. 26 advisory committee's notes, 2015 amendment). The new standard provides that parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering various factors such as the "importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26 was amended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." *Raham v. Wells Fargo Bank, N.A.*, 2025 U.S. Dist. LEXIS 131786, at \*23 (M.D.N.C. July 11, 2025) (quoting Fed. R. Civ. P. 26 advisory committee's notes, 2015 amendment).

The proportionality rule itself further justifies denial of Plaintiff's Motion. As a Maryland District Court recently stated: "Assuming *arguendo* that the [opposing party's billing] records were in fact relevant, the request for [many years of billing records from multiple law firms] is not proportional to the needs of the case. The scope of discovery is necessarily tempered by the mandates of Federal Rule of Civil Procedure 26(b)(1)." *NCO Fin. Sys.*, 2023 U.S. Dist. LEXIS 48575, at \*8.  *See also Costa,* 178 F. Supp. 3d at 113 (noting that "requiring the production of Defendants' billing records would only further prolong this litigation and increase the expenses incurred by both sides," and "the benefit to be gained from an examination of Defendants' billing records is likely to be slight"); *Souryavong,* 159 F. Supp. 3d at 543 ("I see no need in permitting an already cluttered record to be further confused by an inquiry so completely collateral to the central issue of reasonableness of the fee requests."); *Balderas*, 2015 U.S. Dist. LEXIS 175064, at \*101-02 ("The time and expense involved in discovery [over fees] outweigh any additional

information that discovery would possibly reveal. . . . It adds to the Court's and the parties' workload, and delays the case even longer.").[3]

To support her Motion, Plaintiff cites neither a rule nor statute but instead a small, curated list of district orders that each pre-date the changes to Rule 26.  (See ECF No. 256 at 2.)  However, cases allowing a fee applicant to perform discovery on the opposing party's billing records that were decided prior to 2015 can no longer be relied on because they are based on an outdated standard.

Here, the Court already has enough evidence to decide Plaintiff's fee motion. Plaintiff's initial filing consisted of a lengthy 32-page brief (with much single-spaced content), four affidavits, and an initial batch of billing and expense records.  (ECF No. 225 & Exs. 1-8.)  Plaintiff has also filed two supplements with additional declarations and billing records. (ECF Nos. 241/244 & Exs. 1-2; ECF No. 260.)  In response to Plaintiff's Motion, BMW MC filed a 21-page brief, eight affidavits on hourly rates, an affidavit showing that Plaintiff made a settlement demand of $2.85 million and then refused to negotiate at the outset of the case, and four summary charts showing that hundreds of hours of Plaintiff's Counsel's time entries were vague, block-billed, related to litigation against BMW AG, and/or spent on tasks that the market expects to be completed by attorneys with lower rates.  (ECF No. 255 & Exs. 1-13.)  Plaintiff then filed a 15-page reply brief with multiple additional exhibits, including a 36-page declaration from Plaintiff's Counsel. (ECF No. 259 & Exs. 1-6.)

---

[3] Allowing collateral fee discovery might also require the Court to make even more tangential determinations on privilege of Defendants' billing records and, possibly, require *in camera* review of hundreds of redacted time entries. *See Marks*, 2010 U.S. Dist. LEXIS 43935, at *19; *Costa,* 178 F. Supp. 3d at 113-14.

It gets worse. Although there are already three briefs and a multitude of exhibits addressing the reasonableness of Plaintiff's fees, Plaintiff wants to submit Defendants' billing invoices into the record *and file yet another brief* to argue about Defendants' billing records. (ECF No. 256 at 2.) This is overkill for what is supposed to be a simple fee petition. In *Buie*, the defendant argued that Local Rule 54.02(A) contemplates only two briefs on fees: the initial petition and a response brief – with no reply brief permitted. *See Buie,* No. 6:17-cv-3007-DCC, Dkt. 228 at 8 n.3 (4/21/21). Judge Coggins agreed and thus declined to consider the plaintiff's supplemental request for fees for time spent on the reply brief. *Buie,* 2021 U.S. Dist. LEXIS 181628, at \*10 n.2. Here, there are already three briefs in the record on fees. Plaintiff's request to submit a fourth brief is wasteful and counter to this Court's past application of Local Rule 54.

The existing record is more than sufficient to render a decision on fees, and collateral discovery and briefing over hundreds of Defense Counsel's time entries is not necessary or proportional to the needs of the case. *Compare Hernandez,* 793 F.2d at 268 (discovery on opposing counsel's fees was not necessary because record already included information on the average hourly rate charged by comparable lawyers in the community); *Johnson,* 706 F.2d at 1208-09 (discovery on the defendant's fees was unnecessary because "numerous affidavits" had already been submitted into the record); *Souryavong,* 159 F. Supp. 3d at 543 (finding that the record, including extensive briefing and numerous declarations and exhibits, was "more than sufficient evidence to determine a reasonable attorney fee without defense counsel's records"); *Malchman v. Davis*, 588 F. Supp. 1047, 1061 (S.D.N.Y. 1984) (finding no reason to allow discovery over fees because "a large record exists which is ample to permit decision on the relevant issues").

In sum, production of Defense Counsel's billing records is not proportional to the needs of the case under Rule 26(b)(1). Accordingly, Plaintiff's Motion for Production of Invoices of Defense Counsel must be denied.

**D.      Plaintiff's Motion Seeks Privileged Information**.

Incredibly, Plaintiff asserts in her motion that "[p]roducing [billing] records should take almost no time and should impose no burden."  (ECF 256 at 2.)  This assertion wholly ignores the plain implications of attorney-client privilege and work product reflected in attorney time entries. "Under the attorney client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999).  While the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected, that "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege." *Id.* (citing *Clarke v. American Commerce National Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *see also SAS Inst., Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, No. 5:10-CV-101, 2011 U.S. Dist. LEXIS 146017, at *6-7 (E.D.N.C. Dec. 20, 2011) ("if the billing statements reveal specific research or litigation strategy, they constitute privileged communications and should not be disclosed."); *Wilson v. Preston,* 378 S.C. 348, 357 (2008) (applying the privilege to narratives on legal bills submitted to a county council).

Under the work product doctrine, "an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation." *In re Doe*, 662 F.2d 1073, 1077 (4th Cir. 1981).  Attorney billing records can be protected under the work product doctrine. *See Younger v. Safeco Ins. Co. of Am.*, 2021 U.S. Dist. LEXIS 224401, at *20, 24 (N.D. W. Va. Sept. 7, 2021) (denying motion to compel discovery regarding billing records because the discovery was irrelevant but also noting that billing records should be redacted if they "contain particularized descriptions of services rendered,

15

substantive references to privileged attorney-client communications, or ordinary or opinion work product"); *Harriman v. Associated Indus. Ins. Co.*, 2020 U.S. Dist. LEXIS 93649, at *9 (D.S.C. May 29, 2020) (denying the motion to compel defendant's billing records where plaintiff failed to provide any argument as to why the billing records are not protected work product); *In re Nat'l Lloyds Ins. Co.,* 532 S.W.3d at 803-07 (holding that production of "all billing invoices," when viewed collectively reveals when, how, and what resources a client deploys and thus invades the work-product doctrine and redaction is insufficient).

In this case, Defense Counsel's billing records reveal the specific nature of the services provided, content of communications with clients and witnesses, subject areas of legal research and factual investigation, counsel's thought processes and patterns, litigation strategies, and, collectively, patterns of how the client utilized counsel to litigate this case and others. Such information is exempt from discovery pursuant to the attorney-client and work-product privileges. The Court should be particularly concerned over these issues where, as here, there will likely be an appeal, and invasion of privilege would likely result in material prejudice to BMW MC's position on appeal.[4]

### III.     CONCLUSION

Plaintiff has the burden of proving that her attorney's fees are reasonable. Plaintiff's Motion seeks to distract and deflect from that central inquiry and go down a rabbit hole to fight about Defendants' attorneys' fees.  Plaintiff's instant request is relevant to her fee petition only insofar as it demonstrates her inclination to litigate needlessly about trivial matters.  Given that the billing records of opposing counsel are neither relevant nor proportional to the case, discovery is

---

[4] If the Court finds – contrary to all the authorities cited herein – that review of Defense Counsel's billing records would be helpful, such records should be submitted only to the Court for in camera review, with no review by Plaintiff's Counsel and no additional briefing.

closed and generally not allowed on a fee motion, and the fee issue is already fully briefed, there is no good reason to grant Plaintiff's Motion and allow discovery on fees.  Such collateral discovery will only waste the resources of the parties and the Court. The Court already has what it needs to determine the reasonableness of the rates and hours expended and whether the fee award should be reduced due to partial success.

For the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiff's Motion for Production of Invoices of Defense Counsel.

Respectfully submitted this 1st day of May, 2026.

By: *s/ Ellison F. McCoy*
　　Ellison F. McCoy (Fed. I.D. No. 6389)
　　ellison.mccoy@jacksonlewis.com
　　D. Randle Moody II (Fed. I.D. No. 7169)
　　randy.moody@jacksonlewis.com
　　Mallory H. Gantt (Fed. I.D. No. 13867)
　　mallory.gantt@jacksonlewis.com
　　JACKSON LEWIS P.C.
　　15 South Main Street, Suite 700
　　Greenville, SC 29601
　　(864) 232-7000

　　*ATTORNEYS FOR DEFENDANT*
　　*BMW MANUFACTURING CO., LLC*

By: *s/ Kurt M. Rozelsky*
　　Kurt M. Rozelsky (Fed I.D. No. 6299)
　　krozelsky@spencerfane.com
　　SPENCER FANE LLP
　　27 Cleveland St., Suite 201
　　Greenville, SC 29601
　　(864) 695-5200

　　*ATTORNEYS FOR DEFENDANT BAYERISCHE*
　　*MOTOREN WERKE AKTIENGESELLSCHAFT*

17