**In the United States District Court**
**District of South Carolina**
**Spartanburg Division**

| | |
|---|---|
| **Kelly Dawsey,**<br><br>**Plaintiff,**<br>**v.**<br><br>**Bayerische Motoren Werke Aktiengesellschaft and BMW Manufacturing Co., LLC collectively d/b/a "BMW Group,"**<br><br>**Defendants.** | **7:22-03738-TMC**<br><br>**Plaintiff's response to BMW's correspondence to the Court** |

On September 14, the Court asked BMW for its position on whether it should amend the judgment to add fees and costs. [ECF 286]. On September 21, BMW submitted a letter, agreeing that "it is appropriate for the Court to amend the judgment to add the award of fees and costs." In fact, the parties have twice agreed that any attorney fee award would result in both an amended judgment and the posting of additional security.[1]

---

[1] In June, BMW sought a stay of execution and agreed to post a supersedeas bond. The Undersigned readily agreed in principle, but he wanted protection for the amounts at issue in the then-pending Motion for Attorney Fees. The Undersigned emailed: "Shouldn't this include a paragraph stating that BMW will file whatever additional security is necessary if this Court further amends the judgment while the appeal is pending? I'm thinking about attorney fees . . . ." BMW's counsel stated, "[I]t was my intent to file an amendment once he rules on your motion for fees/costs. We agree that the bond will have to be revised once he issues another judgment." The Undersigned consented based on that representation and BMW's agreement to add paragraph 6 to BMW's Consent Motion for Stay. [ECF 277 ¶ 6 ("To the extent that this Court further amends the amount of the judgment while the appeal is pending, BMW MC will file additional security as required by Local Rule 62.01, DSC.")].

After the Court's text order seeking BMW's input [ECF 286], counsel conferred again. As discussed in BMW's email, the parties disagree on a stay. Significantly,

But BMW's letter includes a request that this Court never invited. BMW informally requests a stay and circumvents the motion requirement. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); Local Rule 7.01 (D.S.C.) ("All motions should be filed with the Court.").

BMW's position that it should be allowed to leave any issues open for appeal is also improper. BMW previously represented that it takes no issue with the Court's attorney fee award under present circumstances. After this Court sought BMW's input, counsel conferred and counsel for BMW emailed the Undersigned:

> I understand your position that you would prefer for the appeal on the fees to be litigated now as opposed to months/years in the future, but it is unlikely that the Fourth Circuit will rule on the appeal related to fees now anyway. If the Fourth Circuit rules in BMW MC's favor as to any part of the award to Dawsey, then the Court would just send the attorney's fees award back to Judge Cain for reconsideration and we will have to start the process over. As I indicated to you on our call, if the Fourth Circuit affirms the judgment to Dawsey, then BMW MC does not plan to appeal Judge Cain's Order on the fees and costs.

The Undersigned responded:

> This isn't making sense to me. If you have no "plan to appeal Judge Cain's Order," then why appeal Judge Cain's Order? If your only issue is that you want to argue for a reduction if the Fourth Circuit modifies the judgment, nothing prevents you from doing that after the remand.

It still makes no sense. If BMW is sincere that it "does not plan to appeal [the] Order on the fees and costs," then it does not need a stay. If the Fourth Circuit modifies or reduces the judgment, BMW can then argue the effect that decision should have on the fee award.

---

however, BMW's counsel emailed to memorialize his perspective on the call: "I don't think BMW MC has any argument against amending the judgment to add the fees award, except as to timing." This is consistent with the June emails regarding amending the judgment. There was no disagreement about amending the judgment (or BMW's promise to increase the bond).

*E.g.*, *Hetzel v. Cty. of Prince William*, 89 F.3d 169, 173-74 (4th Cir. 1996) (vacating attorney fee award and remanding after cutting judgment from to a "pittance of her original damages request"). There is no point in permitting BMW to hold back another appeal, possibly for years, on ripe issues. It certainly cannot be justified on the grounds of judicial efficiency. And, under Local Rule 54.02(B), no stay should affect the running of interest on this Court's fee award.[2]

This Court should deny BMW's request for a stay. Interest should run on the award per Local Rule 54.02(B), and BMW should have to make good on its promise to increase the supersedeas bond.

Respectfully submitted this 22nd day of September, 2026.

_s/ Brian P. Murphy______________________
Brian P. Murphy
Attorney for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400

---

[2] Rule 54.02(B) states:

> When attorney's fees are granted by order entered after entry of judgment and unless otherwise directed by the court, the clerk of court shall (1) apply the same interest rate to the attorney's fee award as applies to the underlying judgment; and (2) run interest from the next day following the date of entry of the order awarding fees. See Fed. R. Civ. P. 58(a)(3) (a separate judgment is not required for an order disposing of a motion for attorney's fees).

Local Rule 54.02(B) (D.S.C). Plaintiff objects to any "stay" that frustrates the accrual of interest. Plaintiff has not sought a separate judgment, as the parties have already agreed that an amendment is appropriate.